CASE NO. _07CV 6375_

ATTACHMENT NO.___1 (Complaint)

EXHIBIT _____

TAB (DESCRIPTION) _____

Appendix #A

**DOROTHY BROWN**
CLERK OF THE CIRCUIT COURT



CRIMINAL BUREAU
2650 S. California
Room 526
Chicago, Illinois 60608
(773) 869-3141
FAX (773) 869-8444
www.cookcountyclerkofcourt.org

## OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY

18 December 2006

Mr. Theodore Luczak
Reg. No B00780
Stateville Correction Center
P.O. Box 112
Joliet, Illinois 60434

Re: Criminal Cases - 89 CR 06782 - 89 CR 06783 – 89CR 06784

Dear Mr. Luczak:

The letter that you sent to the Appellate Court, dated 4 December 2006, was forwarded to the Criminal Division of the Clerk of the Circuit Court's Office for further review. As previously stated in my letter dated 8 December 2006, the court file jacket will be reviewed to determine if a copy of the Notice of Appeal, dated 18 August 2006 is in the court file. Or alternatively, you may submit a copy of the previously filed Notice of Appeal for processing.

In your letter, you allege that the habeas corpus petition was "......never placed on the court's call line and/or docket." The petition was scheduled for a hearing before Judge John J. Mannion, in Court Room 107, located in the Bridgeview court facility. That hearing took place on 19 July 2006 and is reflected in the copy of the document that was enclosed with your letter. I have enclosed a copy of the Electronic Docket which confirms that the court denied your petition.

Questions and further inquires related to this matter should direct to Leo Lastre, Chief Deputy Clerk of the Criminal Division. Mr. Lastre office is located a 2600 S. California Avenue, Chicago, Illinois 60608

Respectfully,

Dennis R. Mc Namara
Associate Clerk – Criminal Bureau

cc:     Cindy Wile
        Bernadette Freeman
        Leo Lastre
        Appeal Team
        Correspondence File

CASE: 89CR0678301 S  (START OF FELONY CASE)        PAGE: 013 OF  014        PROD
  DEFENDANT NAME: THEODORE      LUCZAK
122805-
COMMON LAW RECORD PREPARED        000000
     1VOL
CLERK'S OFFICE

011206-
CLR RECD BY APP COUNSEL           000000
     PUBLIC DEFENDER - ONE VOLUME
CLERK'S OFFICE

071906-
HABEAS CORPUS PETITION DENIED     000000
MANNION, JOHN J.
ROOM 107

120606-
SUPPLEMENTAL CLR PREPARED         000000
     ONE VOLUME
CLERK'S OFFICE

ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 014 DESTINATION ____

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 001

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 89CR0678201

     THEODROE     LUCZAK

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

     I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
with the Clerk of the Circuit Court.

Charging the above named defendant with:

| | | |
|---|---|---|
| 38-12-14-A(3) | F | AGG CRIM SEX ASSAULT |
| 38-12-14-A(3) | F | AGG CRIM SEX ASSAULT |
| 38-12-13-A(1) | F | CRIM SEXUAL ASSAULT |
| 38-12-13-A(1) | F | CRIM SEXUAL ASSAULT |
| 38-10-2-A(3) | F | AGGRAVATED KIDNAPPING |
| 38-12-16-D | F | AGG CRIM SEX ABUSE |
| 38-12-16-D | F | AGG CRIM SEX ABUSE |
| 38-10-3-A | F | UNLAWFUL RESTRAINT |

The following disposition(s) was/were rendered before the Honorable Judge(s):


03/23/89 IND/INFO-CLK OFFICE-PRES JUDGE          04/07/89 1701
        FITZGERALD, THOMAS R.
04/07/89 DEFENDANT ARRAIGNED
        BASTONE, ROBERT P.
04/07/89 PLEA OF NOT GUILTY
        BASTONE, ROBERT P.
04/07/89 CASE ASSIGNED                           04/14/89 6713
        BASTONE, ROBERT P.
04/14/89 CONTINUANCE BY AGREEMENT                04/20/89
        MANNION, JOHN J.
04/20/89 CONTINUANCE BY AGREEMENT                05/25/89
        MANNION, JOHN J.
05/25/89 CONTINUANCE BY AGREEMENT                06/21/89
        MANNION, JOHN J.
06/21/89 MOTION DEFT - CONTINUANCE - MD          07/06/89
        MANNION, JOHN J.
07/06/89 CONTINUANCE BY ORDER OF COURT           07/07/89
        MANNION, JOHN J.
07/07/89 CONTINUANCE BY AGREEMENT                07/21/89
        MANNION, JOHN J.
07/21/89 CONTINUANCE BY AGREEMENT                08/17/89
        MANNION, JOHN J.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 002

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 89CR0678201

THEODROE    LUCZAK

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
08/17/89 MOTION DEFT - CONTINUANCE - MD        08/31/89
    MEEKINS, FRANK W.
08/31/89 CONTINUANCE BY AGREEMENT              09/28/89
    MANNION, JOHN J.
09/28/89 CONTINUANCE BY AGREEMENT              10/17/89
    MANNION, JOHN J.
10/17/89 CONTINUANCE BY AGREEMENT              11/13/89
    MANNION, JOHN J.
11/13/89 CONTINUANCE BY AGREEMENT              12/08/89
    MANNION, JOHN J.
12/08/89 CONTINUANCE BY AGREEMENT              01/17/90
    MANNION, JOHN J.
01/17/90 CONTINUANCE BY AGREEMENT              02/02/90
    MANNION, JOHN J.
02/02/90 PG JW FINDING GUILTY          C001
    MANNION, JOHN J.
02/02/90 PG JW FINDING GUILTY          C002
    MANNION, JOHN J.
02/02/90 NOLLE PROSEQUI                C003
    MANNION, JOHN J.
02/02/90 NOLLE PROSEQUI                C004
    MANNION, JOHN J.
02/02/90 NOLLE PROSEQUI                C005
    MANNION, JOHN J.
02/02/90 NOLLE PROSEQUI                C006
    MANNION, JOHN J.
02/02/90 NOLLE PROSEQUI                C007
    MANNION, JOHN J.
02/02/90 NOLLE PROSEQUI                C008
    MANNION, JOHN J.
02/02/90 DEF DEMAND FOR TRIAL
    MANNION, JOHN J.
02/02/90 DEF SENTENCED ILLINOIS DOC    C001
    EACH COUNT CONCURRENT
        10 YRS
    MANNION, JOHN J.
02/02/90 DEF SENTENCED ILLINOIS DOC    C002
        10 YRS
    MANNION, JOHN J.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS    Page 003

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 89CR0678201

THEODROE    LUCZAK

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
02/02/90 CREDIT DEFENDANT FOR TIME SERV
     CREDIT FOR 339 DAYS SERVED
     MANNION, JOHN J.
03/04/05 SPECIAL ORDER                              00/00/00
     JAIL MAIL MOTION - DENIED
     MANNION, JOHN J.
06/24/05 NOTICE OF APPEAL FILED, TRNSFR             00/00/00
06/27/05 HEARING DATE ASSIGNED                      07/01/05 1713
07/01/05 SPECIAL ORDER                              00/00/00
     LATE NOTICE OF APPEAL DENIED
     BIEBEL, PAUL JR.
08/04/05 NOTICE OF APPEAL FILED, TRNSFR             00/00/00
08/09/05 NOTICE OF NOTICE OF APP MAILED             00/00/00
08/09/05 HEARING DATE ASSIGNED                      08/12/05 1713
08/12/05 PUBLIC DEF APPTD FOR APPEAL                00/00/00
     BIEBEL, PAUL JR.
08/12/05 O/C FREE REPT OF PROCD ORD N/C             00/00/00
     BIEBEL, PAUL JR.
08/12/05 MEMO OF ORDS & NOA PICKED-UP               00/00/00
     BIEBEL, PAUL JR.
08/25/05 APPELLATE COURT NUMBER ASGND               00/00/00 05-2377
12/07/05 REPT OF PRCDS ORD FR CRT RPT               00/00/00
12/28/05 COMMON LAW RECORD PREPARED                 00/00/00
     1VOL
01/12/06 CLR RECD BY APP COUNSEL                    00/00/00
     PUBLIC DEFENDER - ONE VOLUME
02/27/06 CONTINUANCE BY AGREEMENT                   03/10/06 6715
     MANNION, JOHN J.
03/10/06 DEFENDANT IN CUSTODY                       00/00/00
     IDOC      890
     MANNION, JOHN J.
03/10/06 CONT FOR STATUS OR PROG REPT               06/09/06 6715
     MANNION, JOHN J.
06/09/06 DEFENDANT IN CUSTODY                       00/00/00
     MANNION, JOHN J.
06/09/06 PRISONER DATA SHEET TO ISSUE               00/00/00
     MANNION, JOHN J.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 004

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 89CR0678201

    THEODROE    LUCZAK

          CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
06/09/06 CONT FOR STATUS OR PROG REPT          09/08/06 6715
      MANNION, JOHN J.
07/19/06 HABEAS CORPUS PETITION DENIED          00/00/00
      MANNION, JOHN J.
09/08/06 SPECIAL ORDER                          00/00/00
      ON CALL IN ERROR
      MANNION, JOHN J.

                              I hereby certify that the foregoing has
                              been entered of record on the above
                              captioned case.
                              Date 11/01/06

                              _____
                                        DOROTHY BROWN
                              CLERK OF THE CIRCUIT COURT OF COOK COUNTY

Appendix #B

IN THE APPELLATE COURT, STATE OF ILLINOIS
FIRST DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) |
| | ) |
|     Plaintiff-Appellee, | ) |
| | ) |
| v. | )   No. 06-3645 |
| | ) |
| THEODORE LUCZAK, | ) |
| | ) |
|     Defendant-Appellant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

### O R D E R

On the Court's own motion, the Defendant-Appellant having been given two extensions of time to file the record on appeal; the record on appeal having been originally due by September 8, 2006; no record on appeal having been filed;

**IT IS HEREBY ORDERED** that this appeal is DISMISSED FOR WANT OF PROSECUTION.

**ORDER ENTERED**

MAY 1 8 2007

APPELLATE COURT, FIRST DISTRICT

_____
JUSTICE

_____
JUSTICE

_____
JUSTICE

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

People State of Illinois | Appeal from the Circuit Court
    Plaintiff-Appellee | of Cook County, Illinois

      vs. | Cir. Ct. No. 09-CR-6782
         | Honorable
Theodore Luczah | John Mannon
    Defendant-Appellant, | Judge Presiding

NOTICE AND PROOF OF SERVICE

To: Richard A. Devine       To: Dorothy Brown
    State's Attorney             Clerk / Court Reporter
    300 Richard Daley Center    2650 S. California Ave
    Chicago, Illinois 60602      Chicago, Illinois 60608

    Please take notice, that on March 30, 2007. I
have placed in the U.S. mail at the Stateville Correction
Center, one (1) original and four (4) copies of my Motion
for Extension of Time, a copy of which is attached here
and herewith served upon you.

                    Respectfully Yours
                    s/Theodore Luczah
                    Theodore Luczah Pro-Se.

- A -

F I L E D
APPELLATE COURT 1st DIST.

APR 1 2 2007

STEVEN M. RAVID
CLERK

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | |
|---|---|
| People State of Illinois<br>Plaintiff-Appellee, | Appeal from the Circuit Court<br>of Cook County, Illinois |
| .v | Cir. Ct. No. 89-CR-6782 et al.<br>Honorable |
| Theodore Luczak<br>Defendant-Appellant, | John Mannion<br>Judge Presiding |

## MOTION FOR EXTENSION
## OF TIME IN WHICH TO FILE THE RECORD ON APPEAL

The Defendant-Appellant, Theodore Luczak, pro-se, respectfully moves this Honorable Court, pursuant to Supreme Court Rule 343(c), asks this Honorable Court for an Extension of Time to and including April 30, 2007, for the Filing of the Record in this cause of action. The defendant-appellant states the following in support of his motion.

(1)     This is an appeal from the dismissal of a State Habeas Corpus Petition.

(2)     Defendant was charged with aggravated crimi-

nal sexual assault, aggravated kidnapping, criminal sexual abuse, and unlawful restraint under indictment number 84-CR-6782-83 and 84.

(3)    Defendant plead guilty to aggravated criminal sexual assault, and was sentenced to Ten (10) years imprisonment in the Illinois Department of Corrections.

(4)    Defendant is currently incarcerated at the Stateville Correctional Center.

(5)    That on July 19, 2006, defendant's State Habeas Corpus petition was summarily dismissed.

(6)    Defendant's notice of appeal was filed on August 18, 2006.

(7)    On March 12, 2007, defendant filed his first motion for extension of time to file the record on appeal.

(8)    The clerk and the court reporters office of the circuit court of Cook county, has failed to provide me with the report of proceeding or the common law record as of the drafting of this motion.

(9)    Defendant has once again sent a letter to the clerk of the court, and the court reporters office, together with a copy of this motion, requesting a copy of the common law record and the report of th proceedings

Therefore, defendant respectfully request an extension of time to and including April 30, 2007, in which to file the Record on Appeal.

Respectfully Submitted

Theodore Luczak

Theodore Luczak Pro-se

-- 3 --

STATE OF ILLINOIS )
                  ) ss
COUNTY OF WILL    )

## AFFIDAVIT

Theodore Luczah, being first duly sworn on oath, deposes and says that affiant is appearing pro-se; and that affiant has read the foregoing Motion for Extension of Time and its attachments by him subscribed, that the affiant knows the contents contained therein; and that upon information available to him, the same is true in substance and in fact.

Pursuant to 735 ILCS 5/109, I declare under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I further declare and affirm, that the matter at hand is not taken either frivolously nor maliciously, and that I believe the foregoing matter is taken in good faith.

                           _Theodore Luczak_
                           Theodore Luczak Pro-Se
                           #B-00780

- B -

ORDER

IN THE APPELLATE COURT, STATE OF ILLINOIS
FIRST DISTRICT

PEOPLE OF THE STATE OF ILLINOIS,   )
       Plaintiff-Appellee,           )
                             )
                             )
           V.            )    NO.  06-0662
                             )
THEODORE LUCZAK,          )
       Defendant-Appellant.    )
                    ORDER

      This cause coming to be heard on Defendant-Appellant's pro se Motion for Access to the Facilities Library and Legal Materials;

     **IT IS ORDERED** that Defendant-Appellant's pro se Motion for Access to the Facilities Library and Legal Materials is



DENIED

ORDER ENTERED

OCT 1 8 2006

APPELLATE COURT, FIRST DISTRICT

Name  Theodore Luczak
        B00780
Attorney for

Address  P.O. Box 112
          Joliet, IL 60434-0112

Telephone

_____ Justice

_____ Justice

_____ Justice

_____ Justice

STEVEN M. RAVID, CLERK OF THE APPELLATE COURT, FIRST DISTRICT

# IN THE APPELLATE COURT, STATE OF ILLINOIS
## FIRST DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,   )
       )
    Plaintiff-Appellee,   )
       )
v.       )   No. 06-0662
       )
THEODORE LUCZAK,      )
       )
    Defendant-Appellant.   )
       )
       )
       )
       )
       )

## O R D E R

On the Court's own motion, the Court having received a letter from the pro se Defendant-Appellant in which he indicates that he will not be able to meet "any court deadlines" due to lack of access to the law library; the Court, at Defendant's request having sent him the two volume record on appeal in mid-September and having previously allowed Defendant an extension of several weeks in which to file his appellant's brief;

IT IS ORDERED that Defendant-Appellant shall file his pro se appellant's brief and return the two volume record to the Clerk's office of the Appellate Court, First District, on or before 2/1/07. Failure to timely return the record and file the brief by 2/1/07 shall result in this appeal being dismissed for want of prosecution.

_____
JUSTICE

_____
JUSTICE

_____
JUSTICE

**Name**   Theodore Luczak
      B00780

**Attorney for**

**Address**   Stateville Correctional Center
      P.O. Box 112
      Joliet, IL 60434

**Telephone**

## ORDER ENTERED

### DEC 15 2006

**APPELLATE COURT, FIRST DISTRICT**

EXHIBIT #1

CLERK'S OFFICE

## APPELLATE COURT FIRST DISTRICT
STATE OF ILLINOIS
160 NORTH LASALLE STREET, RM S1400
CHICAGO, ILLINOIS 60601

STEVEN M. RAVID
CLERK

September 16, 2005

Mr. Theodore Luczak
Reg. No. B00780
Pontiac Correctional Center
P. O. Box 99
Pontiac, IL   61764

Dear Mr. Luczak:

Enclosed and being returned to you are the following documents that you recently sent to the Appellate Court. As an initial matter, no documents can be filed because the Clerk of the Circuit Court has not transmitted to the Clerk of the Appellate Court a file-stamped notice of appeal. If you have questions or concerns about the Circuit Court Clerk's office, you may address them to Dorothy Brown, Clerk of the Circuit Court, Richard J. Daley Center Rm. 1001, Chicago, IL 60602.

The documents being returned are:

1. Letters to the President and the Governor regarding "Abuse of Discretion of the Illinois Court System." Even if you have an appeal pending, these documents cannot be filed, as the Supreme Court rules do not provide for the filing of letters.

2. Motion for Leave to File Notice of Filing and Docketing Statement Instanter. Again, even if an appeal were pending, this document could not be filed because you have neither paid the $25 docketing fee nor filed a motion have the fee waived.

3. Amended Motion to Allow DNA Testing. This document references the Circuit Court, not the Appellate Court.

4. Copy of August 5, 2005 transcript and copy of May 19, 1997 transcript. No transcripts can be filed in any appeal unless they have been bound and certified by the Circuit Court.

EXHIBIT #1

Finally, in regard to your proposed notice of appeal, we have forwarded your Notice of Appeal to the Clerk of the Circuit Court for its consideration. A Notice of Appeal is filed in the Circuit Court, not the Appellate Court.

A Notice of Appeal should be sent to the Clerk of the Circuit Court **ONLY.** Sending the original or copies of the Notice of Appeal to the Clerk of the Appellate Court may cause confusion and/or delay in the processing of the Notice of Appeal.

Although we have forwarded your Notice of Appeal to the Circuit Court Clerk as a courtesy, the Office of the Clerk of the Appellate Court cannot be responsible for the filing of the Notice of Appeal in the Circuit Court. **If you have any questions concerning the filing of your Notice of Appeal in the Circuit Court, please contact Ms. Sandra Anderson, Office of the Clerk of the Circuit Court, Criminal Division, 2650 S. California Avenue - 5th Floor, Chicago, IL 60608, telephone (773) 869-2851.**

Very truly yours,

Cindy F. Wile
Administrative Attorney

CFW/cb

**EXHIBIT #2**



## State of Illinois
## Circuit Court of Cook County

Chambers of
Timothy C. Evans
Chief Judge

Kenneth K. Holt
Court Services Administrator

2600 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3303

September 19, 2005

Mr. Theodore Luczak
B-00780
Pontiac Correctional Center
700 West Lincoln Street
P.O. Box 99
Pontiac, Illinois 61764

Dear Mr. Luczak:

This will acknowledge receipt of your letter to the Chief Judge, dated September 7, 2005. Your letter has been referred to me for a reply.

Please be advised that the Chief Judge cannot intercede in a pending case, and cannot reverse decisions by other judges of the Circuit Court of Cook County. You will have to correspond with the Cook County Circuit Court Clerk's Office in order to obtain information concerning the status of your case, and documents necessary for post conviction relief.

Very truly yours,

Kenneth K. Holt
Court Services Administrator

KKH:mjs

( )       ( )  **EXHIBIT #3**

CLERK'S OFFICE

APPELLATE COURT FIRST DISTRICT

STATE OF ILLINOIS

160 NORTH LASALLE STREET, RM S1400

CHICAGO, ILLINOIS 60601

STEVEN M. RAVID
CLERK

September 20, 2005

Mr. Theodore Luczak
Reg. No. B00780
Pontiac Correctional Center
P. O. Box 99
Pontiac, IL 61764

Dear Mr. Luczak:

Enclosed and being returned to you is your proposed "Motion to Remove Record." At this time, the Appellate Court has not received from the Circuit Court the notice of appeal that you indicate was filed in the Circuit Court on August 24, 2005. Moreover, unless and until you arrange to have the record bound, certified and filed in the Appellate Court in accordance with the rules of the Supreme Court, the Appellate Court does not have the records.

You should also be aware that if and when the record is filed in the Appellate Court, the Court's local rules prohibit the Clerk's office from copying all or any part of the record for any party. Once the record has been filed, if you still wish to have access to the record, you may file a motion in the Appellate Court asking to have the record sent to you if you are still incarcerated. Only the entire record, and not just certain portions of it, can be sent if the Court allows your motion.

Very truly yours,

*Cindy F. Wile*

Cindy F. Wile
Administrative Attorney

CFW/cb

Exhibit #1

Theodore Luczak
Reg No:#B-00780
Pontiac Correctional Center
700 West. Lincoln St./P.O. Box 99
Pontiac, Illinois 61764

September 28, 2005.

HONORABLE ROD R. BLAGOJEVICH
GOVERNOR OF THE STATE OF ILLINOIS
100 West. Randolph Street--Suite 14-500
Chicago, Illinois 60601

RE: Abuse Of Discretion Of The
    Illinois Court System

**Dear Mr. Blagojevich:**

I am once again writing you a letter in reguards to the unprofessional conduct of several of the officials of the Circuit Court of Cook County.

On August 24, 2005. I filed a **Notice Of Appeal;** to the Circuit Clerk of Cook County, and as of the drafting of this letter she has failed to transmit my notice to the appellate court. **(See Exhibit #1)**

As an elected official, the chief judge of that county has the authority over the clerk and her duties, so on September 07, 2005. I wrote him latter informing him that the clerk has failed to perform her duties. On September 19, 2005. Mr Kenneth K. Holt; responded to my letter addressed to the chief judge, at which time, he informed me that he cannot intercede in a pending case. **(See Exhibit #2)** As I am appearing **Pro-Se;** in the appeal to my Motion To Allow DNA Testing, I filed a motion to remove the record from the appellate court, but on September 20, 2005, the clerk sent my motion back informing me that the clerk has not transmitted my Notice Of Appeal to the court. **(See Exhibit #3)** At this present time; I am being illegaly denied the right to appeal the denial of my Motion To Allow DNA Testing, **WHY?** If I am so guilty of the crime I am accused of, the State should be in favor of my request for DNA Testing.

I thank you for your time and consideration in this matter, and I pray that you would direct the court to perform their duties accordingly.

Respectfully Yours

*Theodore Luczak*

Theodore Luczak

CLERK'S OFFICE        **EXHIBIT #1**

APPELLATE COURT FIRST DISTRICT

STATE OF ILLINOIS

STEVEN M. RAVID           160 NORTH LASALLE STREET, RM S1400

CLERK                 CHICAGO, ILLINOIS 60601

September 16, 2005

Mr. Theodore Luczak
Reg. No. B00780
Pontiac Correctional Center
P. O. Box 99
Pontiac, IL   61764

Dear Mr. Luczak:

      Enclosed and being returned to you are the following documents that you recently sent to the Appellate Court. As an initial matter, no documents can be filed because the Clerk of the Circuit Court has not transmitted to the Clerk of the Appellate Court a file-stamped notice of appeal. If you have questions or concerns about the Circuit Court Clerk's office, you may address them to Dorothy Brown, Clerk of the Circuit Court, Richard J. Daley Center Rm. 1001, Chicago, IL 60602.

      The documents being returned are:

      1. Letters to the President and the Governor regarding "Abuse of Discretion of the Illinois Court System." Even if you have an appeal pending, these documents cannot be filed, as the Supreme Court rules do not provide for the filing of letters.

      2. Motion for Leave to File Notice of Filing and Docketing Statement Instanter. Again, even if an appeal were pending, this document could not be filed because you have neither paid the $25 docketing fee nor filed a motion have the fee waived.

      3. Amended Motion to Allow DNA Testing. This document references the Circuit Court, not the Appellate Court.

      4. Copy of August 5, 2005 transcript and copy of May 19, 1997 transcript. No transcripts can be filed in any appeal unless they have been bound and certified by the Circuit Court.

Finally, in regard to your proposed notice of appeal, we have forwarded your Notice of Appeal to the Clerk of the Circuit Court for its consideration. A Notice of Appeal is filed in the Circuit Court, not the Appellate Court.

A Notice of Appeal should be sent to the Clerk of the Circuit Court **ONLY.** Sending the original or copies of the Notice of Appeal to the Clerk of the Appellate Court may cause confusion and/or delay in the processing of the Notice of Appeal.

Although we have forwarded your Notice of Appeal to the Circuit Court Clerk as a courtesy, the Office of the Clerk of the Appellate Court cannot be responsible for the filing of the Notice of Appeal in the Circuit Court. If you have any questions concerning the filing of your Notice of Appeal in the Circuit Court, please contact Ms. Sandra Anderson, Office of the Clerk of the Circuit Court, Criminal Division, 2650 S. California Avenue - 5th Floor, Chicago, IL 60608, telephone (773) 869-2851.

Very truly yours,

Cindy F. Wile
Administrative Attorney

CFW/cb

EXHIBIT #2



### State of Illinois
### Circuit Court of Cook County

Chambers of
**Timothy C. Evans**
Chief Judge

2600 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3303

Kenneth K. Holt
Court Services Administrator

September 19, 2005

Mr. Theodore Luczak
B-00780
Pontiac Correctional Center
700 West Lincoln Street
P.O. Box 99
Pontiac, Illinois 61764

Dear Mr. Luczak:

This will acknowledge receipt of your letter to the Chief Judge, dated September 7, 2005. Your letter has been referred to me for a reply.

Please be advised that the Chief Judge cannot intercede in a pending case, and cannot reverse decisions by other judges of the Circuit Court of Cook County. You will have to correspond with the Cook County Circuit Court Clerk's Office in order to obtain information concerning the status of your case, and documents necessary for post conviction relief.

Very truly yours,

Kenneth K. Holt
Court Services Administrator

KKH:mjs

EXHIBIT #3

CLERK'S OFFICE

APPELLATE COURT FIRST DISTRICT

STATE OF ILLINOIS
160 NORTH LASALLE STREET, RM S1400
CHICAGO, ILLINOIS 60601

STEVEN M. RAVID
CLERK

September 20, 2005

Mr. Theodore Luczak
Reg. No. B00780
Pontiac Correctional Center
P. O. Box 99
Pontiac, IL  61764

Dear Mr. Luczak:

    Enclosed and being returned to you is your proposed "Motion to Remove Record." At this time, the Appellate Court has not received from the Circuit Court the notice of appeal that you indicate was filed in the Circuit Court on August 24, 2005. Moreover, unless and until you arrange to have the record bound, certified and filed in the Appellate Court in accordance with the rules of the Supreme Court, the Appellate Court does not have the records.

    You should also be aware that if and when the record is filed in the Appellate Court, the Court's local rules prohibit the Clerk's office from copying all or any part of the record for any party. Once the record has been filed, if you still wish to have access to the record, you may file a motion in the Appellate Court asking to have the record sent to you if you are still incarcerated. Only the entire record, and not just certain portions of it, can be sent if the Court allows your motion.

Very truly yours,

Cindy F. Wile
Administrative Attorney

CFW/cb

THEODORE LUCZAK
Reg No:#B-00780
PONTIAC CORRECTIONAL CENTER
700 West. Lincoln St./P.O. Box 99
Pontiac, Illinois 61764


September 27, 2005.


DOROTHY BROWN
OFFICE OF THE CLERK
CIRCUIT COURT OF COOK COUNTY
CRIMINAL DIVISION
2650 S. California Ave--5th Floor
Chicago, Illinois

RE: Motions


**Dear Miss Brown:**

    I am once again writing this letter concerning the fact that several of my motions have not been filed in the court.

    On August 24, 2005, I sent to your office my **Notice Of Appeal** which has not been filed as of the drafting of this letter. (See Attached Notice Of Appeal and Attachments)

    On July 1, 2005, you filed my Motion To Withdraw Guilty Plea, but the Certified Statement Of Conviction / Despostion failes to show that you have placed the Motion on the court docket.

    On July 15, 2005, I sent to you a Petition For Judicial Review Of Denial Of F.O.I.A Request, and again; as of the drafting of this letter you have failed to file the document or send me a stamp filed copy of this petition.

    I am once again requesting that you file the enclosed documents, and pursuant to Illinois Supreme Court Rules **606(f)** you are obligated to file my Notice of Appeal, and **608(a)** requires that you file the record on appeal.

    I thank you for your time and consideration in this matter, and again I pray that you would file my documents as requires by law.

Respectfully Yours

Theodore Luczak
Reg No:#B-00780

**x.c./filed**
**T.L./t.l.**
**x.c./encl.**
**x.c./to:**Sandra Anderson
          Kenneth K. Holt
          Timothy C. Evens
          Steven M. Ravid
          Juleann Hornyak
          Chief Justice Illinois Supreme Court
          Chief Justice Illinis Appellate Court

Theodore Luczak
Reg No:#B-00780
Pontiac Correctional Center
700 West. Lincoln St./P.O. Box 99
Pontiac, Illinois 61764


September 07, 2005.



Chambers Of
**TIMOTHY C. EVANS**
Chief Judge
2600 Richard J. Daley Center
Chicago, Illinois 60602


RE: **Abuse Of Discretion**


Dear Mr. Evans:


        I am once again writing to you; concerning the unprofessional
conduct of the clerk of the court and the presiding judge over my
proceedings.

        On December 22, 2004. I filed a Motion For Inspection and
Discovery in regards to indictment number **95-CR-1411801**, and as of
the drafting of this letter, said motion has not been adjudicated.
How could I adequtely effect an appeal without the discovery in this
cause of action?
        Also, on July 15, 2005. I filed a Petition For Judicial Review
for the denial of my Freedom Of Information Request, and again; as
of the drafting of this letter, the clerk has refused to file my
Petition. Again I ask, how could I adequtely file a Post-Conviction
Petition without the documents that I am requesting, pursuant to
**725 ILCS §5/122-2**? Again, on August 05, 2005, the court of Cook County
denied my Motion To Allow DNA Testing, and the clerk will not send
me a copy of the record on appeal nor a copy of my Notice Of Appeal
and notifiy me of my appellate number. If the court's nor the clerk
will not do their duties, whom shall I contact to request them to
do such?
        At this time I am requesting that your office take the app-
ropreate actions to insure that my rights are not violated, or do
I have any State Constitutional rights?

        I thank you for your time and cooperation in this matter,


Page 1 of 2.

and I pray that you may be of some assistance in my request.

Respectfully Requested

Theodore Luczak **Pro-Se;**

**x.c./filed.**
**T.L./t.l.**
**x.c./encl.**
**x.c./to:** Rod R. Blagojevich
        George W. Bush
        Chief Judge Illinois Appellate Court 1st Dist.

Illinois Supreme Court Denial of Writ

Appendix # H

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

September 14, 2007


Mr. Theodore Luczak
Reg. No. B-00780
Stateville Correctional Center
P. O. Box 112
Joliet, IL 60434



THE COURT HAS TODAY ENTERED THE FOLLOWING ORDER IN THE CASE OF:


No. 11908 - Theodore Luczak, petitioner, v. Terry McCann,
            etc., respondent.  Habeas Corpus.

            The motion by petitioner for leave to file a
            petition for writ of habeas corpus is <u>denied</u>.



cc: Hon. Lisa Madigan

Petition For Leave To Appeal For DNA Evidence

Appendix # I

SUPREME COURT OF ILLINOIS
CLERK OF THE COURT
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

September 14, 2007

Mr. Theodore Luczak
Reg. No. B-00780
Stateville Correctional Center
P. O. Box 112
Joliet, IL 60434

THE COURT HAS TODAY ENTERED THE FOLLOWING ORDER IN THE CASE OF:

No.105306 - People State of Illinois, respondent, v. Theodore
   11924   Luczak, petitioner. Leave to appeal, Appellate
           Court, First District.

           The motion by petitioner for leave to file
           a late petition for leave to appeal is
           <u>allowed</u> and is treated as a petition for
           leave to appeal.

cc: Hon. Lisa Madigan
    Hon. Richard A. Devine

No. _____

### IN THE

### SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Petition for leave to appeal |
| | ) | from the Appellate Court of |
| Plaintiff-Respondent, | ) | Illinois, First District. |
| | ) | No. 1-05-2377 and 05-3244 |
| | ) | |
| v. | ) | |
| | ) | There heard on appeal from the |
| **THEODORE LUCZAK,** | ) | Circuit Court of Cook County, |
| | ) | Criminal Division, |
| | ) | No. 89 CR 6782, 89 CR 6783, |
| | ) | 89 CR 6784, and 95 CR 14118 |
| | ) | |
| | ) | |
| Defendant-Petitioner. | ) | Hon. John Mannion and |
| | ) | Marjorie Laws, |
| | ) | Judges presiding. |

### NOTICE OF FILING AFFIDAVIT

Lester Finkle, says that at the direction of EDWIN A. BURNETTE, Public Defender of Cook County, 69 West Washington, 15th Floor, Chicago, IL 60602, he filed an original plus 19 copies of the **Petition for Leave to Appeal for Petitioner, Theodore Luczak,** in the above entitled cause this 27th day of July, 2007, with: Juleann Hornyak, Office of the Clerk of the Supreme Court, Illinois Supreme Court Building, Springfield, IL 62706. Also served with copies of the Petition (three copies to each) are as follows:

Richard Devine, Cook County State's Attorney, 309 Richard J. Daley Center, Chicago, IL 60602

Lisa Madigan, Attorney General, 100 West Randolph, Chicago, IL 60601

by First Class Mail at Chicago, Illinois, charges prepaid, and addressed as above.

FURTHER AFFIANT SAYETH NOT.

_Lester Finkle_

SUBSCRIBED and SWORN TO
before me this 27th day of July, A.D., 2007

_Hermenia Green_
Notary Public

OFFICIAL SEAL
**HERMENIA GREEN**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-13-2009

No. _____

IN THE

SUPREME COURT OF ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Respondent,

vs.

**THEODORE LUCZAK,**

Defendant-Petitioner.

Petition for Leave to Appeal from the Appellate Court of Illinois,
First District, Fifth Division, No. 1-05-2377 and 1-05-3244
There heard on appeal from the Circuit Court of
Cook County, Illinois, Criminal Division.
No. 89 CR 6782, 89 CR 6783, 89 CR 6784, and 95 CR 14118
The Honorable John Mannion and Marjorie Laws, Judges Presiding.

PETITION FOR LEAVE TO APPEAL

Edwin A. Burnette
Public Defender of Cook County
69 West Washington - 15th Floor
Chicago, IL 60602
312.603.0600

Lester Finkle,*
Assistant Public Defender

Of Counsel.

* This petition was prepared with the assistance of Chantal Jenkins, a law student intern from the University of California, Berkeley, working for the Law Office of the Cook County Public Defender.

No. _____

IN THE

SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Petition for leave to appeal from the Appellate Court of |
| Plaintiff-Respondent, | ) ) | Illinois, First District. No. 1-05-2377 and 05-3244 |
| v. | ) ) | There heard on appeal from the |
| THEODORE LUCZAK, | ) ) ) | Circuit Court of Cook County, Criminal Division, No. 89 CR 6782, 89 CR 6783, |
| | ) ) | 89 CR 6784,  and 95 CR 14118 |
| Defendant-Petitioner. | ) ) ) | Hon. John Mannion and Marjorie Laws, Judges presiding. |

## PETITION FOR LEAVE TO APPEAL

To:   The Honorable Chief Justice and the Associates Justices of the Supreme Court of
Illinois.

May It Please Your Honors:

I.

## PRAYER FOR LEAVE TO APPEAL

Petitioner, Theodore Luczak, respectfully petitions this Court to exercise its sound

judicial discretion and  review a question of general importance within this State, granting

to him leave to appeal the decision of the Appellate Court, First District, Fifth Division.

This petition is brought under the authority of Supreme Court Rules 315 and 612.

( )                                ( )

In 1995, Mr. Luczak was charged with committing various sexual assault-related offenses. At his jury trial, Mr. Luczak maintained his innocence with regard to any sexual assault, but admitted knowing the complainant. He maintained that a drug transaction occurred between them, while she testified that she was sexually assaulted. Mr. Luczak was convicted of two counts of sexual assault, and was sentenced to consecutive terms of 40 and 60 years in prison. His convictions and sentences were affirmed on direct appeal. *People v. Luczak*, 306 Ill. App. 3d 319, 714 N.E.2d 995 (1st Dist. 1999).

In 1999, Mr. Luczak filed a petition seeking DNA testing of the evidence used to convict him. That was denied. In 2005, Mr. Luczak filed a motion pursuant to Section 116-3 of the Code of Criminal Procedure, again seeking forensic testing of the evidence. Judge Laws denied the petition on the grounds of *res judicata*, and because identity was not an issue.

This appeal followed. On June 8, 2007, the Appellate Court ruled, in a published decision, that it was error to summarily dismiss the DNA petition. *People v. Luczak*, ___ Ill. App. 3d ___, 2007 Ill. App. LEXIS 625 (1st Dist. 2007). Relying on *People v. O'Connell*, 365 Ill. App. 3d 872 (2006), *appeal allowed*, 221 Ill. 2d 662 (2006), the Appellate Court ruled that Section 116-3 confers a limited right to challenge a conviction and lacks any express procedural provisions. Section 116-3 does not contain any special summary dismissal procedures and a trial court must, at a minimum, provide notice to the defendant of its *sua sponte* motion to dismiss, as well as an opportunity to respond. The Appellate Court concluded that it was unfair to Mr. Luczak, "faced with a proposed *sua*

Page 2 of 15

*sponte* summary dismissal of a section 116-3 motion, to be deprived of notice and an opportunity to be heard. We recognize that summary dismissal procedures not provided by the DNA statute can deprive defendant of notice and an opportunity to be heard which are fundamental principles of justice." 2007 Ill. App. LEXIS 625 at *16.

The Appellate Court then examined whether the dismissal, albeit error, was harmless. First, since a prior request for DNA testing had been made in 1999, the Appellate Court ruled that Mr. Luczak could not ask for it again because of the doctrine of *res judicata*. And second, it determined that the motion was "patently incurable" because identity was not an issue. Identity was irrelevant because he admitted being with the complainant, although he denied that any sexual assault occurred. 2007 Ill. App. LEXIS 625 at *22-26. Finding the error harmless, the dismissal was ultimately affirmed. 2007 Ill. App. LEXIS 625 at *32. (The Appellate Court also addressed two other issues raised by Mr. Luczak on direct appeal – the propriety of the dismissal of his habeas petition, and the dismissal of his request for free transcripts. These issues are not being raised in this petition for leave to appeal.)

The appellate decision is flawed in two respects, both of which affect Mr. Luczak, but also reach beyond him. First, the question of identity means more than picking an unknown person from a lineup. Mr. Luczak and complainant knew each other, but that does not undermine the question whether Mr. Luczak 's identity as the perpetrator of a sexual assault is at issue. This Court recognized this point in *People v. Shum*, 207 Ill. 2d 47, 797 N.E.2d 609 (2003), where identity remained a valid issue when an eyewitness, who knew defendant, identified him as committing a murder and rape in which defendant

denied any involvement. In other words, "identity" as used in Section 116-3 means more than whether a witness was acquainted with the accused. A motion for DNA testing is still valid when the defendant denies involvement in the crime charged, and his identity as the offender is disputed.

Second, it is inconceivable that a motion seeking forensic testing to establish a freestanding claim of innocence can ever be denied on the grounds of *res judicata*. The principle of *res judicata* is that once an issue is litigated, it cannot be raised in future proceedings. But that principle is justified only for subjective facts or legal conclusions. It is and must never be justified when seeking an objective scientific test to determine innocence.

This issue is one of paramount importance that requires resolution by this Court. Theodore Luczak requests, therefore, that this Honorable Court grant this Petition for Leave to Appeal, and ultimately reverse the decision of the Appellate Court, First District, Fifth Division.

II.

## HISTORY IN THE APPELLATE COURT

Mr. Luczak 's conviction and sentence were affirmed on direct appeal. *People v. Luczak*, 306 Ill. App. 3d 319, 714 N.E.2d 995 (1st Dist. 1999). On August 5, 2005, Judge Laws denied Mr. Luczak 's Section116-3 Motion for DNA testing, as well as his Petition for Writ of Habeas Corpus. This appeal followed, and the Appellate Court of Illinois, First District, Fifth Division, issued a published decision on June 8, 2007. *People v. Luczak*, ____ Ill. App. 3d ____, 2007 Ill. App. LEXIS 625 (1st Dist. 2007). The State filed a

timely petition for rehearing, which was denied on June 29, 2007. For the convenience of this Court, a copy of the Appellate Court decision, the State's petition for rehearing, and the denial of rehearing, are included in the Appendix to this petition.

III.

## POINTS RELIED UPON

### Summary of Argument and Standard of Review

*People v. Hockenberry*, 316 Ill. App. 3d 752, 737 N.E.2d 1088 (2nd Dist. 2000) . . . . . . . 9

    (a) "Identity," as used by Section 116-3 of the Code of Criminal Procedure, means more than the alleged complainant and offender being acquainted with each other. This Court must clarify that "identity" remains an issue whenever a defendant denies he committed the offense, even if he knows the complainant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*People v. Hockenberry*, 316 Ill. App. 3d 752, 737 N.E.2d 1088 (2000) . . . . . . . 10, 11, 12

*People v. Gibson*, 357 Ill. App. 3d 480, 828 N.E.2d 881 (2005) . . . . . . . . . . . . . . . . . . . 10

*People v. Shum*, 207 Ill. 2d 47, 797 N.E.2d 609 (2003) . . . . . . . . . . . . . . . . . 11, 12

*People v. Johnson*, 205 Ill. 2d 381, 793 N.E.2d 591 (2002) . . . . . . . . . . . . . . . . . . . . . . 13

725 ILCS 5/116-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

    (b) Where a DNA test could exonerate a convicted person, fundamental fairness requires that the doctrine of *res judicata* be relaxed. Even if a petitioner has asked for a DNA test in the past, which was denied, it is and should be a fundamental rule that a motion seeking proof of innocence can never be dismissed solely because it had been requested before . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*People v. Patterson*, 192 Ill. 2d 93, 735 N.E.2d 616 (2000) . . . . . . . . . . . . . . . . . . . . . 13

*People v. Johnson*, 205 Ill. 2d 381, 793 N.E.2d 591 (2002) . . . . . . . . . . . . . . . . . . . . . 13

*People v. Hobley*, 182 Ill. 2d 404, 696 N.E.2d 313 (1998) . . . . . . . . . . . . . . . . . . . . . . 14

*People v. Washington*, 171 Ill. 2d 475, 665 N.E.2d 1330 (1996) . . . . . . . . . . . . . . . 14, 15

*Herrera v. Collins*, 506 U.S. 390, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993) . . . . . . . . . 15

725 ILCS 5/116-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

IV.

## STATEMENT OF FACTS

In May of 1995, Mr. Luczak was accused and ultimately convicted of various sex-related offenses, based solely on the testimony of the complainant, S.S. See *People v. Luczak*, 306 Ill. App. 3d 319, 714 N.E.2d 995 (1st Dist. 1999).

During the jury trial, Mr. Luczak maintained his innocence. S.S. testified that Mr. Luczak sexually assaulted her while she was in his car. As part of her testimony, she stated that after the sexual assault in the back seat, she "crawled back over the seat, got my underwear and put that back on and *** sat down." (Tr. D106) Forensic evidence offered by the State never identified the source of blood found on her underwear. (Tr. H30, H36) This evidence, which included oral and rectal swabs of S.S., as well as her underwear, also tested negative for spermatozoa. (Tr. H28-H31) It was never subjected to more extensive forensic testing, such as DNA analysis.

Following the trial, Mr. Luczak was convicted of two counts of aggravated criminal sexual assault and sentenced to extended terms of 40 years and 60 years, consecutively, in the Illinois Department of Corrections. Mr. Luczak appealed, but his convictions and sentences were affirmed. *People v. Luczak*, 306 Ill. App. 3d 319, 714 N.E.2d 995 (1st Dist. 1999). On June 30, 1999, Mr. Luczak sought, by filing a *pro se* post conviction petition, to obtain an order to allow DNA testing of evidence used in the

1995 case. On July 7, 1999, his post conviction petition was summarily dismissed by Judge Fiala. On March 27, 2000, Mr. Luczak filed another *pro se* petition, which was also summarily dismissed.

On January 10, 2005, Mr. Luczak filed a motion to obtain an order permitting DNA testing, and inspection and discovery of evidence used in the 1995 case, under section 116-3 of the Code of Criminal Procedure. 725 ILCS 5/116-3 (West 2000). Mr. Luczak also filed a Petition for Writ of Habeas Corpus, in conjunction with his DNA motion, on June 28, 2005. On August 5, 2005, Judge Laws denied his 116-3 Motion for DNA testing and his Petition for Writ of Habeas Corpus. In denying the petition, Judge Laws said:

> It appears that the defendant filed the same motion on June 22nd of 1999, a motion to allow DNA testing. Judge Fiala dismissed that motion, it appears, on July 7th of 1999 finding that the petition was untimely, without merit, and denied it accordingly. Judge Fiala's finding was affirmed by the Appellate Court on November 7th of 2001. I will again deny the motion for DNA testing. It's an issue that has already been decided by Judge Fiala and affirmed by the Appellate Court. I must add that the defendant has filed this motion under 725 ILCS 5/116-3. One of the requirements is that identity is an issue at the time of trial. I have reviewed the findings by the Appellate Court in the defendant's case filed November 15th of 1999, and it does not appear that identity was an issue in this matter ***. (Tr. B3)

On September 22, 2005, Mr. Luczak filed a timely Notice of Appeal. On June 8, 2007, the Appellate Court ruled, in a published decision, that it was error to summarily dismiss the DNA petition. *People v. Luczak*, ___ Ill. App. 3d ___, 2007 Ill. App. LEXIS 625 (1ˢᵗ Dist. 2007). Section 116-3 does not contain any special summary dismissal procedures and a trial court must, at a minimum, provide notice to the defendant of its *sua sponte* motion to dismiss, as well as an opportunity to respond. The Appellate Court concluded that it was unfair to Mr. Luczak , "faced with a proposed *sua sponte* summary dismissal of a section 116-3 motion, to be deprived of notice and an opportunity to be heard. We recognize that summary dismissal procedures not provided by the DNA statute can deprive defendant of notice and an opportunity to be heard which are fundamental principles of justice." 2007 Ill. App. LEXIS 625 at *16.

The Appellate Court ruled, however, that the error was harmless. Since Mr. Luczak had asked for DNA testing in 1999, the renewed request was barred by the doctrine of *res judicata*. Further, the DNA motion was "patently incurable" because identity was not an issue, relying exclusively on Judge Laws' findings, quoted above. Finding the error harmless, the dismissal was affirmed. 2007 Ill. App. LEXIS 625 at *22-26, 32.

On June 26, 2007, the State filed a petition for rehearing, asking the Appellate Court to reconsider its decision. On June 29, 2007, the Appellate Court denied the petition for rehearing. This petition for leave to appeal now follows.

V.

### Summary of Argument and Standard of Review

Theodore Luczak has consistently denied that he sexually assaulted anyone. The inventoried underwear, being held by the State, could exonerate him. He asked in 1999, and again in 2005, to have the underwear subjected to DNA testing, but both times was rebuffed. The Appellate Court perpetuated an injustice against Mr. Luczak by ruling that he was barred from seeking proof of his innocence because (a) of the doctrine of *res judicata* (his request in 1999 was denied, and thus litigated), and (b) he knew the complainant, and "identity" was therefore not an issue. In both respects, this ruling is wrong and this Court must intervene.

As explained more fully below, "identity" means more than whether a witness was acquainted with the accused. Mr. Luczak's identity as the offender remains in dispute, and this Court must intervene to permit him his chance to know, through DNA testing, whether a crucial piece of the State's case against him can exonerate him.

And further, it has been recognized by this Court that the doctrine of *res judicata* should be relaxed when fundamental fairness requires it. Fundamental fairness is implicated to the highest degree when forensic evidence of innocence exists, but is kept beyond reach. Denying someone his right of access to evidence of his innocence is a denial of due process, and the principle of *res judicata* cannot and must not be justified when seeking an objective scientific test to determine innocence.

For both these issues, *res judicata* and identity, the standard of review is *de novo*. A trial court's ruling on a 116-3 motion is not dependent on any facts, nor any assessment

of the credibility of the witnesses. *People v. Hockenberry*, 316 Ill. App. 3d 752, 755, 737

N.E.2d 1088 (2nd Dist. 2000). If this Court grants this petition, a *de novo* review of his

motion will illustrate why the trial and appellate court erred.

 **(a) "Identity," as used by Section 116-3 of the Code of Criminal Procedure, means more than the alleged complainant and offender being acquainted with each other. This Court must clarify that "identity" remains an issue whenever a defendant denies he committed the offense, even if he knows the complainant.**

 Mr. Luczak  established that identity was a central issue at trial since he has

consistently maintained his innocence and the only direct evidence linking him to the

crime is the complainant's identification.

 Under Section 116-3, in order to secure performance of a scientific test, the

defendant must present a *prima facie* case that,

 identity was the issue in trial which resulted in his or her conviction; and

 the evidence to be tested has been subjected to a chain of custody

 sufficient to establish that it has not been substituted, tampered with,

 replaced, or altered in any material aspect. *People v. Hockenberry*, 316 Ill.

 App. 3d 752, 755, 737 N.E.2d 1088 (2nd Dist. 2000)

 "Identity" in this context refers to whether the defendant was indeed the

perpetrator or whether somebody else committed the crime. *People v. Gibson*, 357 Ill.

App. 3d 480, 828 N.E.2d 881 (4th Dist. 2005). The core question in determining if

identity is an issue is triggered when a defendant makes a *prima facie* showing that there

was an issue at trial as to whether he or someone else committed the crime. *Id.*

 A defendant presents a *prima facie* case that identity was a central issue at trial,

despite an acknowledgment that he was in the victim's presence during the time in question, if he denies engaging in any sexual contact with the victim. *See Hockenberry; see also People v. Shum*, 207 Ill. 2d 47, 65, 797 N.E.2d 609 (2003).

In *Hockenberry*, the defendant was convicted of home invasion and aggravated sexual assault. *Id.*, 316 Ill. App. 3d at 754. *Hockenberry* overturned the trial court's ruling dismissing a request for forensic testing because, even though the defendant acknowledged that he was at the complainant's house during the time in question, he denied engaging in any sexual activity with her. *Id.* at 757. Defendant asked for a DNA test of the forensic evidence recovered at the scene, which included seminal stains found on the complainant's panties and bedsheet, as well as vaginal swabs. *Id.* at 756. The trial court denied the forensic testing request, on the grounds that defendant admitted to being there. But the trial court erred, *Hockenberry* held, because identity was a necessary issue at trial. *Id.* at 757. Given the defendant's denial of engaging in sexual contact with the complainant, the State was required to prove that the defendant was the individual who perpetrated sexual acts upon her. *Id.* Even though the parties knew each other, identity included more; it encompassed whether defendant committed the sexual act and was the perpetrator of this offense. *Id.* DNA testing would have been relevant to the defense on this point. *Id.*

Consistent with *Hockenberry*, and confirming its core holding, this Court held in *People v. Shum*, that a defendant had presented a *prima facie* case that identity was the central issue at trial. *Shum*, 207 Ill. 2d at 65. Defendant was convicted of murder, attempted murder, feticide and two counts of rape. *Id.* at 50. Defendant appealed the

denial of post-conviction relief, claiming that the circuit court improperly refused to order DNA testing. *Id.* at 51. The State's evidence was that Whipple and Conway, the victims, knew defendant by the nickname of "Keith." *Id.* at 52. "Keith" raped and shot both women; Conway survived, but Whipple and her unborn child died. *Id.* Police reports disclosed that a Vitullo rape kit was obtained from Conway. *Id.* at 54. The trial court ruled that identity was not an issue because Conway had met defendant on previous occasions. *Id.* at 65. But this Court ruled that identity was a central issue, because "If the DNA testing produces results favorable to defendant, this evidence will significantly advance defendant's claim of actual innocence." *Id.* at 66. This Court therefore recognized that a witness' testimony that she knows a defendant does not settle the question of identity. Since DNA testing could establish that her knowledge of defendant was wrong, identity remains an issue. The recognition of this principle is missing from the Appellate Court decision below. It failed to acknowledge that merely because S.S. said she knew Mr. Luczak, that was not dispositive; his denial of the sex act, and the presence of material that could be tested for DNA, means that identity remains a crucial and central issue to the case.

As a result, Mr. Luczak has presented a *prima facie* case that identity was a central issue at trial which resulted in his conviction. Similar to the defendants in *Shum* and *Hockenberry*, Mr. Luczak has consistently maintained his innocence. Also, just as in *Shum* and *Hockenberry*, the only direct evidence against Mr. Luczak was the identification by S.S.

Consequently, Mr. Luczak presented a *prima facie* case that identity was a central

Page 12 of 15

issue at trial. The DNA test does not have to completely exonerate the defendant; rather it must "significantly advance his claim of innocence." *People v. Johnson*, 205 Ill. 2d 381, 387, 793 N.E.2d 591 (2002). Given that the only direct evidence in the case at bar is the complainant's identification, a favorable DNA test would significantly advance Mr. Luczak 's claim that he did not rape the complainant.

This Court should accept this petition in order to clarify the definition of "identity" in the context of motions for forensic testing. It needs to explain that such motions should not be dismissed where the identity of the perpetrator is a central issue in the case.

> **(b) Where a DNA test could exonerate a convicted person, fundamental fairness requires that the doctrine of *res judicata* be relaxed. Even if a petitioner has asked for a DNA test in the past, which was denied, it is and should be a fundamental rule that a motion seeking proof of innocence can never be dismissed solely because it had been requested before.**

Although *res judicata* bars previously raised issues from future litigation, the doctrines of *res judicata* and waiver will be relaxed when appropriate under principles of fundamental fairness. *People v. Patterson*, 192 Ill. 2d 93, 139, 735 N.E.2d 616 (2000). In the interest of fundamental fairness, *res judicata* can be relaxed if a defendant presents substantial new evidence. *Id.* Section 116-3 of the Code of Criminal Procedure only permits a defendant to request DNA testing when it has the potential to produce new evidence that is relevant to the defendant's claim of actual innocence. 725 ILCS 5/116-3(c)(1). A favorable DNA test can significantly advance a defendant's claim of innocence. *People v. Johnson*, 205 Ill. 2d 381, 387, 793 N.E.2d 591 (2002). This is

especially true in the present case where the only direct evidence against Mr. Luczak is

the complainant's identification.  Therefore, fundamental fairness requires that Mr.

Luczak's motion for a DNA test not be summarily dismissed, and that he have the

opportunity to seek proof of his innocence, even when the motion has been previously

denied.

This court recognizes that "free-standing" claims of actual innocence in post-

conviction review are not subject to *res judicata* under the due process protection

provided in the Illinois Constitution. *People v. Hobley*, 182 Ill. 2d 404, 443-444, 696

N.E.2d 313 (1998).  A free-standing claim of innocence means that the newly discovered

evidence being relied upon "is not being used to supplement an assertion of a

constitutional violation with respect to the trial." *Id.* Section 116-3 provides defendants

with the opportunity to make a free-standing claim of innocence; they are only allowed to

receive DNA testing when it was unavailable at trial and the test results could support

their claims of innocence.. Therefore, due process requires that Mr. Luczak and similarly

situated claimants seeking proof of innocence under Section 116-3 should never be barred

by *res judicata*.  In these instances, relaxing *res judicata* provides a safeguard against

punishment of the wrongly accused.  In fact, this Court has noted that the stronger the

claim that a convicted person is innocent, "the weaker is the legal construct dictating that

the person be viewed as guilty." *See People v. Washington*, 171 Ill. 2d 475, 488, 665

N.E.2d 1330 (1996). Given the strength of DNA evidence, Mr. Luczak has the

opportunity to establish a strong claim of innocence; due process requires that *res*

*judicata* does not prohibit him from this unique and crucial opportunity to overturn his

conviction.

In addition, Mr. Luczak might have a claim under the federal due process of the U.S. Constitution if there are no more available avenues to pursue such a claim under State law. *See Washington*, 171 Ill.2d at 488, *citing Herrera v. Collins*, 506 U.S. 390, 417, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993).

Because the DNA test has the potential to significantly advance Mr. Luczak 's claim of innocence, the doctrines of fundamental fairness and due process require that his motion is not barred by *res judicata*. This Court must therefore intervene in order to provide guidance for all courts throughout the State that the principle of *res judicata* should be relaxed whenever actual innocence is at stake.

VI.

## CONCLUSION

For the reasons stated above, Theodore Luczak prays that this Honorable Court grant him leave to appeal.

> Respectfully submitted,
> Edwin A. Burnette
> Public Defender of Cook County
> 69 West Washington - 15th Floor
> Chicago, Illinois 60602
> 312-603-0600
> Counsel for petitioner

Lester Finkle,*
Assistant Public Defender
Of counsel.

* This petition was prepared with the assistance of Chantal Jenkins, a law student intern from the University of California, Berkeley, working for the Law Office of the Cook County Public Defender.

# Appendix

A. *People v. Luczak*, ___ Ill. App. 3d ___, 2007 Ill. App. LEXIS 625 (1ˢᵗ Dist. 2007)

B. State's Petition for Rehearing to the Appellate Court (not including Appendix to that petition, consisting solely of the above published decision)

C. Denial of State's Petition for Rehearing, order entered June 29, 2007

D. Certification of Brief, per Rule 341(a) and (b)

2007 Ill. App. LEXIS 625, *

LEXSEE 2007 ILL. APP. LEXIS 625

**THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THEODORE LUCZAK, Defendant-Appellant.**

**Nos. 1-05-2377 & 1-05-3244 (consolidated)**

**APPELLATE COURT OF ILLINOIS, FIRST DISTRICT, FIFTH DIVISION**

*2007 Ill. App. LEXIS 625*

**June 8, 2007, Decided**

**SUBSEQUENT HISTORY:** Released for Publication July 17, 2007.

**PRIOR HISTORY: [*1]**
Appeal from the Circuit Court of Cook County. The Hon. John J. Mannion and The Hon. Marjorie C. Laws, Judges Presiding.
*People v. Luczak, 306 Ill. App. 3d 319, 714 N.E.2d 995, 1999 Ill. App. LEXIS 401, 239 Ill. Dec. 698 (Ill. App. Ct. 1st Dist., 1999)*

**DISPOSITION:** Affirmed.

**COUNSEL:** FOR Marsha Watt, APPELLANT: Edwin A. Burnette of the Office of the Public Defender, Chicago, IL.

FOR James E. Fitzgerald, Anthony M. O'Brien and Edward Hunter Olivieri, APPELLEE: Richard A. Devine, Cook County State's Attorney, Chicago, IL.

**JUDGES:** JUSTICE O'MARA FROSSARD delivered the opinion of the court. TULLY and GALLAGHER, JJ., concur.

**OPINION BY:** O'MARA FROSSARD

**OPINION**

JUSTICE O'MARA FROSSARD delivered

the opinion of the court:

On February 2, 1990, defendant pled guilty to one count of aggravated criminal sexual assault and one count of criminal sexual assault charged under No. 89 CR 6782, two counts of criminal sexual assault under No. 89 CR 6783, and two counts of criminal sexual assault under No. 89 CR 6784. The trial court sentenced defendant to concurrent terms of incarceration of 10 years in No. 89 CR 6782; 6 years in No. 89 CR 6783; and 6 years in No. 89 CR 6784.

After serving these concurrent sentences, defendant was charged under indictment No. 95 CR 14118, with aggravated criminal sexual assault, criminal sexual assault, aggravated kidnaping, and unlawful restraint. A jury **[*2]** found defendant guilty of two counts of aggravated criminal sexual assault and he was sentenced to consecutive prison terms of 60 and 40 years. Defendant appealed these convictions, arguing that the trial court erred in allowing evidence of one of his prior crimes of sexual assault. This court affirmed his conviction and held that the prior crime evidence was relevant to defendant's intent and *modus operandi. People v. Luczak, 306 Ill. App. 3d 319, 326-27, 714 N.E.2d 995, 239 Ill. Dec. 698 (1999), appeal denied, 185 Ill. 2d 650, 720 N.E.2d 1101, 242 Ill. Dec. 146 (1999), cert. denied, 528 U.S. 1164, 145 L. Ed. 2d*

*1088, 120 S. Ct. 1182 (2000).*

In June of 1999, defendant filed a *pro se* post-conviction petition seeking an order, pursuant to *section 116-3* of the Code of Criminal Procedure of 1963 (*725 ILCS 5/116-3* (West 2004)) to allow DNA testing of evidence in connection with his trial for case No. 95 CR 14118. On July 7, 1999, the trial court denied this petition, explaining that defendant could have raised the issue of DNA testing during direct appeal but did not, and thus, the petition was untimely and without merit. Defendant did not appeal. On March 27, 2000, defendant filed a successive post-conviction petition alleging several issues including ineffective [*3] assistance of appellate counsel and due process violations. He did not request any relief under the DNA statute as he had requested previously. This petition was also denied, and defendant filed a timely notice of appeal. On appeal, this court, on June 25, 2001, affirmed the judgment of the trial court. *People v. Luczak, 323 Ill. App. 3d 1148, 800 N.E.2d 886, 279 Ill. Dec. 598 (2001)* (unpublished order under *Supreme Court Rule 23*). The mandate issued on November 5, 2001.

In May 2001, defendant filed another *pro se* motion to vacate a void judgment in which he argued that his consecutive extended-term sentences were unconstitutional in light of the principles articulated in *Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000)*. The trial court ruled that *Apprendi* did not apply to recidivism or consecutive sentencing and denied defendant's motion and this court affirmed. *People v. Luczak, No. 1-01-3197, 2003 Ill. App. LEXIS 1137 (2003)* (unpublished order under *Supreme Court Rule 23*).

In September 2002, defendant filed a *habeas corpus* petition alleging that his indictment in No. 95 CR 14118 was faulty and that the court could not have entered a valid judgment. The trial court denied that petition on October 22, 2002, and on appeal [*4] this court granted counsel's motion to withdraw

pursuant to *Finley* (*Pennsylvania v. Finley, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987)*) and affirmed the trial court's decision. *Luczak v. Mote,* No. 1-03-0005 (2004) (unpublished order under *Supreme Court Rule 23*).

On January 10, 2005, defendant filed a motion, pursuant to *section 116-3* (*725 ILCS 5/116-3* (West 2004)), to permit DNA testing on evidence used in his trial under No. 95 CR 14118. Defendant also filed a *pro se* petition which he labeled as a "Petition for a Writ of *Habeas Corpus Ad Testificandum*" seeking to appear in court and argue the motion. The court denied both the *habeas corpus* petition and the *section 116-3* motion.

On February 14, 2005, defendant filed a motion for free transcripts, alleging that he would be seeking to withdraw his guilty pleas from his convictions in Nos. 89 CR 6782, 89 CR 6783, and 89 CR 6784. Those guilty pleas were entered on February 2, 1990. On July 1, 2005, defendant filed his motion to withdraw his guilty pleas from these convictions. In July of 2005, defendant was granted leave to file a late notice of appeal from the 1990 guilty pleas.

Defendant presents this court with consolidated [*5] appeals seeking review of (1) the denial of his 2005 *section 116-3* motion for DNA testing as related to his convictions under No. 95 CR 14118; (2) the denial of his petition for writ of *habeas corpus;* and (3) the denial of his motion for free transcripts from his cases previously resolved by pleas of guilty on February 2, 1990. The factual basis for defendant's convictions under No. 95 CR 14118 is fully discussed in *People v. Luczak, 306 Ill. App. 3d 319, 714 N.E.2d 995, 239 Ill. Dec. 698 (1999)*, and will only be repeated as needed to resolve the instant case. We address each issue in turn.

## I. SECTION 116-3 DNA MOTION

Defendant contends that the trial court erred in dismissing his *section 116-3* motion seeking

DNA testing on evidence introduced at his trial under No. 95 CR 14118. In support of that contention, defendant argues that (1) the court relied upon an order from the appellate court that did not exist; and (2) the court erred in treating defendant's motion for DNA testing as a post-conviction petition and summarily dismissing the motion. A trial court's dismissal of a motion seeking DNA testing under *section 116-3* is reviewed *de novo. People v. Price, 345 Ill. App. 3d 129, 133, 801 N.E.2d 1187, 280 Ill. Dec. 242 (2003). De novo* review "is appropriate **[*6]** because the trial court's decision on such a motion is necessarily based upon a review of the pleadings and trial record and is not based on an assessment of the credibility of witnesses." *Price, 345 Ill. App. 3d at 133.*

,*Section 116-3* provides as follows:

"(a) A defendant may make a motion before the trial court that entered the judgment of conviction in his or her case for the performance of fingerprint or forensic DNA testing, including comparison analysis of genetic marker groupings of the evidence collected by criminal justice agencies pursuant to the alleged offense, to those of the defendant, to those of other forensic evidence, and to those maintained under subsection (f) of Section 5-4-3 of the Unified Code of Corrections, on evidence that was secured in relation to the trial which resulted in his or her conviction, but which was not subject to the testing which is now requested because the technology for the testing was not available at the time of trial. Reasonable notice of the motion shall be served upon the State.

(b) The defendant must present a prima facie case that:

(1) identity was the issue in the trial which resulted in his or her conviction; and

(2) the evidence to be **[*7]** tested has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material aspect.

(c) The trial court shall allow the testing under reasonable conditions designed to protect the State's interests in the integrity of the evidence and the testing process upon a determination that:

(1) the result of the testing has the scientific potential to produce new, noncumulative evidence materially relevant to the defendant's assertion of actual innocence even though the results may not completely exonerate the defendant;

(2) the testing requested employs a scientific method generally accepted within the relevant scientific community." *725 ILCS 5/116-3* (West 2004).

*Section 116-3* permits a defendant to make a motion for DNA testing "on evidence that was secured in relation to the trial which resulted in his or her conviction, but which was not subject to the testing which is now requested because the technology for the testing was not available at the time of trial." *725 ILCS 5/116-3(a)* (West 2004). In order to present a *prima facie* case for DNA testing, "the defendant must show that identity was the central issue at trial [*8] and that the evidence to be tested was subject to a sufficiently secure chain of custody." *People v. Johnson, 205 Ill. 2d 381, 393, 793 N.E.2d 591, 275 Ill. Dec. 820 (2002)*. If defendant demonstrates a *prima facie* case then the trial court must determine whether DNA testing will potentially produce new, noncumulative evidence that is materially relevant to the defendant's actual-innocence claim. *Johnson, 205 Ill. 2d at 393*.

A. DNA Motion Properly Dismissed As *Res Judicata*

The doctrine of *res judicata* bars consideration of issues that have been previously raised and adjudicated. *People v. Blair, 215 Ill. 2d 427, 443, 831 N.E.2d 604, 294 Ill. Dec. 654 (2005); People v. Williams, 138 Ill. 2d 377, 392, 563 N.E.2d 385, 150 Ill. Dec. 498 (1990)*. Defendant argues that Judge Laws erred in denying his DNA motion because she mistakenly believed the appellate court had previously resolved the DNA issue and as a result concluded that his 2005 DNA motion was barred by *res judicata*.

On June 30, 1999, defendant in a *pro se* post-conviction petition sought to obtain an order to allow DNA testing of evidence used in the trial of case No. 95 CR 14118. On July 7, 1999, that post-conviction petition was denied by Judge Fiala. Defendant did not appeal. Defendant filed another *pro se* post-conviction petition on [*9] March 27, 2000, which was denied by Judge Fiala on April 6, 2000. Defendant appealed and raised several issues;

however, neither the March 2000 petition nor the appeal from its denial raised any DNA issues. On appeal, dismissal of the second *pro se* petition was affirmed. *People v. Luczak, 323 Ill. App. 3d 1148, 800 N.E.2d 886, 279 Ill. Dec. 598 (2001)* (unpublished order under *Supreme Court Rule 23*).

On January 10, 2005, defendant filed a *pro se section 116-3* motion to obtain DNA testing of the evidence used in the trial of case No. 95 CR 14118. Defendant also filed a *pro se* petition for writ of *habeas corpus* in connection with the DNA motion. In resolving the DNA motion, Judge Laws noted that Judge Fiala, on July 7, 1999, had previously denied a motion to allow DNA testing; accordingly, she denied the motion because it had already been decided by Judge Fiala. She mistakenly indicated that this previous ruling by Judge Fiala had been affirmed on November 7, 2001, by the appellate court, unaware that defendant had not in fact appealed Judge Fiala's denial of his 1999 post-conviction petition seeking DNA testing. She, however, further correctly noted that *section 116-3* required identity to be an issue at the time of trial in order [*10] to apply. In support of denying defendant's 2005 DNA motion, she noted that identity was not an issue during the trial of case No. 95 CR 14118 and indicated as follows:

"It appears that the defendant filed the same motion on June 22nd of 1999, a motion to allow DNA testing. Judge Fiala dismissed that motion, it appears, on July 7th of 1999 finding that the petition was untimely, without merit, and denied it accordingly. Judge Fiala's finding was affirmed by the Appellate Court on November 7th of 2001.

I will again deny the motion for DNA testing. It's an issue that has already been decided by Judge Fiala and affirmed by the

2007 Ill. App. LEXIS 625, *

Appellate Court.

I must add that the defendant has filed this motion under *725 ILCS 5/116-3*. One of the requirements is that identity is an issue at the time of trial.

I have reviewed the findings by the Appellate Court in the defendant's case filed November 15th of 1999, and it does not appear that identity was an issue in this matter and that the defendant testified at his own trial that he was with the victim; although, he disagreed that, in fact, he had sexually assaulted the victim.

So I don't believe that he has even met the criteria for *725 ILCS 5/116-3*. I'll **[*11]** ask the clerk to notify the defendant of my decision. Motion is denied.

And the defendant's Petition for Writ of Habeas Corpus Relief in that he wants to appear in court for the hearing on the matter is also denied, and the matter is taken off call."

The record reflects that Judge Fiala, on July 7, 1999, denied a DNA motion made in connection with defendant's *pro se* petition filed by defendant in June 1999. Defendant did not appeal that ruling; accordingly, Judge Laws was mistaken when she indicated Judge Fiala's ruling was affirmed by the appellate court. However, that mistaken belief in no way changed the fact that defendant in 1999 sought DNA testing in connection with his post-conviction petition which was considered by Judge Fiala and denied by Judge Fiala in 1999. Judge Laws was not mistaken when she noted that defendant had previously brought the same issue before Judge Fiala in 1999. Thus, the record reflects that Judge Laws correctly

denied defendant's 2005 DNA motion because the same issue had already been decided by Judge Fiala in 1999 and accordingly was barred by the principles of *res judicata*.

B. Summary Dismissal of DNA Motion Was Not Reversible Error

Defendant further argues **[*12]** that his 2005 DNA motion was not properly dismissed by Judge Laws because the "subject motion of January 2005 was brought under section 5/116-3 (*725 ILCS 5/116-3* (West 2000)) Motion for DNA Testing, while the June, 1999 filing was made pursuant to the Post Conviction Hearing Act (Act) (*725 ILCS 5/122* (West 2000))." He argues that these "are two separate statutes enumerating separate classes[,] statutory rights." Essentially, defendant contends that the ruling by Judge Laws denying defendant's DNA motion was in error because she treated his DNA motion like a post-conviction petition and then summarily dismissed it. In support of his position, defendant argues "the Illinois Supreme Court in *People v. Shellstrom, 216 Ill. 2d 45, 52-57, 833 N.E.2d 863, 295 Ill. Dec. 657 (2005)*, and *People v. Pearson, 216 Ill. 2d 58, 66-67, 833 N.E.2d 827, 295 Ill. Dec. 621 (2005)*, held that the recharacterization of a pleading of a *pro se* litigant as a successive post-conviction petition prior to dismissal of such petition, without notice and warning to the defendant, and without affording the defendant an opportunity to withdraw or amend the pleading, is reversible error."

We disagree with defendant's characterization of the resolution of the motion by Judge Laws. Judge Laws **[*13]** noted that defendant filed the same motion in June of 1999, a motion to allow DNA testing. However, further during her discussion she specifically indicated her recognition of the fact that the 2005 DNA motion at issue in the instant case was filed under *section 116-3*. She stated: "I must further add that the defendant has filed this motion under *725 ILCS 5/116-3*." She then accurately discussed the specific

requirements imposed by the DNA statute including the fact that "identity is an issue at the time of trial." Mindful of the requirements of the DNA statute, she accurately referenced in substance the appellate court case from 1999 affirming defendant's conviction (*People v. Luczak, 306 Ill. App. 3d 319, 714 N.E.2d 995, 239 Ill. Dec. 698 (1999)*), and she concluded: "I have reviewed the findings by the Appellate Court in the defendant's case filed November 15th of 1999, and it does not appear that identity was an issue in this matter and that the defendant testified at his own trial that he was with the victim; although, he disagreed that, in fact, he had sexually assaulted the victim."

The record reflects that Judge Laws was well aware of the fact that the motion at issue in the instant case was not made in connection [*14] with a post-conviction petition but, rather, was a DNA motion under *section 116-3.* We reject defendant's argument that Judge Laws recharacterized his DNA motion as a post-conviction petition. The DNA statute specifically provides for the DNA motion to be brought by the defendant before the trial court that entered judgment of conviction, which is exactly what the defendant did in this case. *725 ILCS 5/116-3(a)* (West 2004). Judge Laws specifically referenced the DNA statute. Under that statute, before the trial court shall consider whether to allow DNA testing, the defendant must present a *prima facie* case that identity was the issue in the trial and that the evidence has been subject to a sufficient chain of custody. *Johnson, 205 Ill. 2d at 393; 725 ILCS 5/116-3(b)(1), (b)(2)* (West 2004). The record reflects that Judge Laws was well aware of the law and correctly applied it in resolving defendant's *section 116-3* DNA motion. Substantively, the dismissal of the defendant's DNA motion was proper because it was barred by the principles of *res judicata* and the record precluded defendant from presenting a *prima facie* case that identity was the issue in the trial.

However, defendant also procedurally [*15] challenges the summary dismissal of the

DNA motion as reversible error relying on *People v. O'Connell, 365 Ill. App. 3d 872, 850 N.E.2d 278, 302 Ill. Dec. 841 (2006), appeal allowed, 221 Ill. 2d 662, 857 N.E.2d 680, 306 Ill. Dec. 281 (2006).* Defendant argues that *O'Connell* "held that summary dismissal of a motion for evidentiary DNA testing is illegal." The court in *O'Connell* noted that *section 116-3*, like *section 2-1401* of the Code of Civil Procedure (*735 ILCS 5/2-1401* (West 2004)), confers a limited right to challenge a conviction and lacks any express procedural provisions. Relying on *People v. Dyches, 355 Ill. App. 3d 225, 229, 824 N.E.2d 636, 291 Ill. Dec. 780 (2005),* the court in *O'Connell* refused to read special summary dismissal procedures into *section 116-3* and concluded that "[t]he trial court must, at a minimum, provide notice to the defendant of its *sua sponte* motion to dismiss, and the court must give the defendant an opportunity to respond." *O'Connell, 365 Ill. App. 3d at 877.* However, the court further held that "harmless error analysis applies to the summary dismissal of a post-conviction petition for DNA testing of evidence." *O'Connell, 365 Ill. App. 3d at 877.*

We agree with *O'Connell's* recognition of the need for the trial court to provide notice to defendant and give [*16] the defendant an opportunity to be heard before summarily dismissing a DNA petition. We also agree with *O'Connell* that the harmless error analysis applies to summary dismissal of a DNA petition. We are well aware, for the reasons previously discussed, that in the instant case, defendant's DNA motion under *section 116-3* was not recharacterized by the trial court as a post-conviction petition. Moreover, the DNA motion was not brought in connection with *section 2-1401.* Cases previously recognizing the need for the court to provide defendant notice and an opportunity to be heard have done so in the context of resolving a *section 2-1401* petition (*Dyches, 355 Ill. App. 3d 225, 824 N.E.2d 636, 291 Ill. Dec. 780*) or post-conviction petition (*People v. Sargent, 357 Ill. App. 3d 946, 830 N.E.2d 684, 294 Ill. Dec. 272*

*(2005)).*

We conclude, however, that it is similarly unfair to a defendant, when faced with a proposed *sua sponte* summary dismissal of a *section 116-3* motion, to be deprived of notice and an opportunity to be heard. We recognize that summary dismissal procedures not provided by the DNA statute can deprive defendant of notice and an opportunity to be heard which are fundamental principles of justice. See *People v. Anderson, 352 Ill. App. 3d 934, 942, 817 N.E.2d 1000, 288 Ill. Dec. 350 (2004).* **[*17]** We hold that summary dismissal, which is a drastic procedure, should not be read into *section 116-3*; accordingly, a defendant is entitled to notice and an opportunity to be heard regarding a *section 116-3 DNA motion.*

We recognize that our holding is consistent with the principals articulated in *Dyches, 355 Ill. App. 3d at 229*, but conflicts with the Fourth District's holding in *People v. Stevens, 315 Ill. App. 3d 781, 733 N.E.2d 1283, 248 Ill. Dec. 285 (2000).* In *Stevens*, the trial court summarily dismissed the defendant's motion for post-conviction DNA testing under *section 116-3*. In discussing *section 116-3*, the court in *Stevens* stated as follows:

"*Section 116-3* does not state that a defendant is entitled to a hearing. Under defendant's interpretation of the statute, a trial court must hold a hearing on every motion regardless of the merits of the motion. Courts will not interpret a statute to guarantee a hearing as a matter of right without such language in the statute. [Citations.] We conclude that defendant was not entitled to a hearing as a matter of right and the trial court properly denied defendant's motion." *Stevens, 315 Ill. App. 3d at 784.*

The court in *Stevens* affirmed the denial of defendant's motion "because **[*18]** (1) *section 116-3* of the Code does not require that the trial court conduct a hearing on defendant's petition, (2) identity was not the issue in the trial that resulted in defendant's conviction, and (3) the blood he sought to have tested would not produce new, noncumulative evidence materially relevant to defendant's assertion of actual innocence." *Stevens, 315 Ill. App. 3d at 784.*

In *Dyches, 355 Ill. App. 3d at 229*, we recognized the need for the court to provide a defendant notice and an opportunity to be heard in the context of a *section 2-1401* petition. We held that "summary dismissal, which is a drastic procedure, should not be read into the procedures provided by *section 2-1401*." *Dyches, 355 Ill. App. 3d at 229.* However, we further held that "harmless error analysis should still be applied where defects in a *section 2-1401* petition are patently incurable." *Dyches, 355 Ill. App. 3d at 229.*

Similar to *Dyches*, harmless error analysis should apply where defects in a *section 116-3* DNA motion are patently incurable. If dismissal of the DNA motion is inevitable and further proceedings would have little remedial effect and only delay dismissal, then summary dismissal should be affirmed **[*19]** based on harmless error. See *Anderson, 352 Ill. App. 3d at 948* (summary dismissal of a *section 2-1401* petition is subject to harmless error analysis); see *Sargent, 352 Ill. App. 3d 946* (reiterated *Anderson*'s holding that summary dismissal, even if regarded as procedurally erroneous, remains subject to harmless error analysis, although *Sargent* addressed summary dismissal of a post-conviction petition, not summary dismissal of a *section 2-1401* petition). We believe our application of the harmless error analysis in the context of a *section 116-3* DNA motion is consistent with the general duty of the reviewing court to consider the record as a whole and ignore harmless errors. See *Dyches, 355 Ill. App. 3d at 229* ("harmless error

analysis should still be applied where defects in a *section 2-1401* petition are patently incurable").

As previously noted, the court in *O'Connell* similarly recognized that harmless error analysis applies to the summary dismissal of a DNA post-conviction petition. *O'Connell, 365 Ill. App. 3d at 877* ("following *Dyches*, we further hold that harmless error analysis applies to the summary dismissal of a post-conviction petition for DNA testing of evidence"). In *O'Connell,* [*20] the trial court dismissed the DNA post-conviction petition because defendant pled guilty to the charges, and therefore, the court reasoned, he could not meet the statutory requirement of showing that "identity was the issue in the trial." *725 ILCS 5/116-3(b)(1)* (West 2004). However, in *O'Connell,* after considering the record as a whole, based on the underdeveloped nature of the record, the appellate court indicated that it could not conclude that any error in denying the DNA post-conviction petition was harmless:

"This court and the trial court could both benefit from a fuller development of the arguments concerning interpretation of *section 116-3*. Because we cannot conclude that the procedural defects had no prejudicial effect, we reverse and remand for proper notice of the court's *sua sponte* motion to dismiss and to give defendant an opportunity to respond to the dispositive motion." *O'Connell, 365 Ill. App. 3d at 878*.

Thus, *O'Connell* recognized application of the harmless error analysis, but found the record in that particular case did not allow it to affirm the dismissal of the DNA post-conviction petition because the court could not conclude that any error in denying the DNA petition [*21] was in fact harmless error.

We are mindful that the *O'Connell* case is currently under consideration by the Illinois Supreme Court. *People v. O'Connell, 365 Ill. App. 3d 872, 850 N.E.2d 278, 302 Ill. Dec. 841 (2006), appeal allowed, 221 Ill. 2d 662, 857 N.E.2d 680, 306 Ill. Dec. 281 (2006)*. We take no position on whether any error in denying the DNA petition in the context of the plea of guilty at issue in *O'Connell* was in fact harmless, as that is currently under consideration by the supreme court and not relevant to the issue in the instant appeal. *O'Connell, 365 Ill. App. 3d at 877*. Rather, we rely on *O'Connell* only for the specific principle that the harmless error analysis can apply to the summary dismissal of a DNA petition. *O'Connell, 365 Ill. App. 3d at 877*.

We note that defendant, in relying on *O'Connell,* argues that "the Illinois Appellate Court has held that summary dismissal of a motion for evidentiary DNA testing is illegal." That argument fails to take into consideration that while *O'Connell* recognizes summary dismissal should not be read into *section 116-3*, *O'Connell* also recognizes that summary dismissal depending on the record as a whole can be recognized as error, but affirmed if harmless error. *O'Connell, 365 Ill. App. 3d at 877*.

In the [*22] instant case, for the reasons previously discussed, we review the record as a whole and consider whether the summary dismissal of defendant's *section 116-3* DNA motion was harmless error. *Section 116-3* provides in pertinent part:

"(b) The defendant must present a *prima facie* case that

(1) identity was the issue in the trial which resulted in his or her conviction." *725 ILCS 5/116-3* (West 2004).

2007 Ill. App. LEXIS 625, *

Defendant alleged in his motion that identity was the issue at trial. However, the well-developed record in the instant case directly rebuts that allegation. Unlike the court in *O'Connell*, which reviewed a record reflecting a defendant's guilty plea, in the instant case, we review a far more extensive record. Defendant brings the *section 116-3* DNA motion as the result of his conviction of two counts of aggravated criminal sexual assault after a fully litigated jury trial in case No. 95 CR 14118.

On direct appeal of those two convictions, defendant argued that since he admitted to having been with the victim, other crime evidence was not relevant to establish defendant's identity or intent. *People v. Luczak, 306 Ill. App. 3d 319, 327, 714 N.E.2d 995, 239 Ill. · Dec. 698 (1999).* We affirmed his conviction and held that the prior crime **[*23]** evidence was relevant to defendant's intent and *modus operandi. Luczak, 306 Ill. App. 3d at 327.*

Moreover, the record reflects, defendant, in an interview with the police before trial, admitted to the police that he engaged in sex with the victim for money. *Luczak, 306 Ill. App. 3d at 322.* Defendant, during trial, admitted being with the victim during the time frame when the victim testified the sexual assault occurred; however, he denied having sexual contact with the victim. *Luczak, 306 Ill. App. 3d at 323.* According to defendant's testimony he was driving around with the victim because she wanted to buy some cocaine and he helped get the cocaine for her to purchase. *Luczak, 306 Ill. App. 3d at 323.* Defendant testified that an argument occurred as a result of a dispute over the cost of the cocaine and defendant eventually kicked the victim out of the car. *Luczak, 306 Ill. App. 3d at 323.*

In response to defendant's argument on appeal that since he admitted to being with the victim any evidence of other crimes was not

relevant to identity or intent, we found other crime evidence was not admissible to prove identity but, rather, to prove defendant's intent and *modus operandi. Luczak, 306 Ill. App. 3d at 327.* **[*24]** We affirmed defendant's conviction. *People v. Luczak, 306 Ill. App. 3d 319, 714 N.E.2d 995, 239 Ill. Dec. 698, appeal denied, 185 Ill. 2d 650, 720 N.E.2d 1101, 242 Ill. Dec. 146 (1999), cert. denied, 528 U.S. 1164, 145 L. Ed. 2d 1088, 120 S. Ct. 1182 (2000).*

As previously noted, defendant, in June of 1999, filed a post-conviction petition seeking an order, pursuant to *section 116-3*, to allow DNA testing of evidence used in his trial. On July 7, 1999, the trial court denied this petition, explaining that defendant could have raised the issue of DNA testing on direct appeal but did not, and thus, the petition was untimely and without merit. That ruling was not appealed by defendant. On March 27, 2000, defendant filed a successive post-conviction petition alleging various issues, but none of those issues were in any way related to DNA testing. This petition was also denied, and on appeal, this court affirmed the dismissal of the petition by the trial court. *People v. Luczak, 323 Ill. App. 3d 1148, 800 N.E.2d 886, 279 Ill. Dec. 598 (2001)* (unpublished order under *Supreme Court Rule 23*).

In the instant case, defendant, in 2005, filed a motion pursuant to *section 116-3* to permit DNA testing on evidence related to his trial under No. 95 CR 14118. However, the record reflects the inherent defect in defendant's **[*25]** DNA motion is patently incurable. Judge Laws summarily dismissed defendant's motion noting as follows:

> "One of the requirements is that identity is an issue at the time of trial. I have reviewed the findings by the Appellate Court in the defendant's case filed November 15th of 1999, and it does not appear that identity was an issue in

this matter and that the defendant testified at his own trial that he was with the victim; although, he disagreed that, in fact, he had sexually assaulted the victim."

Both the trial and appellate record directly and repeatedly rebut the fact that identity was an issue in the trial which resulted in defendant's conviction. We find, in the instant case, that regardless of whether the circuit court erred in failing to provide defendant with notice and an opportunity to be heard before summarily dismissing his *section 116-3* DNA motion, defendant could not have cured the inherent defect in his DNA motion because he could not allege, or present a *prima facie* case that identity was the issue in the trial which resulted in his conviction as required by *section 116-3. 725 ILCS 5/116-3* (West 2004). The summary dismissal of the DNA motion was inevitable and further **[*26]** proceedings would only have delayed the result. Accordingly, any procedural error was harmless.

For the reasons previously discussed, dismissal of defendant's DNA motion was proper because it was barred by the principles of *res judicata* and the record precluded defendant from presenting a *prima facie* case that identity was the issue in the trial which resulted in his conviction. Moreover, any procedural error in summarily dismissing defendant's DNA motion was harmless error.

## II. *HABEAS CORPUS*

Defendant's third contention is that the trial court erred in dismissing his petition for writ of *habeas corpus*. Defendant argues that the trial court summarily dismissed his petition in violation of the Habeas Corpus Act (Act) (*735 ILCS 5/10-101 et seq.* (2002)). Whether the trial court complied with the applicable statutory procedure is a question of law, and the standard of review is *de novo*. See *Woods v. Cole, 181 Ill. 2d 512, 516, 693 N.E.2d 333, 230*

*Ill. Dec. 204 (1998)*. Defendant cites to *People v. Winfrey, 347 Ill. App. 3d 987, 989, 808 N.E.2d 589, 283 Ill. Dec. 623 (2004)*, for the proposition that the trial court is not authorized under the Act to summarily dismiss a *habeas corpus* petition.

We recognize a dispute among the districts of this court as to whether **[*27]** a trial court may summarily dismiss a defendant's *habeas corpus* petition. Compare *People v. Land, 366 Ill. App. 3d 1183, 1187, 853 N.E.2d 937, 304 Ill. Dec. 860 (4th Dist. 2006)* (trial court has inherent authority to *sua sponte* dismiss *habeas corpus* petition), *People v. Tiller, 361 Ill. App. 3d 803, 806, 838 N.E.2d 969, 298 Ill. Dec. 76 (5th Dist. 2005)* (affirming summary dismissal of *habeas corpus* petition), and *People v. Carroll, 351 Ill. App. 3d 972, 815 N.E.2d 907, 287 Ill. Dec. 263 (1st Dist. 2004)* (summary denial of *habeas corpus* petition is proper), with *Winfrey, 347 Ill. App. 3d at 989 (2d Dist. 2004)* (dismissing *habeas corpus* petition without giving defendant notice and an opportunity to respond to trial court's action is reversible error).

In *Carroll*, this court summarily denied a *habeas corpus* petition where defendant did not raise any legal argument or cite legal authority to support his claim under the Act and no prejudice resulted from summary dismissal. *Carroll, 351 Ill. App. 3d at 975*. In recognizing the dispute among the districts regarding summary dismissal, this court declined to follow the Second District's holding in *Winfrey. Carroll, 351 Ill. App. 3d at 975*.

We note under the Act, a prisoner is entitled to an immediate release from incarceration if the term during which **[*28]** the prisoner may be legally detained has expired. *735 ILCS 5/10-123(2)* (West 2000). Additionally, the Act provides that a prisoner may be discharged where, although the original imprisonment was lawful, some subsequent act, omission, or event has occurred entitling the prisoner to a discharge. *735 ILCS 5/10-124(2)* (West 2000).

Defendant *pro se* filed what he labeled a "Petition for a Writ of *Habeas Corpus Ad Testificandum*." His petition noted that on "December 22, 2004, defendant caused to be filed Motion to allow DNA Testing and Discovery." Defendant further alleged in his petition that his case "depends in large part on his own testimony" and requested to be present to manage the presentation of his case. Specifically, defendant alleged that he "should have the legal right to cross-examine any of the plaintiff's witnesses, and to have the court hear his case and to present appropriate rebuttal evidence." Defendant's petition does not identify any specific reason why he is entitled to *habeas corpus* relief under the Act; however, he contends that the Act does not allow summary dismissal.

Similar to the defendant in this case, the defendant in *Carroll* argued on appeal that the Habeas Corpus [*29] Act did not allow summary dismissal of his petition. *Carroll, 351 Ill. App. 3d at 974*. A review of the record reflects that defendant's petition, like the petition in *Carroll*, did not raise any legal issue cognizable under the Act, or raise any legal argument or legal authority to support his claim; accordingly, no prejudice resulted from the dismissal.

As previously noted, the trial court did not recharacterize defendant's pleading as a post-conviction petition. See *People v. Shellstrom, 216 Ill. 2d 45, 56, 833 N.E.2d 863, 295 Ill. Dec. 657 (2005)* (in light of obstacles associated with successive post-conviction petition, trial court must give a *pro se* petitioner notice before recharacterizing a pleading as a first post-conviction petition). Defendant had already filed successive post-conviction petitions which had been resolved prior to the DNA motion and *habeas corpus* petition which were filed in the instant case. Rather than recharacterize his petition, the trial court addressed the precise petition presented and the precise relief requested by defendant and concluded that "the defendant's Petition for

Writ of *Habeas Corpus* Relief in that he wants to appear in court for the hearing on the matter is also denied, and the [*30] matter is taken off call." That ruling directly addressed the relief requested in defendant's "Petition For Writ of *Habeas Corpus Ad Testificandum*," specifically to be present to manage his case, cross-examine witnesses and present rebuttal evidence. Defendant's petition failed to raise any legal argument or legal authority to support his *habeas corpus* claim and no prejudice resulted from the summary dismissal. For the reasons previously discussed, we conclude the trial court properly dismissed defendant's *habeas corpus ad testificandum* petition.

### III. FREE TRANSCRIPTS MOTION

Defendant's final contention on appeal is that the trial court erred in denying him free copies of transcripts of the proceedings from his pleas of guilty and sentences in case Nos. 89 CR 6782, 89 CR 6783, and 89 CR 6784. On February 2, 1990, defendant pled guilty to one count of aggravated criminal sexual assault and one count of criminal sexual assault charged under No. 89 CR 6782, two counts of criminal sexual assault under No. 89 CR 6783, and two counts of criminal sexual assault under No. 89 CR 6784. The trial court sentenced defendant to concurrent terms of incarceration of 10 years in No. 89 CR 6782; 6 years [*31] in No. 89 CR 6783; and 6 years in No. 89 CR 6784.

Defendant's argument that he is entitled to free transcripts under *Illinois Supreme Court Rule 605(b)(5)* is without merit. 210 Ill. 2d R. 605(b)(5). The State argues correctly that under *Rule 605(b)(2)*, defendant must have filed a motion to vacate "within 30 days of the date on which sentence is imposed." 210 Ill. 2d R. 605(b)(2). Defendant pled guilty on February 2, 1990, and did not file a motion to vacate his guilty pleas until July 1, 2005. Since defendant waited over 15 years to file a motion to vacate his guilty pleas, the time has expired and he is not entitled to free transcripts. Accordingly, the judgment of the trial court denying defendant's

2007 Ill. App. LEXIS 625, *

request for free transcripts is affirmed.

## IV. CONCLUSION

For the reasons previously discussed, dismissal of defendant's *section 116-3* DNA motion was proper because it was barred by the principles of *res judicata* and the record precluded defendant from presenting a *prima facie* case that identity was the issue in the trial which resulted in his conviction under No. 95 CR 14118. Any procedural error in dismissing the *section 116-3* DNA motion was harmless error because the inherent defect regarding [*32] the issue of identity in defendant's DNA motion was patently incurable. Defendant's petition for *habeas corpus* was properly dismissed. The defendant was not entitled to free transcripts from his pleas of guilty to a series of sexual assault charges entered in February 1990 under Nos. 89 CR 6782, 89 CR 6783 and 89 CR 6784.

The judgment of the circuit court of Cook Country is affirmed

Affirmed.

TULLY and GALLAGHER, JJ., concur.

No. _____

IN THE
SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Petition for leave to appeal |
| | ) | from the Appellate Court of |
| Plaintiff-Respondent, | ) | Illinois, First District. |
| | ) | No. 1-05-2377 and 05-3244 |
| | ) | |
| v. | ) | |
| | ) | There heard on appeal from the |
| | ) | Circuit Court of Cook County, |
| THEODORE LUCZAK, | ) | Criminal Division, |
| | ) | No. 89 CR 6782, 89 CR 6783, |
| | ) | 89 CR 6784, and 95 CR 14118 |
| | ) | |
| Defendant-Petitioner. | ) | Hon. John Mannion and |
| | ) | Marjorie Laws, |
| | ) | Judges presiding. |

## **CERTIFICATION OF BRIEF**

I certify that this brief conforms to the requirements of Rules 341(a) and (b).   The

length of this brief, excluding the appendix, is 15 pages.

EDWIN A. BURNETTE
Public Defender of Cook County

By: _Lester Finkle_____

Lester Finkle
Assistant Public Defender

Public Defender of Cook County
Attorney for Defendant-Appellant
69 West Washington Street - 15th Floor
Chicago, IL  60602
312.603.0600

NO. 05-2377 & 05-3244 (consolidated)

RECEIVED

IN THE

7  JUN 26  P12:23

APPELLATE COURT OF ILLINOIS

APPEALS DIVISION

FIRST JUDICIAL DISTRICT, FIFTH DIVISION

PUBLIC ORDER

---

PEOPLE OF THE STATE OF ILLINOIS,

Respondent-Appellee,

vs.

THEODORE LUCZAK,

Petitioner-Appellant.

---

Appeal from the Circuit Court of Cook County, Criminal Division.
Honorable **Thomas J. Mannion** and **Marjorie C. Laws**, Judges Presiding.

---

PETITION FOR REHEARING
FOR RESPONDENT-APPELLEE

---

RICHARD A. DEVINE,
State's Attorney,
County of Cook,
Room 309 - Richard J. Daley Center,
Chicago, Illinois 60602

<u>Attorney for Respondent-Appellee</u>

JAMES E. FITZGERALD,
MICHELE GRIMALDI STEIN,
Assistant State's Attorneys,
<u>Of Counsel</u>.

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

PEOPLE OF THE STATE OF ILLINOIS,

                                    Respondent-Appellee,

                      vs.

THEODORE LUCZAK,

                                    Petitioner-Appellant.

## PETITION FOR REHEARING

Pursuant to Supreme Court Rule 367, the People respectfully ask this Court to reconsider its opinion of June 8, 2007, in the above-titled cause and modify its determination that a trial court has no authority to deny relief on a motion for DNA testing brought under 725 ILCS 5/116-3 based solely on the pleadings. People v. Luczak, 2007 Ill. App. Lexis 625, *15-16. In reaching the conclusion that a trial court may not dispose of a section 5/116-3 motion without first providing defendant notice and opportunity to respond, this Court relied upon a line of authority that was recently rejected by the Supreme Court in People v. Vincent, No. 101477, (June 7, 2007). Given that the underlying premise of the court's holding has been rejected, the continuing validity of this aspect of the Court's opinion in the instant case is highly questionable. Accordingly, the People

respectfully request that this Court reconsider this aspect of the opinion and revise it to be in line with the <u>Vincent</u> analysis.

## ARGUMENT

In the instant opinion, this Court held that a trial court has no authority to enter summary judgment on a motion brought under section 5/116-3, although it ultimately affirmed the trial court's ruling based on a harmless error analysis. <u>People v. Luczak</u>, 2007 Ill. App. Lexis 625, 16-26. In so holding, this Court analogized the procedures to be employed regarding a section 5/116-3 motion to those applicable to section 2-1401 motions. <u>People v. Luczak</u>, 2007 Ill. App. Lexis 625, 16. The Court then cited with approval those cases which held that a motion brought under section 2-1401 could not be dismissed without notice to the petitioner and opportunity to respond. <u>People v. Luczak</u>, 2007 Ill. App. Lexis 625, 15, *citing* <u>People v. Dyches</u>, 355 Ill. App. 3d 225, 229,824 N.E.2d 636 (2005). This analysis, however, was recently rejected by the Supreme Court in its opinion in <u>People v. Vincent</u>, ___ Ill. 2d ___, 2007 Ill. Lexis 864 (No. 101477, June 7, 2007).

In <u>Vincent</u>, the Court held that a trial court *could* dismiss a §2-1401 petition without a responsive pleading from the State and without providing defendant with either notice of the impending dismissal or an opportunity to respond where the petition failed to state a cause of action and could not be amended to do so. <u>Vincent</u>, slip op. 5-6, 8-9. The court found, however, that the dismissal could not be characterized as a "summary dismissal" because that was a term of art specifically reserved for first stage dismissals under the Post-Conviction Hearing Act and because

2

the Code of Civil Procedure has no corollary provision for such dismissals. Vincent, slip op. 6-7. Nonetheless, the Court found that the trial court's dismissal of Vincent's meritless §2-1401 petition constituted a proper *sua sponte* judgment based upon the pleadings and their failure to state a valid cause of action. Vincent, slip op. 7-8. Under the Vincent analysis, the State's failure to respond to the defendant's *pro se* §2-1401 petition served to admit all well-pled allegations in the petition and allowed the court to consider whether those claims, in light of the record, presented a valid cause of action as a matter of law. Vincent, slip op. 6. Because the record demonstrated the propriety of the consecutive sentences which Vincent's petition alleged were improper, the Supreme Court ruled that the trial court's *sua sponte* dismissal with prejudice was proper. Vincent, slip op. 12-13.

As regards the instant petition, this Court recognized that it contained an "inherent defect" which was "patently incurable:" that being that identity was *not* an issue in defendant's trial. People v. Luczak, 2007 Ill. App. Lexis 625, 24-25. Because identity was not an issue, defendant could not qualify under the requirements of section 116-3 for the requested DNA testing. People v. Luczak, 2007 Ill. App. Lexis 625, 25. This finding demonstrates that defendant's motion for DNA testing failed to state a valid cause of action and was properly denied without prior notice to defendant and without an opportunity for defendant to respond. Accordingly, the harmless error analysis ultimately relied upon by this Court is improper. For these reasons, the People respectfully request this Court modify its opinion in the instant case.

# CONCLUSION

The People of the State of Illinois respectfully request that this Honorable Court affirm the trial court's summary dismissal of defendant's successive post-conviction petition.

Pursuant to <u>People v. Nicholls</u>, 71 Ill. 2d 166, 374 N.E.2d 194 (1978) and relevant statutory provisions 725 ILCS 5/110-7(h)(1992); 725 ILCS 130/13 (1992); 55 ILCS 5/4-2002.1 (1992), the People of the State of Illinois respectfully request that this Court grant the People costs and incorporate as part of its judgment and mandate a fee of $100.00 for defending this appeal. In addition, pursuant to <u>People v. Agnew</u>, 105 Ill. 2d 275, 473 N.E.2d 1319 (1985) and 55 ILCS 5/4-2002.1 (1992), the People respectfully request that this Court also grant the People an additional fee of $50.00 in the event oral argument is held in this case.

Respectfully Submitted,

RICHARD A. DEVINE,
    State's Attorney,
    County of Cook,
    Room 309 - Richard J. Daley Center,
    Chicago, Illinois 60602

<u>Attorney for Respondent-Appellee</u>

JAMES E. FITZGERALD,
MICHELE GRIMALDI STEIN,
Assistant State's Attorneys.
    <u>Of Counsel.</u>

4

Watt/Finkle

RECEIVED

7   JUN 32  P4:07

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
|---|---|---|
| Plaintiff-Appellee | ) | |
| v. | ) | 1-05-2377 & |
| | ) | 1-05-3244 cons. |
| THEODORE LUCZAK, | ) | |
| Defendant-Appellant | ) | |

ORDER

This cause coming to be heard on Plaintiff-Appellee's Petition for Rehearing, the Court being fully advised in the premises;

IT IS HEREBY ORDERED that the Petition for Rehearing is denied.

ORDER ENTERED

JUN 29 2007

APPELLATE COURT, FIRST DISTRICT

_____
JUSTICE

_____
JUSTICE

_____
JUSTICE

# Innocence testing on back burner

## Funds set aside to analyze convicts' DNA grow dusty

By Richard Willing
USA TODAY

WASHINGTON — Since 2006 the Justice Department has spent none of the $8 million set aside by Congress to test the DNA of convicts who claim they are innocent, but has spent $214 million to collect and record the DNA of convicts to add to national crimefighting database and improve crime labs.

"DNA evidence is such a powerful tool in proving guilt or innocence that it's inexcusable not to use it," says Sen. Patrick Leahy, D-Vt., the chief sponsor of a bill to provide more funding for what is known as innocence testing.

The $8 million could affect dozens of cases, says Barry Scheck, a defense lawyer who specializes in using DNA to overturn convictions. Exact costs for a DNA test vary from case to case.

Rules imposed by Congress have made it difficult for states to qualify for post-conviction DNA grants, says the department's National Institute of Justice, which administers the funds. Only Virginia, Connecticut and Arizona have applied.



**DNA spending on tests, labs**
Since 1999, federal funding for DNA testing and laboratory improvements has totaled more than $566 million. DNA spending by fiscal year: (in millions)

$80
$40
0
'99        '07
$15
$107.1

Sources: U.S. Department of Justice; Gordon Thomas Honeywell Governmental Affairs
By Julie Snider, USA TODAY

The law requires a state's attorney general to certify that the state requires police departments to take "reasonable measures" to preserve biological evidence for possible future testing.

But attorneys general can't vouch for every police authority in their state, says John Morgan, the institute's assistant director. The rule has made it "next to impossible" for states to qualify, he says.

Arizona applied for a grant but was turned down in June because the Justice Department determined it did not meet the legal requirements, says Kent Cattani, an assistant attorney general in that state.

Cattani surveyed Arizona crime labs, prosecutors, judges and defense attorneys and found that all had at least unofficial policies to retain evidence. "Other than passing a law, I don't know what more we could have done," he says.

Leahy doesn't think the rules are a problem. His staff has been meeting with Morgan to try to find a way to allow the $8 million to be spent.

DNA profiles are matched to unsolved crimes through an FBI-controlled network of databases. Testing has also helped cast doubt on convictions obtained before DNA testing came into widespread use in the late 1990s.

STATE OF ILLINOIS    **(1)**

5490

| Name of Agency | City |
| --- | --- |
| Illinois State Police | Springfield |

Address  Freedom of Information Office

500 Iles Park Place, Suite 300          IL 62703

Requestor's Name (Or business name if applicable)

**Theodore** Luczak B-00780

Street Address

**700 West Lincoln, Post Office Box 99**

| City | State | Zip |
| --- | --- | --- |
| **Pontiac** | **Illinois** | **61764** |

INSTRUCTIONS:

Requestor should fill out the REQUEST portion (the top half) and sign the Requestor's Signature Block. Send copies 1 and 2 to the Agency. Keep the 3rd copy for reference. Send no money at this time. Unless notified otherwise the Agency's response for APPROVED, DENIED or DEFERRED will be sent back within 7 working days after receipt of the form.

| Date of Request | Phone Number |
| --- | --- |
| 06/24/2005 | |

CERTIFICATION REQUESTED [ ] YES    [ X ] NO

Requestor's Signature

(NOT REQUIRED)

DESCRIPTION OF RECORDS REQUESTED:

Copies of the following documents related to 95CR1411801: Rape kit documents, all chemical and microscopic testings, blood testings on K3 underwear, any other document processed by this facility in relation to the above indictment.

[ X ] REQUESTING COPIES          [ ] TO INSPECT RECORDS.

AGENCY RESPONSE (REQUESTOR DOES NOT FILL IN BELOW THIS LINE)

**APPROVED**

[ ] The documents requested are enclosed.

**The Illinois State Police cannot locate any records regarding Mr. Luczak.**

[ ] The documents will be made available upon payment of copying costs ................................... $ _____

[ ] You may inspect the records at _____

on the date of _____

**DENIED**

[ ] The request creates an undue burden on the public body in accordance with Section 3(f) of the Freedom of Information Act, and we are unable to negotiate a more reasonable request.

[ ] The materials requested are exempt under Section 7 ___see below___ of the Freedom of Information Act for the following reasons:

| INDIVIDUAL(S) THAT DETERMINED REQUEST TO BE DENIED | RIGHT TO APPEAL |
| --- | --- |
| | If desired, submit the attached APPEAL form (No. 2) along with copies of this original REQUEST and DENIAL and reasons for appeal to: |

**DEFERRED**

[ ] Request delayed, for the following reasons (in accordance with 3(d) of the FOIA):

You will be notified by the date of _____ as to action taken on your request.

The information required by this form is MANDATORY in order to comply with P.A. 83-1013. Failure to so provide may result in this form not being processed. This form is approved by the Forms Management Center.

FOIA Officer

| | Date of Reply |
| --- | --- |
| | 8/11/2005 |

STATE OF ILLINOIS )
                   ) SS.
COUNTY OF WILL )

## AFFIDAVIT OF SERVICE

I, Theodore Luczak, state that I have served a copy of the document to which this affidavit is attached, upon each party or if represented by counsel, upon the attorney of record for said party, by enclosing the same in a sealed envelope plainly addressed as is disclosed by the pleadings of record herein; and by depositing the same of each said envelope in the bars designed for United States Mail at the Stateville Correctional Center, Joliet, Illinois 60434, together with the appropreate request to the prison officials ~~requesting~~ responsible to affix fully prepaid postage hereto, on this 5th day of November 2007.

Service made on: Lisa Madigan
                  Illinois Attorney General
                  100 West. Randolph Street
                  Chicago, Illinois 60602

I, Theodore Luczak, the undersigned, certify and state that:

- 1-

[1]    I am the petitioner in the attached cause of action.

[2]    I have read the foregoing Habeas Petition, and have knowledge of its contents.

[3]    Under penalties as provided by law, pursuant to 735 ILCS §1-109 of the Code of Civil Procedures, I certify that the statement set forth in this proceeding and affidavit are true and correct.

Respectfully Submitted

*Theodore Luczak*

Theodore Luczak