

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

**FEB 2 8 2008**

# FILED

FEB 2 8 2008  aew

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

U.S. ex rel. Theodore Luczak (B-00780)

Petitioner,

. vs.

Case No. 07 C 6375

Honorable

Ronald A. Guzman

Judge Presiding

Terry McCann (Warden)

Respondent.

## MOTION FOR APPOINTMENT OF
## COUNSEL OR ALTERNATIVE

Now comes petitioner, Theodore Luczak, pro-se, and respectfully moves this Honorable Court, pursuant to the authorizing Federal Rule or Statute, allowing the appointment of counsel, or in the alternative, a court order affording petitioner adequate and meaningfull access to legal materials, that are essential to the drafting of his arguments to be presented to the court for review.

In support of this motion, petitioner states the following:

(1)    That petitioner is currently incarcerated within the

- 1 -

Illinois Department of Corrections, at the Stateville facility located at Route 53. Post Office Box 112. Joliet, Illinois 60434.

(2)   That on November 9, 2007, the petitioner's Habeas Corpus petition was filed, and assigned to the Honorable Ronald A. Guzman.

(3)   That on February 4, 2008, Honorable Guzman: granted petitioner leave to proceed in forma pauperis, and ordered the Respondent to answer or otherwise plead within twenty days of his order.

(4)   That on, or about, August 20, 2007, plaintiff caused to be filed: a civil rights action pursuant to Title 42 U.S.C. §1983 in the United States District Court, Northern District of Illinois, for a violation of petitioner's right of access to the courts and other constitutional violations.

(5)   That on August 30, 2007, Honorable Matthew F. hennelly: granted petitioner in part: leave to proceed in forma pauperis on three of his claims, but dismissed petitioner's claim of denial of access to courts: because petitioner has three (3) prior strikes under the Prison Litigation Reform Act. (see Exhibit #1)

(6)    That in the past year, the petitioner has only been allowed access to the facilities law library twice, and at such times, petitioner was only afforded the use of out dated law books.

(7)    That only due to the assistance of Marsha Watt, an assistant public defender, out of the Cook County Public Defenders Office, was the petitioner able to obtain the authority supporting his claims now pending before this Honorable Court, and the maps to support the petitioner's request for Judicial Notice of the Indiana-- Illinois State Border. (See Exhibit #2)

(8)    That on, or about, February 14, 2008, petitioner filed a Memorandum in support of his, Motion To Reconsider the order entered by Honorable Matthew F. Kennelly, in relation to petitioner's denial of access to courts, concerning Luczak v. Walker, 07 C 3722. (See Exhibit #3)

(9)    That without the appointment of counsel, the petitioner will essentially be denied his constitutional right to ade- quately present evidence (supporting documents) because the prison officials have illegaly confiscated and destroyed most of petitioner's documents in relation to his criminal appeal, and Marsha Watt from the Cook County Public

Defenders Office; is currently in the process ob obtaining the documents needed to aid petitioner. (See Exhibit #4) and petitioner is in the process of settleing a claim; so that he may pay the filing fee upon the refiling of his Title 42 U.S.C. §1983 for denial of access to courts. (See Exhibit #5)

(10)   That ehxibit #3; clearly demonstrates just how effective the defendant's actions of denying petitioner adequate and meaningfully access to the facilities law library or legal materials.

WHEREFORE, petitioner prays that this Honorable Court will either appoint counsel; or enter an order allowing petitioner adequate time in the facilities law library and to up-dated law books.

Dated: February 18, 2008.

/s/ Theodore Luczak

Theodore Luczak
#B-00780

# Appendix

Appendix A. Case Assignment and Number

Appendix B. Order granting in forma pauperis and ordering Respondent to answer or plead.

Exhibit #1. Three Pages.
Exhibit #2. Seven Pages.
Exhibit #3. Eightyfive Pages.
Exhibit #4. One Page.
Exhibit #5. Two Pages.

Appendix # A



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS 60604

**MICHAEL W. DOBBINS**
CLERK

**PRISONER CORRESPONDENCE**
312-435-5794

November 9, 2007

Theodore Luczak
B-00780
P.O. Box 112
Joliet, IL 60434

Dear Mr. Luczak:

We hereby inform you that your petition for leave to file and proceed in forma pauperis in the cause entitled:

**United States of America ex rel. THEODORE LUCZAK -vs- TERRY MCCANN**

has been assigned case number: **07C 6375**

and to: **JUDGE RONALD GUZMAN**

who will rule on your petition.     **MAGISTRATE JUDGE KEYS**
is the designated magistrate for your case.

Please indicate your assigned case number on all future documents/correspondence submitted to this court regarding the above case. **Furthermore, you must keep the court informed (in writing) of your current address throughout the pendency of your case.** Failure to do so may result in dismissal of your case for want of prosecution.

In the future, if you wish to receive acknowledgment of filing(s), you must submit an <u>original</u> document, a <u>copy for the judge</u> and **one additional copy** of each document to this court. The additional copy will be returned to you stamped "Received". The exception to this rule is when an amended petition/complaint is submitted. When submitting an amended petition/complaint, you must also submit service copies. We hope this information will assist you in the future.
Sincerely,

Prisoner Correspondent

Appendix #B

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6375 | **DATE** | 2/04/08 |
| **CASE TITLE** | U.S. ex rel. Theodore Luczak (B-00780) v. Terry McCann | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion for leave to file *in forma pauperis* [3] is granted. Respondent is ordered to answer or otherwise plead to the petition within twenty days of the date this order is entered on the clerk's docket.

■ [For further details see text below.]

Docketing to mail notices

## STATEMENT

Petitioner's motion for leave to file *in forma pauperis* is granted. Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, petitioner must send an exact copy of any filing to Chief, Criminal Appeals Division, Office of the Attorney General, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. The original paper filed with the Prisoner Correspondent must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

Respondent is ordered to answer or otherwise plead to the petition within twenty days of the date this order is entered on the clerk's docket.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

# Exhibit #1

Order dismissing petitioner's claim of denial of access to courts.

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3722 | **DATE** | 8/30/2007 |
| **CASE TITLE** | Theodore Luczak (B-00780) vs. Roger Walker, et al. | | |

#### DOCKET ENTRY TEXT

The Court grants Plaintiff's motions for leave to file *in forma pauperis* [5,7] and waives the initial partial filing fee. Plaintiff may proceed on his two claims alleging imminent danger of physical harm, but his remaining claims are dismissed without prejudice. The court orders the trust fund officer at plaintiff's current place of incarceration to collect monthly payments from plaintiff's trust fund account in accordance with this order. The clerk shall issue summonses to defendants Walker, Pierce, and McCann and send a copy of this order to the trust fund officer at Stateville Correctional Center. The clerk shall also send plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. The Court dismisses defendants Hastings, Brand, Gish, Mingo, Ellinger, and Jones.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Plaintiff Theodore Luczak , currently an inmate at Stateville Correctional Center, seeks leave to file this *pro se* civil rights complaint *in forma pauperis.*

Under the Prison Litigation Reform Act, a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). At least three of Plaintiff's previous actions have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Luczak v. Snyder*, No. 01 C 5001 (N.D. Ill.) (Order of Jun. 29, 2001, advising Plaintiff that he had "struck out" and *citing Luczak v. Cooper*, 98 C 6807, dismissed 2/10/99; *Luczak v. McGuire*, 00 C 7325, dismissed 12/7/00; and *Luczak v. Wintesteen*, 00 C 6277, dismissed 12/6/00).

Plaintiff makes two claims involving allegations of imminent danger of serious physical injury. First, he alleges that defendants at Stateville Correctional Center have refused to place him in protective custody despite knowing that a gang has vowed to kill him. This is a sufficient assertion of imminent danger of serious physical injury. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331(7th Cir. 2003), *citing Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998). Second, Plaintiff alleges that he is not receiving adequate medical treatment for his most serious medical conditions. This also is a sufficient assertion of imminent danger of serious physical injury. *See Erickson v. Pardus*, 127 S. Ct. 2197 (2007). Plaintiff accordingly will be allowed to proceed on these claims against defendants Roger Walker, Guy Pierce, and Terry McCann without prepayment of the filing fee.

Because Plaintiff is unable to prepay the filing fee, the Court grants him leave to file *in forma pauperis* in regard to the above claims. According to the statement submitted with his *in forma pauperis* application, Plaintiff owes the institution $408.60 and has neither available funds nor means to pay the initial partial filing

## STATEMENT

fee required by 28 U.S.C. § 1915(b)(1). Because 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid.  All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Plaintiff also makes several other apparent claims, most of them directed at officers at Pontiac Correctional Center, from which he was transferred in August 2006.  In brief, these claims include denial of access to the courts; retaliatory placement in segregation at Pontiac in December 2005; destruction of legal documents at Pontiac; transfer to Stateville Correctional Center to prevent him from appealing a mandamus action against the Director of the Illinois Department of Corrections and to frustrate his pending state habeas corpus petition; ignoring his grievances; an assault by a guard and another inmate at Pontiac; and a false disciplinary report in regard to the inmate attack which led to him being confined in segregation under unconstitutional conditions of confinement. "In order to meet the imminent danger requirement of 28 U.S.C. §1915(g), the 'threat or prison condition [must be] real and proximate.'" *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).  A past harm does not satisfy the imminent danger requirement; the alleged harm must be imminent or occurring at the time the complaint is filed. *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003).  Plaintiff's claims other than the two described earlier all concern past harms at Pontiac and thus do not meet the imminent danger requirement. Even those harms that may be ongoing, such as denial of access to the courts and failure to consider grievances, do not involve any imminent danger of physical injury to Plaintiff.

Several other district courts have considered situations in which a plaintiff who has "struck out" has met the imminent danger requirement as to some claims but has also included claims that do not meet the imminent danger requirement or has sought leave to amend to add such claims. In *Brown v. Beard*, 2007 WL 1838312, (E.D. Pa. 2007), the court indicated that the plaintiff was attempting to circumvent § 1915(g) by alleging other claims along with his claim of imminent danger because the prison was denying him a medically appropriate diet and proper medical treatment for a knee injury. *Id.* at *2.  As that court noted, plaintiff had been granted IFP status only as to the claims alleging imminent danger of physical injury. *Id.*  In *Ellington v. Alameida*, 2006 WL 3201088 (E.D. Cal. 2006), the court did not permit the plaintiff to supplement his complaint with an allegation that did not demonstrate that he was in imminent danger of physical injury, although he had been permitted to file *in forma pauperis* on his original complaint which alleged imminent danger of physical injury. *Accord, Bagwell v. Williams*, 2002 WL 169262 (D. Del. 2002).

This Court accordingly concludes that Plaintiff's remaining claims that do not involve allegations of imminent danger of physical injury must be dismissed without prejudice for failure to pay the filing fee.  If he wishes to bring these claims in a separate complaint and prepay the $350.00 filing fee, he may do so.  Defendants P. Hastings, Bruce Brand, Gish, Lashon Mingo, Robert Ellinger, and Eddie Jones are dismissed from this action because they are all employed at Pontiac Correctional Center and have no involvement in Plaintiff's allegations of imminent danger at Stateville Correctional Center.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the prisoner correspondent.  In addition, Plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants.  Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing.  Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

The United States Marshals Service is appointed to serve defendants.  Any service forms necessary for

## STATEMENT

plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to former correctional employees who no longer can be found at the work address provided by plaintiff, the Illinois Department of Corrections shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Finally, Plaintiff has filed a document entitled "Federal Question" in which he asks the Court to answer several questions in regard to filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The enumerated questions are seeking legal advice. Neither the Court nor the Clerk of the Court can give legal advice.

07C3722 Theodore Luczak (B-00780) vs. Roger Walker, et al.

# Exhibit #2

Letter and supporting documents from the Assistant Public Defender Marsha Watt



Law Office of the
## COOK COUNTY PUBLIC DEFENDER
69 W. WASHINGTON • 15TH FLOOR • CHICAGO, IL 60602 • (312)603-0600 • (312)603-9860 fax

**Edwin A. Burnette • Public Defender**

December 27, 2007

CONFIDENTIAL AND PRIVILEGED LEGAL MAIL

Mr. Theodore Luczak
Reg. No. B-00780
Stateville Correctional Center
Route 53
P.O. Box 112
Joliet, Illinois 60434

    RE: Jurisdictional Issue

Dear Mr. Luczak:

Please find the enclosed copy of Clay v. McBride, 946 F. Supp. 639 (1996). Although the court ruled against Petitioner's *habeas* claim, the court did review Petitioner's guilty plea and note that he had a potential state claim. Also, the court, citing Tredway v. Farley and Crank v. Duckworth (both enclosed) acknowledged that within the Seventh Circuit, a litigant may challenge the constitutionality of a prior conviction where he is in custody by virtue of an enhanced sentence based upon the prior conviction.

I believe that the jurisdictional issue you raised in our conversation today is material and significant. The case law cited above should support your claim. Challenging an Illinois conviction under Illinois state law, for an alleged crime that occurred in Indiana and not Illinois, should merit review by a federal court because it implicates a controversy between two states, state sovereignty and associated constitutional issues. The court should take judicial notice of the Indiana-Illinois State border. To my knowledge the border is undisputed and was established between 1816 and 1818 when the states were chartered. However, if the court is reluctant to take judicial notice of the border, an offer of proof consisting of maps memorializing the location of the Indiana-Illinois state line from Rand-McNally and Google should help (7 pages enclosed).

As for the information you requested concerning the Chicago Bar Association (CBA), the CBA does not have a list I could download and print for your records. There are two ways to obtain legal assistance from CBA affiliated lawyers. The CBA encourages people to apply at their website online for assistance. However, as you and your librarian may not have access to a computer, you may write the Chicago Bar Association at 321 S. Plymouth Court, Chicago, IL 60604.

You may also call the CBA between the hours of 9:00 a.m. and 12:00 noon, at (312) 554-2001. In addition, I know from personal experience that you may obtain a court appointed "bar attorney" at many courthouses. These bar attorneys keep office hours in various courthouses and are appointed when one is unable to afford counsel and there is a conflict of interest between government legal offices that

represent litigants who cannot afford an attorney. Also, you may contact the CBA and request a *pro bono* attorney.

Please do not hesitate to contact me if you have any other questions or concerns.

Sincerely,

MARSHA WATT
Assistant Public Defender

· Google Maps











Get Google Maps on your phone
Text the word "GMAPS" to 466453





**Click on Map to:**

○ Recenter    ○ Zoom In    ○ Zoom In & Recenter

 Recenter map on address

**Find it in the Road Atlas**

**2008 Road Atlas**
• page 36, grid section A-4

**Travel Offers**
• Flights to Whiting
• Whiting Hotels
• Vacations in Whiting
• Rental Cars
• Paper Maps
• Whiting Ever

Ads by Google
See Homes for Sale
Free Custom Home Listings Emails
Photos Included. No Obligation
www.JustListed.com ...

Charlotte Real Estate
Looking For A Quality Real Estate
Company? Call Our Realtors Today.
www.BuyersSelect.com ...

Advertise on this site

Ads by Google
Real Estate Listings
Colorado Springs Relocations Home Search (MLS). No
Registration
www.BuyInCO.com ...

Sear
Sear
Now.
Color

Advertise on this site

**Web Offers**
• Schools in Whiting
• Apartments in Whiting
• Flowers in Whiting
• Real Estate in Whiting
• Home Loans in Whiting
• Hotels in Whiting
• Jobs in Whiting
• Car Rental in Whiting
• Vacations in Whiting
• Car Insurance in
• New Cars in Wh
• Personals in Wh

Please let us know of any errors or omissions you find in our driving directions and maps, especially the names of towns and st may have been unable to locate for you.

IN THE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Theodore Luczak
          Plaintiff,

          . vs.

Roger E. Walker, et. al.,
          Defendant's,

Case No. 07C 3722
Honorable
MATTHEW F. KENNELY
Judge Presiding .

## MOTION TO RECONSIDER THE
## STRIKE OF LUCZAK . v. WINTERSTEEN

Now comes plaintiff, Theodore Luczak, and
respectfully moves this Honorable Court, with this
Motion To Reconsider the strike of Luczak v
Wintersteen, as it is a misappropriation of the
Prison Litigation Reform Act's intent.
     In support of this motion, plaintiff has attahed
a memorandum in support.

Dated: 2-2-08

/s/ Theodore Luczak
     Theodore Luczak
     Reg No B-00780

IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

Theodore Luczak
       Plaintiff,

    -vs-

Roger E. Walker, et al.,
       Defendant's,

Case No. O7C 3722
Honorable
MATTHEW F. KENNELLY
Judge Presiding

## MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER THE STRIKE OF LUCZAK -v- WINTESTEEN

Now comes plaintiff, Theodore Luczak, and respectfully moves this Honorable Court, with this Memorandum in support of his motion to reconsider this courts ruling to dismiss several claimes based on the misappropriation of strike entered in Luczak v. Wintesteen, OO 6277.

## ARGUMENT

On, or about, December 6, 2000, plaintiff caused to be filed, a civil rights complaint pursuant to Title 42 USC §1983, as against several employees of the Illinois Department of Corrections, for their deliberate acts

of interfering with his right of access to the courts. In said complaint, the plaintiff argued that the defendants deliberately refused to provide him access to the facilities law library, despite the fact that they had full knowledge that plaintiff had a court deadline in which to file a motion to reconsider and a suppliment to his Post-Conviction Petition within fifteen days.

On December 6, 2000, Honorable Paul E. Plunkett, dismissed the plaintiff's complaint pursuant to 28 U.S.C. §1915(A) for failure to state a claim upon which relief may be granted, holding that, the right of access to the courts is a purely instrumental right, a person cannot sue for interference with his right of access unless it caused him some other injury, normally the loss of a legal claim the plaintiff was unable to present to a court. The court further held, that because plaintiff was unable to show an injury without the showing of the invalidity of his conviction, plaintiff could not sue for damages for interference with his access to the courts, and since the deadline had long passed, plaintiff had no claim for injunctive relief, and a declaratory judgment would be inappropriate in the absence of an existing, present controversy regarding access to the law library. (See Order)

Plaintiff argues that the above ruling is very prejudicial to the plaintiff, and is flawed in the following aspects. First the plaintiff argues that, the reviewing court failed to take into consideration

upon the screening of plaintiff's claim of the denial of access to the courts, the holding in O'Sullivan v. Boerchel, at 845, 119 S.Ct. 1728 (1999) that mandates a state prisoner to give the state court one full opportunity to resolve any constitutional issues, and the reviewing court further failed to take into consideration any future harm to the plaintiff caused by the denial of access to the courts, such as in Luczak v. Schomig, 01 CV 09352.

In Luczak v. Schomig, Id, the Honorable Ronald A. Guzman, denied plaintiff Habeas Corpus review based upon a procedural default holding that plaintiff failed to allow the state courts to fully and fairly litigate his claims raised in his Habeas petition (See Page 12). Plaintiff first argues that; how could he give the state courts a full and fair opportunity to resolve his constitutional issues, if: (1) Plaintiff's appointed Post-Conviction Counsel filed a Motion To Withdraw pursuant to Pennsylvania v. Finley, and (2) The prison officials denied the plaintiff adequate and meaningfull access to the facilities law library, in which to effectively answer or suppliment his Post-Conviction Petition.

To allow the strike of Luczak v. Wintesteen, to stand, essentially means that the plaintiff has no right to the adequate Post-Conviction review, the plaintiff has no right to the adequate Habeas Corpus review, or the right to adequate and

- 3 -

meaningfull access to the courts. Not only has the plaintiff suffered the effects of <u>Luczak v. Wintesteen</u>, but has further suffered additional denial of access to court claims; such as in Luczak v. Mote, 04-1063 where plaintiff had to file a temporary restraining order seeking his legal documents to meet a court deadline in the U.S. Supreme Court. The defendant's compled; but retaliated by withholding plaintiff's legal mail to the U.S. Supreme Court, causing plaintiff's motion to amend to be denied. (See Exhibit #1) In <u>People v. Luczak</u>, 95CR 1411801, the plaintiff was denied adequate and meaningfull access to the facilities law library or legal materials in which to file a Notice of Appeal from the denial of plaintiff's request for DNA Testing, and now plaintiff is praying that the Illinois Supreme Court well grant his DNA request (See Exhibit #2) Upon plaintiff's appeal from the denial of his Freedom of Information seeking to investigate each member of his jury in <u>People v. Luczak</u>, Appeal No. 06-0662, where plaintiff informed the appellate court that he was being denied access to the facilities law library and legal materials, and requested a court order for such access; to no avail, as the appellate court denied such request. (See Exhibit #3) The plaintiff then informed the court; that he would be unable to meet any court deadline, due to the lack of access to the law library. (See Exhibit #4) On May 18, 2007, the appellate court dismissed the plaintiff's appeal for want of prosecution; because the plaintiff was unable to draft and file his

brief. (See Appendix C)

The strike of <u>Luczak v. Wintesteen</u>, is eff-ectively allowing the defendants to deliberately deny plaintiff any access to the courts, that is thereafter causing plaintiffs appeals to be denied and/or dismissed. To say the least; the plaintiff has had no constitutional right to an adequate Federal or State review of his unconstitutional criminal conviction.

WHEREFORE, plaintiff prays that this Honorable Court will withdraw the strike of <u>Luczak v. Wintesteen</u>, No. 2000 C 6277, and allow plaintiff to proceed on all claims filed in the original com-plaint in this cause of action.

Dated. 2-2-08                    /s/ Theodore Luczak
                                 Theodore Luczak

Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | PAUL E. PLUNKETT | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2000 C 6277 | **DATE** | 12-6-00 |
| **CASE TITLE** | Theodore Luczak IDOC# B00780) v. Wintersteen, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Plaintiff's first motion for leave to file in forma pauperis [3-1] is denied, his second motion for leave to file in forma pauperis [6-1] is granted, and his motion to compel [5-1] is denied as moot. This action is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. The court orders the trust fund officer at plaintiff's current place of incarceration to deduct $9.58 from plaintiff's account for payment to the clerk of court as an initial partial filing fee and make further deductions and payments as set forth herein. The clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | Document Number |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | 12/7/00 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 9 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 00 DEC -6 AM 10: 47 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THEODORE LUCZAK, | ) | |
| | ) | |
| Petitioner, | ) | No. 01 CV 09352 |
| | ) | |
| v | ) | Judge Ronald A Guzman |
| | ) | |
| JAMES M. SCHOMIG, Warden, | ) | |
| Pontiac Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

Before this court is Theodore Luczak's ("Luczak") petition for writ of habeas corpus under 28 U.S.C. §2254.  For the following reasons, this court denies the petition.

## FACTUAL BACKGROUND

When considering a habeas corpus petition we presume that the factual determinations of the state court as true.  28 U.S.C. § 2254(e)(1).  Thus, we adopt the facts as set forth by the Illinois Appellate Court.  *People v. Luczak*, 306 Ill. App. 3d 319, 714 N.E.2d 995, 239 Ill. Dec. 698 (1st Dist. 1999).

Following a jury trial defendant was convicted on two counts of aggravated criminal sexual assault. Prior to trial, the State moved to introduce evidence of defendant's (hereinafter referred to as "defendant" or "Luczak") prior crime, arguing that evidence of the other crime established defendant's criminal intent at the time of the charged crime and Luczak's *modus operandi.*  Over objection, the trial court granted the motion, and stated that the evidence of the other crime demonstrated defendant's *modus operandi* and criminal intent.

Prior to trial, Luczak motioned to quash his arrest and suppress his oral confession. The motion to quash his arrest was denied based upon the determination that the police officers had probable cause to arrest Luczak in the doorway of his residence. Luczak had also been identified in a line up by the victim and her sister. The motion to suppress the oral confession was also denied. The trial judge concluded that Luczak had failed to present "clear and convincing" evidence that he did not knowingly, intelligently and voluntarily waived his Miranda rights, and that the state did establish a *prima facie* case that the defendant knowingly, intelligently and voluntarily waive his Miranda rights.

During trial, Luczak motioned for permission to represent himself without the help of a licensed attorney. After the trial judge inquired to Luczak's ability to represent himself, pursuant to *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562(1975), the trial judge ruled that Luczak was able and fit to represent himself during the remainder of the trial.

Also during trial, Luczak asked the trial judge to enter an order allowing him more time in the Law Library located in the Cook County Jail. Given that Luczak was being held in custody at that time, thus the trial judge denied Luczak's request stating that this request was for the prison officials to decide, and not the court.

After the jury instructions were given, the jury foreperson requested a copy of the supplemental police report for review in the jury deliberation room. The trial judge denied such a request based upon the Illinois Rules of Criminal Procedure §803 governing hearsay. After deliberation, the jury announced that the state had proven beyond a reasonable doubt that Luczak was guilty of two counts of aggravated criminal sexual assault.

## PROCEDURAL HISTORY

On July 7, 1997 Luczak, represented by an appointed public defender of Cook County, filed his Direct Appeal in the First District of the State of Illinois. Luczak raised one issue on direct appeal; that the trial court erred in admitting the evidence of his prior conviction of aggravated criminal sexual assault. The First District Appellate Court affirmed Luczak's conviction for aggravated criminal sexual assault on June 14, 1999 in a published opinion. *People v. Luczak*, 306 Ill.App.3d 319, 714 N.E.2d 995(1st Dist. 1999). The appellate court held that there were significant similarities between the two crimes and the evidence was entered to prove a *modus operendi*, intent, identity, or motive, which was in accordance with Illinois's law regarding admissibility of other crimes.

On July 13, 1999, Luczak filed a *pro se* petition for leave to appeal to the Illinois State Supreme Court. Luczak raised four issues: (1) that the trial court and the appellate court erred in granting the State's motion to enter evidence of a prior conviction for an aggravated criminal sexual assault; (2) that the trial court erred when the jury was instructed to consider the evidence of Luczak's prior conviction for aggravated criminal sexual assault for the limited purpose of establishing Luczak's identity and intent; (3) that the trial court erred in admitting evidence of an alleged oral confession; and (4) that the trial court abused it's discretion for allowing a conversation between the judge and a juror outside the presence of Luczak. On October 6, 1999, the Illinois State Supreme Court denied Luczak's petition pursuant to Illinois State Supreme Court Rule 23. *People v. Luczak*, unpublished order dated October 6, 1999.

Luczak then filed a *pro se* petition for Writ of Certiorari to the United States

3

Supreme Court on November 23, 1999. Luczak raised one issue; that his sixth and fourteenth amendments were violated because the trial court erred by admitting evidence of a prior conviction for aggravated sexual criminal assault. The United States Supreme Court denied his petition on February 22, 2000. *People v. Luczak,* 528 U.S. 1164, 120 S.Ct. 1182, 145 L.Ed.2d 1088(2000).

On March 27, 2000, Luczak filed a *pro se* post conviction petition. Luczak raised eight issues: (1) that his appellate counsel was ineffective because his counsel failed to review the total disclosure of the record and failed to raise all meritorious claims on direct appeal that appeared on record; (2) that his fifth and fourteenth amendments were violated because the trial court erred in admitting evidence of a prior conviction for aggravated criminal sexual assault; (3) that his fourth and fourteenth amendments were violated by the trial court's denial of his motion to quash arrest; (4) that his fifth and fourteenth amendments were violated by the trial court's denial of his motion to suppress his oral confession; (5) that his fifth and fourteenth amendments were violated when the trial Judge denied admitting a supplemental police report as substantive evidence; (6) that his sixth and fourteenth amendments were violated when the trial Judge abused his discretion in that the judge had a conversation with a juror outside the presence of Luczak; (7) that his sixth and fourteenth amendments were violated because the trial Judge denied Luczak adequate access to legal materials and a private investigator; (8) that his sixth and fourteenth amendments were violated because the trial Judge abused his discretion in denying Luczak's petition for a new trial when the State failed to prove Luczak's guilt beyond a reasonable doubt. Luczak's post conviction was denied on April 6, 2000.

4

On April 5, 2001, Luczak's appointed attorney for his post conviction appeal filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*. Luczak filed a response to the motion to withdraw on May 22, 2001. Luczak raised seven issues in his response: (1) that the trial court erred in summarily dismissing Luczak's post conviction petition without an evidentiary hearing; (2) that his appellate counsel was ineffective because the counselor failed to raise Miranda issues; (3) that the trial court erred in refusing to admit supplemental police reports as substantive evidence; (4) that the State failed to prove beyond a reasonable doubt that Luczak knowingly, intelligently, and voluntarily waived his Miranda warnings; (5) that the trial court erred in the denying his motion to quash arrest and in denying his motion to suppress statements; (6) that the trial court erred in holding Luczak, a *pro se* litigant, to the same standards as a licensed attorney; (7) the trial court erred in denying Luczak the right to effective access to the Cook County Jail Law Library while he was being held in custody. On June 25, 2001, in an unpublished order, the Appellate Court found no issues of arguable merits, granted the appointed attorney's motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, and affirmed the judgment of the circuit court.

Luczak filed his second *pro se* petition for leave to appeal to the Illinois State Supreme Court on August 6, 2001. Luczak raised eight issues: (1) that the trial court erred in summarily dismissing Luczak's post conviction petition without an evidentiary hearing; (2) that the Appellate court erred in dismissing Luczak's post conviction appeal based upon his appointed counsel's motion to withdraw pursuant to *Pennsylvania v. Finley*; (3) that his appellate counsel was ineffective because the counselor failed to raise all meritorious claims and failed to review the entire record before filing the appellate

5

brief; (4) that the trial court erred in refusing to admit a supplemental police report as substantive evidence; (5) that the trial court erred in denying Luczak's motion to suppress his oral confession; (6) that the trial court erred in denying Luczak's motion to quash arrest; (7) that the trial court erred in holding Luczak, a *pro se* litigant, to the same standards as a licensed attorney, denying him effective access to the law library at Cook County Jail, and failing to appoint Luczak standby counsel; (8) that the trial court erred in denying Luczak's motion for a new trial because the State failed to prove Luczak's guilt beyond a reasonable doubt. The Illinois State Supreme Court denied Luczak's petition for leave to appeal in an unpublished order on October 3, 2001. Luczak then filed this *pro se* writ of habeas corpus in the United States District Court for the Northern District of Illinois on January 14, 2002.

## DISCUSSION

Luczak raises nine claims: (1) He was denied a fair trial because his prior conviction of aggravated criminal sexual assault was wrongfully admitted into evidence during his trial; (2) he received ineffective assistance of appellate counsel because his counsel failed to review all meritorious claims and failed to review the entire record prior to filing his appellate brief; (3) he was denied due process because during the pre-trial motion to suppress statements, after the State established a *prima facie* case, the trial court erred in shifting the burden to the petitioner to prove that he did not waive his Miranda rights; (4) he was denied due process because at a pre-trial motion to quash arrest the State did not present enough evidence which would have established that the police officers had probable cause at the time of his arrest; (5) he was denied due process because the trial Judge did not allow a supplemental police report to be admitted to the

6

jury as substantive evidence; (6) he was denied due process because the statutes

governing *pro se* litigants were violated because he was never appointed standby counsel

nor did the Judge grant an order for petitioner to be allowed extended time in the Cook

County Jail Law Library; (7) he was denied due process because during the State's

opening arguments, the State included inaccurate information that was contrary to the

evidence presented at trial; (8)he was denied due process because the trial court

dismissed his post conviction petition without an evidentiary hearing; (9) he was denied

effective assistance of counsel for post conviction appeal when the Appellate court

granted his appointed counsel's motion to withdraw as counsel pursuant to *Pennsylvania*

*v. Finley.*

## A. STANDARD OF REVIEW

After the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), the

law of habeas corpus requires that the federal courts review state court holdings with

deference to state-court fact findings and is limited to ensuring that the state courts

comply with "clearly established federal law." The habeas corpus statute specifically

states:

> (d) An application for a writ of habeas corpus on behalf
> of a person in custody pursuant to the judgment of
> the a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in
> State court proceedings unless the adjudication of
> the claim-- (1) resulted in a decision that was
> contrary to, or involved an unreasonable application
> of, clearly established Federal law, as determined by
> the Supreme Court of the United States; or (2) resulted
> in a decision that was based on an unreasonable
> determination of the facts in light of the evidence
> presented in the State court proceeding.

28 U.S.C. §2254.

7

"The 'unreasonable application' clause of 28 U.S.C. §2254(d)(1) governs alleged errors in the state court's application of Supreme Court precedent to the facts of the case." *United States ex rel. Jones v. Chrans*, 187 F.Supp. 2d 993, 1000 (N.D.Ill. 2002). *See Boss v. Pierce*, 263 F.3d 734, 739 (7th Cir. 2001); *see also Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1520-21, 146 L.Ed.2d 389 (2000). Only when the application of constitutional law is unreasonably erroneous may this court grant habeas relief. *Williams v. Taylor* at 1520-21, 120 S.Ct. 1495(2000). *See Washington v. Smith*, 219 F.3d 620, 628 & n.5 (7th Cir. 2000) *See also United States ex rel. Jones v. Chrans*, 187 F.Supp.2d 993(N.D.Ill. 2002).

Under 28 U.S.C. §2254(d)(2), "state court factual findings that are reasonably based on the record are presumed correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence." *Todd v. Schomig*, 283 F.3d 842, 846(7th Cir. 2002) *See* 28 U.S.C. §2254(e)(1); *See also Cossel v. Miller*, 229 F.3d 649, 651 (7th Cir. 2000). This court will grant relief based upon the habeas petition only if the petitioner offers substantial evidence that the state court factual findings were incorrect. *Rodriguez v. Peters*, 63 F.3d 546, 554 (7th Cir. 1995).

## B. DOCTRINE OF EXHAUSTION

For this federal court to review the claims Luczak asserts in this habeas corpus petition, 28 U.S.C. §2254(b)(1)(A) requires that Luczak first exhaust all of his state court remedies. Exhaustion "'refers only to remedies still available at the time of the federal petition,' it requires federal courts to ask whether an applicant for federal relief could still get the relief he seeks in the state system." *O'Sullivan v. Boerckel*, 526 U.S. 838, 851, 119 S.Ct. 1728, 144 L.Ed.2d 1(1999) *Quoting to Engle v. Isaac*, 456 U.S. 107, 125-126,

8

n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783(1982). This requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640(1991); *rehearing denied* 501 U.S. 1277, 112 S.Ct. 2546, 115 L.Ed.2d 1109 (1991).

Luczak is no longer eligible for the relief he seeks from the Illinois state-court system because he has filed claims in the Illinois trial courts, Illinois appellate court, and the Illinois State Supreme court in a timely manner. Luczak has no other available state-court remedies. Therefore Luczak has exhausted his state-court remedies and this court may properly review his habeas corpus petition.

## C. PROCEDURAL DEFAULT

Even though Luczak has exhausted his state court remedies, Luczak is also required to raise his claims through "one complete round" of the appellate process or risk procedural default. *O'Sullivan v. Boerckel* at 845, 119 S.Ct. 1728(1999). In recognizing Illinois' established two-tiered discretionary appellate review process, the United States Supreme Court in *Boerckel,* held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" or the petitioner risks procedural default. *Id.*

Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992); *cert. denied* 508 U.S. 962, 113 S.Ct. 2935, 124 L.Ed.2d 685 (1993). Like the exhaustion

9

requirement, the rule of procedural default is also "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson* at 731, 111 S.Ct. 2546(1991). Luczak has procedurally defaulted on habeas claims one, three, four, five, six, and seven because he has failed to raise those claims in "one complete round" of Illinois' established appellate review process.

Claim one of Luczak's habeas corpus petition alleges that the trial court erred in admitting evidence of a prior criminal sexual assault conviction. Luczak raised this issue in his direct appeal, his initial *pro se* petition for leave to appeal, and his *pro se* post conviction appeal. Luczak failed to raise this issue in his *pro se* appeal of his post conviction and in his final *pro se* petition for leave to appeal to the Illinois State Supreme Court. Under the law established in *Boerckel,* an Illinois petitioner is required to raise the issue to the highest State Supreme Court, even if the appellate review is discretionary. *O'Sullivan v. Boerckel* 119 S.Ct. 1728(1999)

Luczak had the opportunity to raise this issue in all of his petitions but without reason Luczak failed to raise this issue to the Illinois State Supreme Court. By failing to raise this issue in his *pro se* post conviction appeal and his *pro se* petition for leave to appeal, Luczak has failed to complete "one full round" of the Illinois' appellate review process. Thus, Luczak has procedurally defaulted on this issue and this court is barred from further reviewing the merits of this habeas claim. Id. at 848, 119 S.Ct. 1728(1999)(Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims.) *See Coleman v. Thompson* at 731-732, 11 S.Ct. 2546(1991); *Engle v. Isaac* at 125-126,

n.28, 102 S.Ct. 1558(1982).

Claim three in Luczak's habeas corpus petition alleges he was denied due process because during the pre-trial motion to suppress statements, after the State established a *prima facie* case, the trial court erred in shifting the burden to the petitioner to prove that he did not waive his Miranda rights. Claim four in Luczak's habeas corpus petition alleges that the trial court erred in denying his motion to quash arrest. In Luczak's fifth habeas claim, he alleges that the state court erred in denying his motion to admit a supplemental police report as substantive evidence. Luczak objected to all three of these habeas claims at trial, but Luczak failed to raise these issues on direct appeal.

Due to the objections made at trial, Luczak "preserved" the right to raise these issues in his direct appeal. *People v. Enoch*, 122 Ill.2d 176, 186, 119 Ill.Dec. 265, 522 N.E.2d 1124(Ill. 1988)(Alleged errors of the trial court must be objected to at trial and specified in a post-trial motion in order to preserve them for appeal.); *People v. Armstead*, 322 Ill.App.3d 1, 748 N.E.2d 691, 254 Ill.Dec. 973 (1st Dist. 2001). Luczak's failure to raise those issues on direct appeal barred him from raising those issues in post conviction proceedings, preventing the issue from being raised to the Illinois State Supreme Court. *Post Conviction Hearing Act*, 725 ILCS 5/122-1 et. seq. (West 1994) (In post conviction proceeding, any issues which could have been raised on direct appeal, but were not, are procedurally defaulted...). This "explicit finding of [Luczak's] state law procedural default prevents habeas review because it constitutes an 'independent and adequate state ground' for the result reached." *Zamora v. Pierson*, 158 F.Supp.2d 830, 837(N.D.Ill. 2001) *Citing to Rivera v. Lane*, 506 U.S. 920, 113 S.Ct. 335, 121 L.Ed.2d 253(1992). Luczak's failure to raise habeas claims three, four, and five in his direct

appeal has procedurally defaulted those claims from review by this court.

Luczak's sixth habeas claim alleges that the trial judge abused his discretion when he failed to appoint Luczak standby counsel during his trial. Luczak's seventh habeas claim alleges that the Assistant State's Attorneys included information in their opening statement that was inconsistent with evidence presented at trial. Luczak failed to object to these alleged errors at trial, which bars him from raising these issues in his direct appeal. *People v. Ross*, 329 Ill.App.3d 872, 769 N.E.2d 953, 264 Ill.Dec.116 (1st Dist. 2002) *See People v. Enoch*, 522 N.E.2d 1124(1988). Luczak failed to follow the state rule requiring that it must be raised at trial or on direct appeal, prior to raising the issue to the Illinois State Supreme Court. He has procedurally defaulted habeas claims six and seven from habeas review. *Engle v. Isaac*, 102 S.Ct. 1558(1982).

## D. FULL AND FAIR OPPORTUNITY FOR LITIGATION IN THE STATE COURTS

Luczak has not only failed to raise claims one, three, four, five, six, and seven in "one complete round" of the Illinois' appellate review process, but he has also failed to allow the state courts to fully and fairly litigate those issues. For a federal court to review a claim raised in a habeas corpus petition, the petitioner must also allow the state courts to have an opportunity to "fully and fairly" review the claim raised or the petitioner risks procedural default. *Momient-El v. DeTella*, 118 F.3d 535, 538, *cert denied*, 522 U.S. 984, 118 S.Ct. 448, 139 L.Ed.2d 384 (7th Cir. 1997). *See Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). When it is decided that the state courts have not had a full and fair opportunity to consider the constitutional claim, then the claim is considered to be procedurally defaulted, thus barred from review by the federal courts. *O'Sullivan v. Boerckel*, 119 S.Ct. 1728(1999). *See Rodriguez v.*

12

*Scillia,* 193 F.3d 913, 916 (7th Cir. 1999).

For Luczak to be considered to have fully and fairly litigated his claims in the state courts he "must have placed both the operative facts and the controlling legal principals before the state courts." *Chambers v. McCaughtry,* 264 F.3d 732, 738 (7th Cir. 2001). *See Ellsworth v. Levenhagen,* 248 F.3d 634, 639 (7th Cir. 2001); Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). The court in *O'Leary* set forth four applicable factors clarifying the fully and fairly litigated requirement. The court stated: .

> If the petitioner's argument to the state court did not:
> (1) rely on pertinent federal cases employing constitutional analysis; (2) rely on state cases applying constitutional analysis to a similar factual situation; (3) assert the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege a pattern of facts that is well within the mainstream of constitutional litigation, then this court will not consider the state courts to have had a fair opportunity to consider the claim.

*Verdin v. O'Leary,* 972 F.2d 1467, 1473-1474(7th Cir. 1992). *See Bocian v. Godinez,* 101 F.3d 465, 469 (7th Cir. 1996); *Griffin v. McCaughtry,* 986 F.Supp. 570, 573(E.D.Wis. 1997). The court in McCaughtry further clarified that "[a] mere 'passing reference' to a constitutional issue certainly does not suffice [for federal review.]" *Chambers v. McCaughtry* at 738, 264 F.3d 732(2001) *Citing to Fortini v. Murphy,* 257 F.3d 39, 44 (1st Cir. 2001). In *Wilks,* the court noted that mere "variations in the same claim rather than a different legal theory will not preclude exhaustion." *Wilks v. Israel,* 627 F.2d 32, 38 (7th Cir. 1980). *See Chambers v. McCaughtry,* 264 F.3d 732(2001).

Luczak failed to give the State courts the first opportunity to fully and fairly litigate habeas claims one, three, four, five, six, and seven. Luczak failed to articulate those claims in a specific fact pattern within the "mainstream of constitutional litigation."

*Verdin v. O'Leary,* 972 F.2d 1467(1992). Luczak also failed to support those allegations by relying "on pertinent federal cases employing constitutional analysis" or by relying "on state cases applying constitutional analysis to a similar factual situation." *Verdin v. O'Leary* at1473-1474, 972 F.2d 1467(1992). *See Bocian v. Godinez* at 469, 101 F.3d 465(1996); *Griffin v. McCaughtry* at 573, 986 F.Supp. 570(1997). Therefore, Luczak has failed to give the Illinois State courts the first opportunity to "fully and fairly" litigate habeas claims one, three, four, five, six, and seven. Luczak's failure constitutes procedural default, which, under 28 U.S.C. §2254, bars this court from reviewing the merits of the allegations asserted in habeas claims one, three, four, five, six, and seven.

## E. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In claim two of his habeas corpus petition, Luczak alleges that he received ineffective assistance of appellate counsel on direct review, which violated his right guaranteed by the sixth amendment of the Constitution of the United States. Luczak alleges that his counsel failed to raise all meritorious claims in his direct appeal and failed to review the entire record before filing his appellate brief. "The Sixth Amendment right to counsel is the right to effective assistance of counsel, and the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington* at 669, 104 S.Ct. 2052(1984).

In reviewing counsel's performance, the courts used an objective standard of reasonableness, "with a highly deferential presumption in favor of the reasonable exercise of professional judgment." *U.S. v. Hodges,* 259 F.3d 655, 658 (7th Cir. 2001)

14

*See Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The purpose of this standard is "not to improve the quality of legal representation,

although that is a goal of considerable importance to the legal system. The goal [of this

standard] is simply to ensure that criminal defendants receive a fair trial." *Kubat v.*

*Thieret*, 867 F.2d 351, 359(7th Cir. 1989) Quoting *Strickland v. Washington* at 689, 104

S.Ct. 2052(1984); *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83

(1955). The Supreme Court in *Strickland* established that the standard requires the

"defendant [to] bear the burden of showing: (1) that counsel's performance was deficient;

and (2) that the deficient performance prejudiced the defense." *Kubat v. Thieret* at 867,

F.2d 351(1989) See *Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 80

L.Ed.2d 674 (1984).

In alleging that his appellate counsel's performance was deficient, Luczak is

required to "identify the acts or omissions [committed by his] counsel that are

unreasonable." *U.S. v. Hodges* at 658, 259 F.3d 655(2001) *Citing to Strickland v.*

*Washington,* 104 S.Ct. 2052(1984). This court must then "determine whether, in light of

all the circumstances, the identified acts or omissions were outside the wide range of

professionally competent assistance." Id. Luczak has failed to specifically identify acts

or omission that are unreasonable.

Luczak has offered no substantial evidence in support of his allegations that his

counsel was ineffective. Luczak includes a letter written to him by his appellate counsel,

but the content of the letter does not prove that counsel did not fully review the entire

record before filing the brief nor does it prove that counsel failed to raise all meritorious

claims in the appellate brief.

15

The letter indicates that his counsel did file the appellate brief in a timely manner and that she returned the record so the State could withdraw it and use it for its response brief. Since the State had withdrawn the record, Luczak's counsel had to order a copy of the proceedings. This does not prove that his counsel failed to raise all meritorious claims nor does it prove that counsel failed to review the entire record prior to the filing of the direct appellate brief. Luczak has failed to identify any specific acts supported by substantial evidence that his appellate counsel was ineffective and this court is therefore barred from granting Luczak's habeas corpus petition on this issue.

In identifying the specific acts or omissions that constitute ineffective assistance of counsel, Luczak must also demonstrate that these acts prejudiced the outcome of the trial court. *Strickland v. Washington* at 687, 104 S.Ct. 2052(1984). "Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518(2000) *See Murray v. Carrier*, 477 U.S. 478, 490-492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). "To succeed on a Sixth Amendment of ineffective assistance of counsel, defendant must show that there is a *reasonable probability*, which is a probability sufficient to undermine confidence in the outcome, that but for counsel's unprofessional errors, result of the proceeding would have been different." U.S.C.A. Amend. 6. *See Strickland v. Washington*, 104 S.Ct. 2052(1984).

The aggravating circumstances proved at Luczak's trial (i.e. the identification made by the victim, the testimony of a prior victim that established intent, the oral confession, etc...) were so overwhelming that even if Luczak's appellate counsel did fail to review the entire record before filing the brief, it would not have prejudiced the

16

outcome of the trial. The Appellate court would not have overturned Luczak's

conviction for criminal sexual assault. Luczak has clearly failed to identify any specific

acts or omissions committed by his appellate counsel that would have prejudiced the

outcome of his trial.

## F. EXCEPTIONS TO PROCEDURAL DEFAULT

Even though Luczak has procedurally defaulted on claims one, three, four, five,

six, and seven, if he can show cause for the default and actual prejudice, or demonstrate

that a failure to consider the claim will result in a fundamental miscarriage of justice,

then habeas review may still be available. *Resnover v. Pearson* at1468, 965 F.2d

1453(1992). *See Coleman v. Thompson* at 750, 11 S.Ct. 2546(1991); *Anderson v. Cowen*

227 F.3d 899-900(7th Cir. 2000).

Luczak is required to establish a causal claim "as an independent [constitutional]

claim before it may be used to establish cause for a procedural default." *Murray v.*

*Carrier* at 489, 106 S.Ct. 2639(1986) *See Momient-El v. DeTella*, 118 F.3d 535, 538

(1997). To demonstrate prejudice, the petitioner must show "not merely that the errors of

his trial created a possibility of prejudice, but that they worked to his actual and

substantial disadvantage, infecting his entire trial with error of constitutional

dimensions." *Lemons v. O'Sullivan* 54, F.3d 357, 362, *cert. denied*, 516 U.S. 993, 116

S.Ct. 528, 133 L.Ed.2d 434 (7th Cir. 1995) *Citing to: United States v. Frady*, 456 U.S.

152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816(1982).

Luczak failed to demonstrate that any independent constitutional violation

occurred which caused him to default on his claim of due process violations. Luczak

makes a speculative allegation that due to the errors of his appellate counsel, his claims

17

alleging due process violations should not be defaulted. This court has determined that Luczak's claim of ineffective assistance of appellate counsel cannot act as the "cause" for the defaults.

This court applied Luczak's alleged violation of his sixth amendment right to effective assistance of counsel to the standard established in *Strickland v. Washington*. After the application of the *Strickland* standard, this court concluded that Luczak's appellate counsel was not ineffective. There was no substantial evidence presented that supported the allegation that counsel did not review the entire record before filing the brief, nor would any of the alleged errors prejudice the outcome of the trial court. Thus, Luczak's claim of ineffective assistance of counsel is not an independent constitutional violation. Luczak failed at his attempt to have the ineffective assistance of appellate counsel claim act as the "causal claim" that would have allowed defaulted claims to be reviewed in this court.

Luczak also failed to demonstrate that without review of the alleged due process violations a fundamental miscarriage of justice would result. The fundamental miscarriage of justice exception applies "[i]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant a writ even in the absence of a showing of cause and [prejudice] for procedural default." *Murray v. Carrier* at 496, 106 S.Ct. 2639(1986). See *Lemons v. O'Sullivan* at 361, 54 F.3d 357(1995). Luczak's petition never proclaims that he is actually innocent of the crime, Luczak only alleges trial errors, which denied him the right to due process. Therefore, the fundamental miscarriage of justice exception does not apply to this habeas corpus petition.

## G. FOR PURPOSES OF HABEAS REVIEW A POST CONVICTION EVIDENTIARY HEARING IS NON-COGNIZABLE

In claim eight of Luczak's habeas corpus petition he alleges that he was denied

due process because he was denied an evidentiary hearing on the issues he raised in his

post conviction petition. A state court is not required nor obliged to either provide a post

conviction hearing or provide counsel under the United States Constitution.

*Pennsylvania v. Finley*, 481 U.S. 551, 556, 107 S.Ct. 1990, 95 L.Ed.2d 539(1987) *See*

*U.S. v. MacCollom,* 426 U.S. 317, 323, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976).

Under the Illinois Post Conviction Hearing Act, prior to a hearing, a court may

summarily dismiss the petition if the trial court determines that the petition is "frivolous

or ... patently without merit." 725 Ill.Comp.Stat. 5/122-2 (2000). The United States

Supreme Court, on several occasions has recognized that this "process of winnowing out

weaker arguments on appeal and focusing on those more likely to prevail...[is] the

hallmark of effective appellate advocacy." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103

S.Ct. 3308, 77 L.Ed.2d 987 (1983) *See Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct.

2661, 91 L.Ed.2d 434 (1986). The court in *Boerckel* also held that "discretionary review

rules not only provide an effective tool for apportioning limited resources, but also foster

more useful and effective advocacy." *O'Sullivan v. Boerckel* at 858, 119 S.Ct.

1728(1999).

The Illinois Appellate court was not constitutionally required to provide an

evidentiary hearing for the claims Luczak raised in his post conviction petition. Luczak's

habeas corpus claim does not raise a constitutional question because it alleges that

Illinois' post conviction proceedings are inherently unconstitutional. Following the

holding in *Pierson,* Luczak's claim of "error or defects in the state post-conviction

proceedings do not raise constitutional questions cognizable in habeas corpus

proceedings." *Zamora v. Pierson* at 837, 158 F.Supp.2d 830(2001). Luczak's claim that

he was denied due process because the Appellate court erred in denying him a post

conviction evidentiary hearing for the issues raised in his post conviction petition is

barred from review in this court.

## H. FOR PURPOSES OF HABEAS REVIEW A FINLEY MOTION IS NON-COGNIZABLE

In claim nine of Luczak's habeas corpus petition he alleges that he was denied

due process when the appellate court granted his appointed post conviction appellate

counsel's petition to withdraw pursuant to *Pennsylvania v. Finley.* The Supreme Court in

*Finley,* held that a state court is not constitutionally required to provide counsel during

the discretionary appellate review process. *Pennsylvania v. Finley,* 481 U.S. 551, 107

S.Ct. 1990, 95 L.Ed.2d 539(1987).

In *Wainwright v. Torna,* the court held that a criminal defendant does not have a

federal constitutional right to counsel to pursue discretionary state appeals. *Wainwright*

*v. Torna,* 455 U.S. 586, 587, 102 S.Ct. 1300, 71 L.Ed.2d 475(1982); *Anderson v. Cowen,*

227 F.3d 893, 899-900(7th Cir. 2000). As a criminal defendant in the Illinois criminal

justice system, Luczak does not have a constitutional right to post conviction appellate

counsel because the review of a post conviction appeal is discretionary. 725

Ill.Comp.Stat. 5/122-2(2000). Therefore, Luczak cannot claim that a constitutional

violation occurred when the Appellate court granted his appointed counsel's motion to

withdraw pursuant to *Pennsylvania v. Finley.* Under 28 U.S.C. §2254, Luczak's habeas

claims are limited to where "[a specific] error results in a denial of a specific

constitutional right." *United States ex. rel McDaniel v. Cooper,* unpublished order,

N.D.Ill. Sept. 23, 1998, No. 97 C 3221. Luczak was not denied a specific constitutional right because there is no constitutional right of appointed counsel for post conviction appellate proceedings. Therefore, a specific error did not result in the denial of a specific constitutional violation. Thus, this claim is non-cognizable and this court is barred from reviewing Luczak's habeas claim nine.

Luczak further alleges that the error occurs in the application of the established federal law, which does not give an Illinois State prisoner a constitutional right to counsel in discretionary review proceedings. If the alleged error occurs in a state collateral proceeding, federal habeas corpus cannot serve as a remedy because the error is unrelated to the defendant's original reason for confinement. *Jackson v. Duckworth*, 112 F.3d 878, 879(7th Cir. 1997). Luczak's habeas claims of errors in discretionary proceedings do not specifically violate due process nor do these claims have any bearing on his conviction for aggravated criminal sexual assault. Luczak's claims are non-cognizable and are therefore barred from review by this court.

### CONCLUSION

Petitioner Luczak has procedurally defaulted on habeas claims one, three, four, five and six. Luczak has failed to raise these claims in "one complete round" of Illinois' state court system prior to raising the claims in his habeas petition. Luczak failed to show cause for these procedure defaults and prejudice thereafter. Therefore, Luczak has failed to give the state courts a "full and fair opportunity" to litigate the constitutional issues raised in his habeas corpus petition.

Claim two of Luczak's habeas petition alleges that his appellate counsel was ineffective. With regard to the alleged attorney errors, Luczak failed to show prejudice

as a result of those errors. Therefore, the claim of ineffective assistance of appellate counsel failed to meet the standard established in *Strickland v. Washington*, 104 S.Ct. 2052(1984).

Claims eight and nine are non-cognizable for habeas review because the allegations are not "contrary to clearly established federal law." 28 U.S.C.A. §2254. For purposes under 28 U.S.C. §2254, Petitioner Luczak's habeas corpus petition is denied. This case is hereby terminated and all other pending motions stricken as moot (##16-1, 20-1, 21-1 and 22-1). Luczak's Response to Respondent's answer was comprehensive and well written. Obviously, he has had the support of counsel at the jail house. *Farmer v. Haas*, 990 F. 2d 319, 322 (7th Cir. 1993). This is a final and appealable order.


SO ORDERED:                              ENTERED:  3/24/03


                                         *Ronald A. Guzman*

                                         **RONALD A. GUZMAN**
                                         **United States Judge**

United States District Court
for the Central District of Illinois
March 10, 2004

Case Minutes - General

se No. 1:04-cv-01065

tle: Luczak v. Mote

---

\*   DATE OF OCCURRENCE:   3/10/04   \*\*\*

CKET ENTRY

MINUTE-ENTRY: by Judge Michael M. Mihm: Parties present via
phone by Plaintiff pro se/attorney Choate and Irving for
Defendants for telephone status conference. Same held.
Attorney Irving to take Plaintiff to his legal materials
and see that copies are given forthwith. Motion for
temporary restraining order [4-1] denied as moot. (cc: all
counsel)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

THEODORE LUCZAK, #B-00780,      )
                                )
            Plaintiff,          )
                                )
    -vs-                        )        No. 04-1065
                                )
STEPHEN D. MOTE and             )
ROGER E. WALKER, JR.,           )
                                )
            Defendants.         )

## NOTICE OF COMPLIANCE

NOW COMES STEPHEN MOTE, by and through his attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby submits his Notice of Compliance:

1.     During a phone conference held on March 9, 2004, Judge Mihm requested that officials of the Illinois Department of Corrections allow Inmate Theodore Luczak B00780 be allowed to access all of his legal materials for review and for purposes of copying documents needed for an action before the Supreme Court.

2.     At approximately 9:00 a.m. on March 10, 2003, inmate Luczak was taken to the property storage room to review his legal documents. He remained until approximately 11:05 a.m.

2.     The Library staff received Inmate Luczak's original documents and request for copies. The copies were made (two each of 325 pages) and both copies and originals were to be returned to inmate Luczak on March 10, 2004 on the 3-11 shift.

1

I, Theodore Luczak B-00780, was allowed to review my excess legal property on March 10, 2004.

*Theodore Luczak*

A staff member from the Pontiac Correctional Center Law Library came to my cell on March 10, 2004 to pick up documents to be copied pursuant to my conference call with Judge Mihm on March 9, 2004.

*Theodore Luczak*

I have no documents to be copied on March 10, 2004.

3.    The attached documents reflect the foregoing.

Respectfully submitted,

STEPHEN MOTE,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois

Attorney for Defendant,

By: _____
KELLY R. CHOATE
Assistant Attorney General

Kelly R. Choate, #6269533
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 782-9026

Of Counsel.

2

DEPARTMENT OF CORRECTIONS

# REQUEST FOR PAYMENT

Date: _5/15/04_

Name (print): _Luczak_        I.D. No.: _B00780_        Housing Unit: _W-101_

Please pay to: _S.O. #428/Lih_

Address: _____

City: _____ State: _____ Zip: _____

The sum of _Thirty-two_ dollars and _50_ cents

and charge to my account, for _Send 325 pgs =_
_(250) Copies_

_____

☐ APPROVED

☐ NOT APPROVED

_X_____ Inmate Signature        X B00780 ID No._

Assistant Warden/Superintendent/Designee        Worker

## REQUEST FOR PAYMENT OF POSTAGE

I hereby request and authorize payment of postage for the attached mail.

_____ Inmate Signature

ID No. _____

## FOR TRUST FUND USE ONLY

| | |
|---|---|
| Trust Fund Balance | $ _____ |
| Less amount of payment | $ _____ |
| Current balance after payment | $ _____ |

Check No. _____ Date _____

_____ Business Office

## FOR JUVENILE DIVISION USE ONLY

Received by: _____ (Staff) _____ Date

Received by: _____ (Youth) _____ Date

## REQUEST FOR PAYMENT OF POSTAGE

Postage requested
in the amount of _____ dollars _____ cents

☐ Postage Paid

IL 426-0207

DC 826 (09/91)

Luczak v. Mote and Walker
USDC-CD Ill. No. 04-1065

## CERTIFICATE OF SERVICE

I, Kelly R. Choate, herein certify that I have served a copy of the foregoing

Notice of Compliance upon:

> Theodore Luczak, #B-00780
> Pontiac Correctional Center
> 700 West Lincoln Street
> Post Office Box 99
> Pontiac, Illinois  61764

by causing to be mailed a true copy thereof at the address referred to above in an

envelope duly addressed bearing proper first class postage and deposited in the United

States mail at Springfield, Illinois on March 10, 2004.

KELLY R. CHOATE
Assistant Attorney General


Kelly R. Choate, #6269533
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62706
(217) 782-9026

Theodore Luczak
Reg No. # B-00780
Pontiac Correctional Center
700 West. Lincoln. St. / P.O. Box 99
Pontiac. Illinois 61764

March 10, 2004.

William K. Suter
Clerk of the Court
Supreme Court of the United States
Washington, DC 20543-0001

RE: 03 A 740

Dear Mr. Suter:

Please find enclosed one (1) original Motion to Amend and the attached exhibits.

I thank you for your time and cooperation in this matter.

/s/ Theodore Luczak

RECEIVED

APR 12 2004

OFFICE OF THE CLERK
SUPREME COURT U.S.

# REQUEST FOR PAYMENT

**STATE OF ILLINOIS**
**DEPARTMENT OF CORRECTIONS**

Date: March 10, 2004

Name (print): Theodore Luczak       I.D. No.: B-00180       Housing Unit: W-102

Please pay to: _____

Address: _____

City: _____ State: _____ Zip: _____

The sum of _____ dollars and _____ cents

and charge to my account, for  Legal Mail To

William K. Siker

U.S. Supreme Court Clerk

☐ APPROVED

☐ NOT APPROVED          _____ Inmate Signature          B00180

          _____          10 No.
Assistant Warden/Superintendent/Designee          Witness

## REQUEST FOR PAYMENT OF POSTAGE

I hereby request and authorize payment of postage for the attached mail.

          _____ Inmate Signature
ID No.          B00180

## FOR TRUST FUND USE ONLY

Trust Fund Balance          $ _____

Less amount of payment          $ _____

Current balance after payment          $ _____

Check No. _____ Date MAR 11 2004

## FOR JUVENILE DIVISION USE ONLY

Received by: _____ (Sum) _____ Date _____

Received by: _____ (Trust) _____ Date _____

## REQUEST FOR PAYMENT OF POSTAGE

Postage requested
in the amount of
☐ Postage Paid          8 dollars    05 cents

DC 328 (09/91)

**REQUEST FOR PAYMENT**

STATE OF ILLINOIS
DEPARTMENT OF CORRECTIONS

Name (print): Theodore Luczak    I.D. No.: B-00780    Date: March 11 2004    Housing Unit: N-1012

Please Pay to: _____

Address: _____

City: _____ State: _____ Zip: _____

The sum of _____ dollars and _____ cents

and charge to my account, for Legal Mail To:

Lisa Madison

Illinois Attorney General

☐ APPROVED _____    B00780
☐ NOT APPROVED _____    ID No.

Inmate Signature

Amount Warden/Superintendent/Designee    Witness

---

**REQUEST FOR PAYMENT OF POSTAGE**

Postage requested
in the amount of _____ 5 _____ dollars _____ 30 _____ cents

☐ Postage Paid

DC 823 (09/01)

---

**REQUEST FOR PAYMENT OF POSTAGE**

I hereby request and authorize payment of
postage for the attached mail.

Inmate Signature

ID No.    B00780

**FOR TRUST FUND USE ONLY**

Trust Fund Balance    $ _____
Less amount of payment    $ _____
Current balance after payment    $ _____

Check No.  3 6 3 4 8 7 *MAR 1 1 2004
Date

Business Office

**FOR JUVENILE DIVISION USE ONLY**

Received by: _____ (Staff)    Date

Received by: _____ (Inmate)    Date

IL 426-0207

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC 20543-0001

April 13, 2004

WILLIAM K. SUTER
CLERK OF THE COURT

AREA CODE 202
479-3011

Theodore Luczak
#B-00780
Post Office Box 99
Pontiac, IL  61764

RE:   Theodore Luczak v. Stephen D. Mote, Warden
      (No. 03-7533)

Dear Mr. Luczak:

The "motion to amend" the petition for rehearing in the above-entitled case was received on April 12, 2004, and is herewith returned.   The petition for rehearing was denied on March 29, 2004.

Sincerely,
William K. Suter, Clerk
By:

Gail Johnson
(202) 479-3038

Enclosures



Law Office of the
COOK COUNTY PUBLIC DEFENDER
69 W. WASHINGTON • 15TH FLOOR • CHICAGO, IL 60602 • (312)603-0600 • (312)603-9860 fax

**Edwin A. Burnette • Public Defender**

December 6, 2007

CONFIDENTIAL AND PRIVILEGED LEGAL MAIL

Mr. Theodore Luczak
Reg. No. B-00780
Stateville Correctional Center
Route 53
P.O. Box 112
Joliet, Illinois 60434

RE: Appeal Nos. 05-2377 Consolidated, PLA 105065

Dear Mr. Luczak:

I'm sorry that I missed your call yesterday. The receptionist on duty dd not realize that I was in the office. I downloaded the most recent list of PLA's addressed by the Supreme Court from the Supreme Court website. Your PLA prepared by our office, which is number 105065, was not on the list. Another PLA, which I believe you prepared *pro se*, number 105306, is listed as having been denied.

The fact that PLA 105065 has not been denied is good news, as it indicates that the Court is still considering the issues raised.

Please do not hesitate to call me if you have any other questions or concerns about your case.

Take good care of yourself.

Sincerely,

MARSHA WATT
Assistant Public Defender

SUPREME COURT OF ILLINOIS

THURSDAY, NOVEMBER 29, 2007

THE FOLLOWING CASES ON THE LEAVE TO APPEAL DOCKET WERE DISPOSED
OF AS INDICATED:

No. 103175 - Ken Mattuck, respondent, v. DaimlerChrysler
Corporation, petitioner.  Leave to appeal,
Appellate Court, First District. (1-04-3830)
Petition for leave to appeal denied.

In the exercise of this Court's supervisory
authority, the Appellate Court, First
District,  is directed to vacate its judgment
in Mattuck  v. DaimlerChrysler Corp., case
No. 1-04-3830 (06/30/06).  The appellate
court is directed to reconsider its judgment
in light of Mydlach v. DaimlerChrysler
Corp., case No. 102588 (09/20/07) to
determine if a different result is warranted.


No. 103553 - Mark Guthrie, respondent, v. DaimlerChrysler
Corporation, petitioner.  Leave to appeal,
Appellate Court, First District. (1-04-1139)
Petition for leave to appeal denied.

In the exercise of this Court's supervisory
authority, the Appellate Court, First
District,  is directed to vacate its judgment
in  Guthrie v. DaimlerChrysler Corp., case
No.  1-04-1139 (09/08/06).  The appellate
court is directed to reconsider its judgment
in light of  Mydlach v. DaimlerChrysler
Corp., case No.  102588 (09/20/07) to
determine if a different  result is
warranted.


No. 103787 - People State of Illinois, respondent, v. Patricia
McCarthy, petitioner.  Leave to appeal, Appellate
Court, First District. (1-05-1483)
Petition for leave to appeal denied.

In the exercise of this Court's supervisory
authority, the Appellate Court, First
District,  is directed to vacate its judgment
in People  v. McCarthy, case No. 1-05-1483
(11/17/06).  The appellate court is directed
to reconsider  its judgment in light of
People v. McKown,  case No. 102372 (09/20/07)
to determine if a  different result is
warranted.

No. 105302 - People State of Illinois, respondent, v.
Demitriaus L. Blaylock, petitioner.  Leave to
appeal, Appellate Court, Second District.
(2-05-0102)
            Petition for leave to appeal denied.


No. 105303 - People State of Illinois, respondent, v. Ronald
Cleveland, petitioner.  Leave to appeal, Appellate
Court, First District. (1-06-0409)
            Petition for leave to appeal denied.


No. 105304 - People State of Illinois, respondent, v. Jeffrey
E. McIntosh, petitioner.  Leave to appeal,
Appellate Court, Fifth District. (5-05-0268)
            Petition for leave to appeal denied.


No. 105305 - People State of Illinois, respondent, v. Michael
A. Green, petitioner.  Leave to appeal, Appellate
Court, Fifth District. (5-05-0582)
            Petition for leave to appeal denied.


No. 105306 - People State of Illinois, respondent, v. Theodore
Luczak, petitioner.  Leave to appeal, Appellate
Court, First District. (1-06-0662)
            Petition for leave to appeal denied.


No. 105310 - People State of Illinois, respondent, v. Tyrone
Delaney, petitioner.  Leave to appeal, Appellate
Court, First District. (1-06-0796)
            Petition for leave to appeal denied.


No. 105311 - People State of Illinois, respondent, v. Darryl
Bell, petitioner.  Leave to appeal, Appellate
Court, First District. (1-05-2881)
            Petition for leave to appeal denied.


No. 105312 - People State of Illinois, respondent, v. Travaris
T. Guy, petitioner.  Leave to appeal, Appellate
Court, Third District. (3-05-0564)
            Petition for leave to appeal denied.

                    In the exercise of this Court's supervisory
                    authority, the Appellate Court, Third
                    District, is directed to vacate its judgment
                    in People v. Guy, case No. 3-05-0564
                    (08/23/07).  The appellate court is directed
                    to determine whether defendant's pro se
                    "Motion to Preserve Issues for Appeal" was
                    timely.  If the motion was timely, the

No. _____

IN THE

SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Petition for leave to appeal from the Appellate Court of |
| Plaintiff-Respondent, | ) | Illinois, First District. No. 1-05-2377 and 05-3244 |
| v. | ) | There heard on appeal from the Circuit Court of Cook County, Criminal Division, No. 89 CR 6782, 89 CR 6783, 89 CR 6784, and 95 CR 14118 |
| THEODORE LUCZAK, | ) | |
| Defendant-Petitioner. | ) | Hon. John Mannion and Marjorie Laws, Judges presiding. |

## NOTICE OF FILING AFFIDAVIT

Lester Finkle, says that at the direction of EDWIN A. BURNETTE, Public Defender of Cook County, 69 West Washington, 15th Floor, Chicago, IL 60602, he filed an original plus 19 copies of the **Petition for Leave to Appeal for Petitioner, Theodore Luczak**, in the above entitled cause this 27th day of July, 2007, with: Juleann Hornyak, Office of the Clerk of the Supreme Court, Illinois Supreme Court Building, Springfield, IL 62706. Also served with copies of the Petition (three copies to each) are as follows:

Richard Devine, Cook County State's Attorney, 309 Richard J. Daley Center, Chicago, IL 60602

Lisa Madigan, Attorney General, 100 West Randolph, Chicago, IL 60601

by First Class Mail at Chicago, Illinois, charges prepaid, and addressed as above.

FURTHER AFFIANT SAYETH NOT.

SUBSCRIBED and SWORN TO
before me this 27th day of July, A.D., 2007

Notary Public



OFFICIAL SEAL
HERMENIA GREEN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-13-2008

No. _____

IN THE

SUPREME COURT OF ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS,

                                               Plaintiff-Respondent,

                  vs.

THEODORE LUCZAK,

                                               Defendant-Petitioner.

Petition for Leave to Appeal from the Appellate Court of Illinois,
First District, Fifth Division, No. 1-05-2377 and 1-05-3244
There heard on appeal from the Circuit Court of
Cook County, Illinois, Criminal Division.
No. 89 CR 6782, 89 CR 6783, 89 CR 6784, and 95 CR 14118
The Honorable John Mannion and Marjorie Laws, Judges Presiding.

PETITION FOR LEAVE TO APPEAL

                                         Edwin A. Burnette
                                         Public Defender of Cook County
                                         69 West Washington - 15th Floor
                                         Chicago, IL 60602
                                         312.603.0600

Lester Finkle,*
Assistant Public Defender

Of Counsel.

* This petition was prepared with the assistance of Chantal Jenkins, a law student intern from the University of California, Berkeley, working for the Law Office of the Cook County Public Defender.

No. _____

IN THE

SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Petition for leave to appeal |
| | ) | from the Appellate Court of |
| Plaintiff-Respondent, | ) | Illinois, First District. |
| | ) | No. 1-05-2377 and 05-3244 |
| v. | ) | |
| | ) | There heard on appeal from the |
| **THEODORE LUCZAK,** | ) | Circuit Court of Cook County, |
| | ) | Criminal Division, |
| | ) | No. 89 CR 6782, 89 CR 6783, |
| | ) | 89 CR 6784, and 95 CR 14118 |
| | ) | |
| Defendant-Petitioner. | ) | Hon. John Mannion and |
| | ) | Marjorie Laws; |
| | ) | Judges presiding. |

## PETITION FOR LEAVE TO APPEAL

To:   The Honorable Chief Justice and the Associates Justices of the Supreme Court of Illinois.

May It Please Your Honors:

I.

## PRAYER FOR LEAVE TO APPEAL

Petitioner, Theodore Luczak, respectfully petitions this Court to exercise its sound judicial discretion and review a question of general importance within this State, granting to him leave to appeal the decision of the Appellate Court, First District, Fifth Division. This petition is brought under the authority of Supreme Court Rules 315 and 612.

In 1995, Mr. Luczak was charged with committing various sexual assault-related offenses. At his jury trial, Mr. Luczak maintained his innocence with regard to any sexual assault, but admitted knowing the complainant. He maintained that a drug transaction occurred between them, while she testified that she was sexually assaulted. Mr. Luczak was convicted of two counts of sexual assault, and was sentenced to consecutive terms of 40 and 60 years in prison. His convictions and sentences were affirmed on direct appeal. *People v. Luczak*, 306 Ill. App. 3d 319, 714 N.E.2d 995 (1st Dist. 1999).

In 1999, Mr. Luczak filed a petition seeking DNA testing of the evidence used to convict him. That was denied. In 2005, Mr. Luczak filed a motion pursuant to Section 116-3 of the Code of Criminal Procedure, again seeking forensic testing of the evidence. Judge Laws denied the petition on the grounds of *res judicata*, and because identity was not an issue.

This appeal followed. On June 8, 2007, the Appellate Court ruled, in a published decision, that it was error to summarily dismiss the DNA petition. *People v. Luczak*, ___ Ill. App. 3d ___, 2007 Ill. App. LEXIS 625 (1st Dist. 2007). Relying on *People v. O'Connell*, 365 Ill. App. 3d 872 (2006), *appeal allowed*, 221 Ill. 2d 662 (2006), the Appellate Court ruled that Section 116-3 confers a limited right to challenge a conviction and lacks any express procedural provisions. Section 116-3 does not contain any special summary dismissal procedures and a trial court must, at a minimum, provide notice to the defendant of its *sua sponte* motion to dismiss, as well as an opportunity to respond. The Appellate Court concluded that it was unfair to Mr. Luczak , "faced with a proposed *sua*

Page 2 of 15

*sponte* summary dismissal of a section 116-3 motion, to be deprived of notice and an opportunity to be heard. We recognize that summary dismissal procedures not provided by the DNA statute can deprive defendant of notice and an opportunity to be heard which are fundamental principles of justice." 2007 Ill. App. LEXIS 625 at *16.

The Appellate Court then examined whether the dismissal, albeit error, was harmless. First, since a prior request for DNA testing had been made in 1999, the Appellate Court ruled that Mr. Luczak could not ask for it again because of the doctrine of *res judicata*. And second, it determined that the motion was "patently incurable" because identity was not an issue. Identity was irrelevant because he admitted being with the complainant, although he denied that any sexual assault occurred. 2007 Ill. App. LEXIS 625 at *22-26. Finding the error harmless, the dismissal was ultimately affirmed. 2007 Ill. App. LEXIS 625 at *32. (The Appellate Court also addressed two other issues raised by Mr. Luczak on direct appeal – the propriety of the dismissal of his habeas petition, and the dismissal of his request for free transcripts. These issues are not being raised in this petition for leave to appeal.)

The appellate decision is flawed in two respects, both of which affect Mr. Luczak, but also reach beyond him. First, the question of identity means more than picking an unknown person from a lineup. Mr. Luczak and complainant knew each other, but that does not undermine the question whether Mr. Luczak's identity as the perpetrator of a sexual assault is at issue. This Court recognized this point in *People v. Shum*, 207 Ill. 2d 47, 797 N.E.2d 609 (2003), where identity remained a valid issue when an eyewitness, who knew defendant, identified him as committing a murder and rape in which defendant

denied any involvement. In other words, "identity" as used in Section 116-3 means more than whether a witness was acquainted with the accused. A motion for DNA testing is still valid when the defendant denies involvement in the crime charged, and his identity as the offender is disputed.

Second, it is inconceivable that a motion seeking forensic testing to establish a freestanding claim of innocence can ever be denied on the grounds of *res judicata*. The principle of *res judicata* is that once an issue is litigated, it cannot be raised in future proceedings. But that principle is justified only for subjective facts or legal conclusions. It is and must never be justified when seeking an objective scientific test to determine innocence.

This issue is one of paramount importance that requires resolution by this Court. Theodore Luczak requests, therefore, that this Honorable Court grant this Petition for Leave to Appeal, and ultimately reverse the decision of the Appellate Court, First District, Fifth Division.

II.

## HISTORY IN THE APPELLATE COURT

Mr. Luczak 's conviction and sentence were affirmed on direct appeal. *People v. Luczak*, 306 Ill. App. 3d 319, 714 N.E.2d 995 (1st Dist. 1999). On August 5, 2005, Judge Laws denied Mr. Luczak 's Section116-3 Motion for DNA testing, as well as his Petition for Writ of Habeas Corpus. This appeal followed, and the Appellate Court of Illinois, First District, Fifth Division, issued a published decision on June 8, 2007. *People v. Luczak*, ___ Ill. App. 3d ___, 2007 Ill. App. LEXIS 625 (1st Dist. 2007). The State filed a

timely petition for rehearing, which was denied on June 29, 2007. For the convenience of this Court, a copy of the Appellate Court decision, the State's petition for rehearing, and the denial of rehearing, are included in the Appendix to this petition.

III.

## POINTS RELIED UPON

### Summary of Argument and Standard of Review

*People v. Hockenberry*, 316 Ill. App. 3d 752, 737 N.E.2d 1088 (2nd Dist. 2000) . . . . . . . 9

    **(a)  "Identity," as used by Section 116-3 of the Code of Criminal Procedure, means more than the alleged complainant and offender being acquainted with each other. This Court must clarify that "identity" remains an issue whenever a defendant denies he committed the offense, even if he knows the complainant** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*People v. Hockenberry*, 316 Ill. App. 3d 752, 737 N.E.2d 1088 (2000) . . . . . . . 10, 11, 12

*People v. Gibson*, 357 Ill. App. 3d 480, 828 N.E.2d 881 (2005) . . . . . . . . . . . . . . . . . . . 10

*People v. Shum*, 207 Ill. 2d 47, 797 N.E.2d 609 (2003) . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*People v. Johnson*, 205 Ill. 2d 381, 793 N.E.2d 591 (2002) . . . . . . . . . . . . . . . . . . . . . . . 13

725 ILCS 5/116-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

    **(b)  Where a DNA test could exonerate a convicted person, fundamental fairness requires that the doctrine of *res judicata* be relaxed. Even if a petitioner has asked for a DNA test in the past, which was denied, it is and should be a fundamental rule that a motion seeking proof of innocence can never be dismissed solely because it had been requested before** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*People v. Patterson*, 192 Ill. 2d 93, 735 N.E.2d 616 (2000) . . . . . . . . . . . . . . . . . . . . . . . 13

*People v. Johnson*, 205 Ill. 2d 381, 793 N.E.2d 591 (2002) . . . . . . . . . . . . . . . . . . . . . . . 13

*People v. Hobley*, 182 Ill. 2d 404, 696 N.E.2d 313 (1998) . . . . . . . . . . . . . . . . . . . . . . . 14

*People v. Washington*, 171 Ill. 2d 475, 665 N.E.2d 1330 (1996) . . . . . . . . . . . . . . 14, 15

*Herrera v. Collins*, 506 U.S. 390, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993) . . . . . . . . 15

725 ILCS 5/116-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

IV.

## STATEMENT OF FACTS

In May of 1995, Mr. Luczak was accused and ultimately convicted of various sex-related offenses, based solely on the testimony of the complainant, S.S. See *People v. Luczak*, 306 Ill. App. 3d 319, 714 N.E.2d 995 (1st Dist. 1999).

During the jury trial, Mr. Luczak maintained his innocence. S.S. testified that Mr. Luczak sexually assaulted her while she was in his car. As part of her testimony, she stated that after the sexual assault in the back seat, she "crawled back over the seat, got my underwear and put that back on and *** sat down." (Tr. D106) Forensic evidence offered by the State never identified the source of blood found on her underwear. (Tr. H30, H36) This evidence, which included oral and rectal swabs of S.S., as well as her underwear, also tested negative for spermatozoa. (Tr. H28-H31) It was never subjected to more extensive forensic testing, such as DNA analysis.

Following the trial, Mr. Luczak was convicted of two counts of aggravated criminal sexual assault and sentenced to extended terms of 40 years and 60 years, consecutively, in the Illinois Department of Corrections. Mr. Luczak appealed, but his convictions and sentences were affirmed. *People v. Luczak*, 306 Ill. App. 3d 319, 714 N.E.2d 995 (1st Dist. 1999). On June 30, 1999, Mr. Luczak sought, by filing a *pro se* post conviction petition, to obtain an order to allow DNA testing of evidence used in the

1995 case. On July 7, 1999, his post conviction petition was summarily dismissed by Judge Fiala. On March 27, 2000, Mr. Luczak filed another *pro se* petition, which was also summarily dismissed.

On January 10, 2005, Mr. Luczak filed a motion to obtain an order permitting DNA testing, and inspection and discovery of evidence used in the 1995 case, under section 116-3 of the Code of Criminal Procedure. 725 ILCS 5/116-3 (West 2000). Mr. Luczak also filed a Petition for Writ of Habeas Corpus, in conjunction with his DNA motion, on June 28, 2005. On August 5, 2005, Judge Laws denied his 116-3 Motion for DNA testing and his Petition for Writ of Habeas Corpus. In denying the petition, Judge Laws said:

> It appears that the defendant filed the same motion on June 22nd of 1999, a motion to allow DNA testing. Judge Fiala dismissed that motion, it appears, on July 7th of 1999 finding that the petition was untimely, without merit, and denied it accordingly. Judge Fiala's finding was affirmed by the Appellate Court on November 7th of 2001. I will again deny the motion for DNA testing. It's an issue that has already been decided by Judge Fiala and affirmed by the Appellate Court. I must add that the defendant has filed this motion under 725 ILCS 5/116-3. One of the requirements is that identity is an issue at the time of trial. I have reviewed the findings by the Appellate Court in the defendant's case filed November 15th of 1999, and it does not appear that identity was an issue in this matter ***. (Tr. B3)

On September 22, 2005, Mr. Luczak filed a timely Notice of Appeal. On June 8, 2007, the Appellate Court ruled, in a published decision, that it was error to summarily dismiss the DNA petition. *People v. Luczak*, ___ Ill. App. 3d ___, 2007 Ill. App. LEXIS 625 (1st Dist. 2007). Section 116-3 does not contain any special summary dismissal procedures and a trial court must, at a minimum, provide notice to the defendant of its *sua sponte* motion to dismiss, as well as an opportunity to respond. The Appellate Court concluded that it was unfair to Mr. Luczak , "faced with a proposed *sua sponte* summary dismissal of a section 116-3 motion, to be deprived of notice and an opportunity to be heard. We recognize that summary dismissal procedures not provided by the DNA statute can deprive defendant of notice and an opportunity to be heard which are fundamental principles of justice." 2007 Ill. App. LEXIS 625 at *16.

. The Appellate Court ruled, however, that the error was harmless. Since Mr. Luczak had asked for DNA testing in 1999, the renewed request was barred by the doctrine of *res judicata*. Further, the DNA motion was "patently incurable" because identity was not an issue, relying exclusively on Judge Laws' findings, quoted above. Finding the error harmless, the dismissal was affirmed. 2007 Ill. App. LEXIS 625 at *22-26, 32.

On June 26, 2007, the State filed a petition for rehearing, asking the Appellate Court to reconsider its decision. On June 29, 2007, the Appellate Court denied the petition for rehearing. This petition for leave to appeal now follows.

V.

## Summary of Argument and Standard of Review

Theodore Luczak has consistently denied that he sexually assaulted anyone. The inventoried underwear, being held by the State, could exonerate him. He asked in 1999, and again in 2005, to have the underwear subjected to DNA testing, but both times was rebuffed. The Appellate Court perpetuated an injustice against Mr. Luczak by ruling that he was barred from seeking proof of his innocence because (a) of the doctrine of *res judicata* (his request in 1999 was denied, and thus litigated), and (b) he knew the complainant, and "identity" was therefore not an issue. In both respects, this ruling is wrong and this Court must intervene.

As explained more fully below, "identity" means more than whether a witness was acquainted with the accused. Mr. Luczak's identity as the offender remains in dispute, and this Court must intervene to permit him his chance to know, through DNA testing, whether a crucial piece of the State's case against him can exonerate him.

And further, it has been recognized by this Court that the doctrine of *res judicata* should be relaxed when fundamental fairness requires it. Fundamental fairness is implicated to the highest degree when forensic evidence of innocence exists, but is kept beyond reach. Denying someone his right of access to evidence of his innocence is a denial of due process, and the principle of *res judicata* cannot and must not be justified when seeking an objective scientific test to determine innocence.

For both these issues, *res judicata* and identity, the standard of review is *de novo*. A trial court's ruling on a 116-3 motion is not dependent on any facts, nor any assessment

of the credibility of the witnesses. *People v. Hockenberry*, 316 Ill. App. 3d 752, 755, 737

N.E.2d 1088 (2nd Dist. 2000). If this Court grants this petition, a *de novo* review of his

motion will illustrate why the trial and appellate court erred.

> **(a) "Identity," as used by Section 116-3 of the Code of Criminal Procedure,
> means more than the alleged complainant and offender being acquainted
> with each other. This Court must clarify that "identity" remains an issue
> whenever a defendant denies he committed the offense, even if he knows the
> complainant.**

Mr. Luczak established that identity was a central issue at trial since he has

consistently maintained his innocence and the only direct evidence linking him to the

crime is the complainant's identification.

Under Section 116-3, in order to secure performance of a scientific test, the

defendant must present a *prima facie* case that,

> identity was the issue in trial which resulted in his or her conviction; and
>
> the evidence to be tested has been subjected to a chain of custody
>
> sufficient to establish that it has not been substituted, tampered with,
>
> replaced, or altered in any material aspect. *People v. Hockenberry*, 316 Ill.
>
> App. 3d 752, 755, 737 N.E.2d 1088 (2nd Dist. 2000)

"Identity" in this context refers to whether the defendant was indeed the

perpetrator or whether somebody else committed the crime. *People v. Gibson*, 357 Ill.

App. 3d 480, 828 N.E.2d 881 (4th Dist. 2005). The core question in determining if

identity is an issue is triggered when a defendant makes a *prima facie* showing that there

was an issue at trial as to whether he or someone else committed the crime. *Id.*

A defendant presents a *prima facie* case that identity was a central issue at trial,

despite an acknowledgment that he was in the victim's presence during the time in question, if he denies engaging in any sexual contact with the victim. *See Hockenberry; see also People v. Shum*, 207 Ill. 2d 47, 65, 797 N.E.2d 609 (2003).

In *Hockenberry*, the defendant was convicted of home invasion and aggravated sexual assault. *Id.*, 316 Ill. App. 3d at 754. *Hockenberry* overturned the trial court's ruling dismissing a request for forensic testing because, even though the defendant acknowledged that he was at the complainant's house during the time in question, he denied engaging in any sexual activity with her. *Id.* at 757. Defendant asked for a DNA test of the forensic evidence recovered at the scene, which included seminal stains found on the complainant's panties and bedsheet, as well as vaginal swabs. *Id.* at 756. The trial court denied the forensic testing request, on the grounds that defendant admitted to being there. But the trial court erred, *Hockenberry* held, because identity was a necessary issue at trial. *Id.* at 757. Given the defendant's denial of engaging in sexual contact with the complainant, the State was required to prove that the defendant was the individual who perpetrated sexual acts upon her. *Id.* Even though the parties knew each other, identity included more; it encompassed whether defendant committed the sexual act and was the perpetrator of this offense. *Id.* DNA testing would have been relevant to the defense on this point. *Id.*

Consistent with *Hockenberry*, and confirming its core holding, this Court held in *People v. Shum*, that a defendant had presented a *prima facie* case that identity was the central issue at trial. *Shum*, 207 Ill. 2d at 65. Defendant was convicted of murder, attempted murder, feticide and two counts of rape. *Id.* at 50. Defendant appealed the

denial of post-conviction relief, claiming that the circuit court improperly refused to order DNA testing. *Id.* at 51. The State's evidence was that Whipple and Conway, the victims, knew defendant by the nickname of "Keith." *Id.* at 52. "Keith" raped and shot both women; Conway survived, but Whipple and her unborn child died. *Id.* Police reports disclosed that a Vitullo rape kit was obtained from Conway. *Id.* at 54. The trial court ruled that identity was not an issue because Conway had met defendant on previous occasions. *Id.* at 65. But this Court ruled that identity was a central issue, because "If the DNA testing produces results favorable to defendant, this evidence will significantly advance defendant's claim of actual innocence." *Id.* at 66. This Court therefore recognized that a witness' testimony that she knows a defendant does not settle the question of identity. Since DNA testing could establish that her knowledge of defendant was wrong, identity remains an issue. The recognition of this principle is missing from the Appellate Court decision below. It failed to acknowledge that merely because S.S. said she knew Mr. Luczak, that was not dispositive; his denial of the sex act, and the presence of material that could be tested for DNA, means that identity remains a crucial and central issue to the case.

As a result, Mr. Luczak has presented a *prima facie* case that identity was a central issue at trial which resulted in his conviction. Similar to the defendants in *Shum* and *Hockenberry*, Mr. Luczak has consistently maintained his innocence. Also, just as in *Shum* and *Hockenberry*, the only direct evidence against Mr. Luczak was the identification by S.S.

Consequently, Mr. Luczak presented a *prima facie* case that identity was a central

issue at trial. The DNA test does not have to completely exonerate the defendant; rather it must "significantly advance his claim of innocence." *People v. Johnson*, 205 Ill. 2d 381, 387, 793 N.E.2d 591 (2002). Given that the only direct evidence in the case at bar is the complainant's identification, a favorable DNA test would significantly advance Mr. Luczak 's claim that he did not rape the complainant.

This Court should accept this petition in order to clarify the definition of "identity" in the context of motions for forensic testing. It needs to explain that such motions should not be dismissed where the identity of the perpetrator is a central issue in the case.

> **(b) Where a DNA test could exonerate a convicted person, fundamental fairness requires that the doctrine of *res judicata* be relaxed. Even if a petitioner has asked for a DNA test in the past, which was denied, it is and should be a fundamental rule that a motion seeking proof of innocence can never be dismissed solely because it had been requested before.**

Although *res judicata* bars previously raised issues from future litigation, the doctrines of *res judicata* and waiver will be relaxed when appropriate under principles of fundamental fairness. *People v. Patterson*, 192 Ill. 2d 93, 139, 735 N.E.2d 616 (2000). In the interest of fundamental fairness, *res judicata* can be relaxed if a defendant presents substantial new evidence. *Id.* Section 116-3 of the Code of Criminal Procedure only permits a defendant to request DNA testing when it has the potential to produce new evidence that is relevant to the defendant's claim of actual innocence. 725 ILCS 5/116-3(c)(1). A favorable DNA test can significantly advance a defendant's claim of innocence. *People v. Johnson*, 205 Ill. 2d 381, 387, 793 N.E.2d 591 (2002). This is

especially true in the present case where the only direct evidence against Mr. Luczak is the complainant's identification. Therefore, fundamental fairness requires that Mr. Luczak's motion for a DNA test not be summarily dismissed, and that he have the opportunity to seek proof of his innocence, even when the motion has been previously denied.

This court recognizes that "free-standing" claims of actual innocence in post-conviction review are not subject to *res judicata* under the due process protection provided in the Illinois Constitution. *People v. Hobley*, 182 Ill. 2d 404, 443-444, 696 N.E.2d 313 (1998). A free-standing claim of innocence means that the newly discovered evidence being relied upon "is not being used to supplement an assertion of a constitutional violation with respect to the trial." *Id.* Section 116-3 provides defendants with the opportunity to make a free-standing claim of innocence; they are only allowed to receive DNA testing when it was unavailable at trial and the test results could support their claims of innocence. Therefore, due process requires that Mr. Luczak and similarly situated claimants seeking proof of innocence under Section 116-3 should never be barred by *res judicata*. In these instances, relaxing *res judicata* provides a safeguard against punishment of the wrongly accused. In fact, this Court has noted that the stronger the claim that a convicted person is innocent, "the weaker is the legal construct dictating that the person be viewed as guilty." *See People v. Washington*, 171 Ill. 2d 475, 488, 665 N.E.2d 1330 (1996). Given the strength of DNA evidence, Mr. Luczak has the opportunity to establish a strong claim of innocence; due process requires that *res judicata* does not prohibit him from this unique and crucial opportunity to overturn his

conviction.

In addition, Mr. Luczak might have a claim under the federal due process of the

U.S. Constitution if there are no more available avenues to pursue such a claim under

State law. *See Washington*, 171 Ill.2d at 488, *citing Herrera v. Collins*, 506 U.S. 390,

417, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993).

Because the DNA test has the potential to significantly advance Mr. Luczak 's

claim of innocence, the doctrines of fundamental fairness and due process require that his

motion is not barred by *res judicata*. This Court must therefore intervene in order to

provide guidance for all courts throughout the State that the principle of *res judicata*

should be relaxed whenever actual innocence is at stake.

VI.

## CONCLUSION

For the reasons stated above, Theodore Luczak prays that this Honorable Court

grant him leave to appeal.

Respectfully submitted,
Edwin A. Burnette
Public Defender of Cook County
69 West Washington - 15th Floor
Chicago, Illinois 60602
312-603-0600
Counsel for petitioner

Lester Finkle,*
Assistant Public Defender
Of counsel.

* This petition was prepared with the assistance of Chantal Jenkins, a law student intern
from the University of California, Berkeley, working for the Law Office of the Cook
County Public Defender.

Page 15 of 15

# **Appendix**

A. *People v. Luczak*, ___ Ill. App. 3d ___, 2007 Ill. App. LEXIS 625 (1st Dist. 2007)

B. State's Petition for Rehearing to the Appellate Court (not including Appendix to that petition, consisting solely of the above published decision)

C. Denial of State's Petition for Rehearing, order entered June 29, 2007

D. Certification of Brief, per Rule 341(a) and (b)

LEXSEE 2007 ILL. APP. LEXIS 625

## THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THEODORE LUCZAK, Defendant-Appellant.

### Nos. 1-05-2377 & 1-05-3244 (consolidated)

### APPELLATE COURT OF ILLINOIS, FIRST DISTRICT, FIFTH DIVISION

### 2007 Ill. App. LEXIS 625

### June 8, 2007, Decided

**SUBSEQUENT HISTORY:** Released for Publication July 17, 2007.

**PRIOR HISTORY: [*1]**
Appeal from the Circuit Court of Cook County. The Hon. John J. Mannion and The Hon. Marjorie C. Laws, Judges Presiding. *People v. Luczak, 306 Ill. App. 3d 319, 714 N.E.2d 995, 1999 Ill. App. LEXIS 401, 239 Ill. Dec. 698 (Ill. App. Ct. 1st Dist., 1999)*

**DISPOSITION:** Affirmed.

**COUNSEL:** FOR Marsha Watt, APPELLANT: Edwin A. Burnette of the Office of the Public Defender, Chicago, IL.

FOR James E. Fitzgerald, Anthony M. O'Brien and Edward Hunter Olivieri, APPELLEE: Richard A. Devine, Cook County State's Attorney, Chicago, IL.

**JUDGES:** JUSTICE O'MARA FROSSARD delivered the opinion of the court. TULLY and GALLAGHER, JJ., concur.

**OPINION BY:** O'MARA FROSSARD

**OPINION**

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

On February 2, 1990, defendant pled guilty to one count of aggravated criminal sexual assault and one count of criminal sexual assault charged under No. 89 CR 6782, two counts of criminal sexual assault under No. 89 CR 6783, and two counts of criminal sexual assault under No. 89 CR 6784. The trial court sentenced defendant to concurrent terms of incarceration of 10 years in No. 89 CR 6782; 6 years in No. 89 CR 6783; and 6 years in No. 89 CR 6784.

After serving these concurrent sentences, defendant was charged under indictment No. 95 CR 14118, with aggravated criminal sexual assault, criminal sexual assault, aggravated kidnaping, and unlawful restraint. A jury [*2] found defendant guilty of two counts of aggravated criminal sexual assault and he was sentenced to consecutive prison terms of 60 and 40 years. Defendant appealed these convictions, arguing that the trial court erred in allowing evidence of one of his prior crimes of sexual assault. This court affirmed his conviction and held that the prior crime evidence was relevant to defendant's intent and *modus operandi. People v. Luczak, 306 Ill. App. 3d 319, 326-27, 714 N.E.2d 995, 239 Ill. Dec. 698 (1999), appeal denied, 185 Ill. 2d 650, 720 N.E.2d 1101, 242 Ill. Dec. 146 (1999), cert. denied, 528 U.S. 1164, 145 L. Ed. 2d*

*1088, 120 S. Ct. 1182 (2000).*

In June of 1999, defendant filed a *pro se* post-conviction petition seeking an order, pursuant to *section 116-3* of the Code of Criminal Procedure of 1963 *(725 ILCS 5/116-3* (West 2004)) to allow DNA testing of evidence in connection with his trial for case No. 95 CR 14118. On July 7, 1999, the trial court denied this petition, explaining that defendant could have raised the issue of DNA testing during direct appeal but did not, and thus, the petition was untimely and without merit. Defendant did not appeal. On March 27, 2000, defendant filed a successive post-conviction petition alleging several issues including ineffective **[*3]** assistance of appellate counsel and due process violations. He did not request any relief under the DNA statute as he had requested previously. This petition was also denied, and defendant filed a timely notice of appeal. On appeal, this court, on June 25, 2001, affirmed the judgment of the trial court. *People v. Luczak, 323 Ill. App. 3d 1148, 800 N.E.2d 886, 279 Ill. Dec. 598 (2001)* (unpublished order under *Supreme Court Rule 23)*. The mandate issued on November 5, 2001.

In May 2001, defendant filed another *pro se* motion to vacate a void judgment in which he argued that his consecutive extended-term sentences were unconstitutional in light of the principles articulated in *Apprendi v. New Jersey, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000)*. The trial court ruled that *Apprendi* did not apply to recidivism or consecutive sentencing and denied defendant's motion and this court affirmed. *People v. Luczak, No. 1-01-3197, 2003 Ill. App. LEXIS 1137 (2003)* (unpublished order under *Supreme Court Rule 23)*.

In September 2002, defendant filed a *habeas corpus* petition alleging that his indictment in No. 95 CR 14118 was faulty and that the court could not have entered a valid judgment. The trial court denied that petition on October 22, 2002, and on appeal **[*4]** this court granted counsel's motion to withdraw

pursuant to *Finley (Pennsylvania v. Finley, 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987))* and affirmed the trial court's decision. *Luczak v. Mote,* No. 1-03-0005 (2004) (unpublished order under *Supreme Court Rule 23)*.

On January 10, 2005, defendant filed a motion, pursuant to *section 116-3 (725 ILCS 5/116-3* (West 2004)), to permit DNA testing on evidence used in his trial under No. 95 CR 14118. Defendant also filed a *pro se* petition which he labeled as a "Petition for a Writ of *Habeas Corpus Ad Testificandum"* seeking to appear in court and argue the motion. The court denied both the *habeas corpus* petition and the *section 116-3* motion.

On February 14, 2005, defendant filed a motion for free transcripts, alleging that he would be seeking to withdraw his guilty pleas from his convictions in Nos. 89 CR 6782, 89 CR 6783, and 89 CR 6784. Those guilty pleas were entered on February 2, 1990. On July 1, 2005, defendant filed his motion to withdraw his guilty pleas from these convictions. In July of 2005, defendant was granted leave to file a late notice of appeal from the 1990 guilty pleas.

Defendant presents this court with consolidated **[*5]** appeals seeking review of (1) the denial of his 2005 *section 116-3* motion for DNA testing as related to his convictions under No. 95 CR 14118; (2) the denial of his petition for writ of *habeas corpus;* and (3) the denial of his motion for free transcripts from his cases previously resolved by pleas of guilty on February 2, 1990. The factual basis for defendant's convictions under No. 95 CR 14118 is fully discussed in *People v. Luczak, 306 Ill. App. 3d 319, 714 N.E.2d 995, 239 Ill. Dec. 698 (1999),* and will only be repeated as needed to resolve the instant case. We address each issue in turn.

## I. SECTION 116-3 DNA MOTION

Defendant contends that the trial court erred in dismissing his *section 116-3* motion seeking

DNA testing on evidence introduced at his trial under No. 95 CR 14118. In support of that contention, defendant argues that (1) the court relied upon an order from the appellate court that did not exist; and (2) the court erred in treating defendant's motion for DNA testing as a post-conviction petition and summarily dismissing the motion. A trial court's dismissal of a motion seeking DNA testing under *section 116-3* is reviewed *de novo. People v. Price, 345 Ill. App. 3d 129, 133, 801 N.E.2d 1187, 280 Ill. Dec. 242 (2003). De novo* review "is appropriate   [*6]   because the trial court's decision on such a motion is necessarily based upon a review of the pleadings and trial record and is not based on an assessment of the credibility of witnesses." *Price, 345 Ill. App. 3d at 133.*

*Section 116-3* provides as follows:

"(a) A defendant may make a motion before the trial court that entered the judgment of conviction in his or her case for the performance of fingerprint or forensic DNA testing, including comparison analysis of genetic marker groupings of the evidence collected by criminal justice agencies pursuant to the alleged offense, to those of the defendant, to those of other forensic evidence, and to those maintained under subsection (f) of Section 5-4-3 of the Unified Code of Corrections, on evidence that was secured in relation to the trial which resulted in his or her conviction, but which was not subject to the testing which is now requested because the technology for the testing was not available at the time of trial. Reasonable notice of the motion shall be served upon the State.

(b) The defendant must present a prima facie case that:

(1) identity was the issue in the trial which resulted in his or her conviction; and

(2) the evidence to be   [*7]   tested has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material aspect.

(c) The trial court shall allow the testing under reasonable conditions designed to protect the State's interests in the integrity of the evidence and the testing process upon a determination that:

(1) the result of the testing has the scientific potential to produce new, noncumulative evidence materially relevant to the defendant's assertion of actual innocence even though the results may not completely exonerate the defendant;

(2) the testing requested employs a scientific method generally accepted within the relevant scientific community." *725 ILCS 5/116-3* (West 2004).

*Section 116-3* permits a defendant to make a motion for DNA testing "on evidence that was secured in relation to the trial which resulted in his or her conviction, but which was not subject to the testing which is now requested because the technology for the testing was not available at the time of trial." *725 ILCS 5/116-3(a)* (West 2004). In order to present a *prima facie* case for DNA testing, "the defendant must show that identity was the central issue at trial [*8] and that the evidence to be tested was subject to a sufficiently secure chain of custody." *People v. Johnson, 205 Ill. 2d 381, 393, 793 N.E.2d 591, 275 Ill. Dec. 820 (2002)*. If defendant demonstrates a *prima facie* case then the trial court must determine whether DNA testing will potentially produce new, noncumulative evidence that is materially relevant to the defendant's actual-innocence claim. *Johnson, 205 Ill. 2d at 393*.

A. DNA Motion Properly Dismissed As *Res Judicata*

The doctrine of *res judicata* bars consideration of issues that have been previously raised and adjudicated. *People v. Blair, 215 Ill. 2d 427, 443, 831 N.E.2d 604, 294 Ill. Dec. 654 (2005)*; *People v. Williams, 138 Ill. 2d 377, 392, 563 N.E.2d 385, 150 Ill. Dec. 498 (1990)*. Defendant argues that Judge Laws erred in denying his DNA motion because she mistakenly believed the appellate court had previously resolved the DNA issue and as a result concluded that his 2005 DNA motion was barred by *res judicata*.

On June 30, 1999, defendant in a *pro se* post-conviction petition sought to obtain an order to allow DNA testing of evidence used in the trial of case No. 95 CR 14118. On July 7, 1999, that post-conviction petition was denied by Judge Fiala. Defendant did not appeal. Defendant filed another *pro se* post-conviction petition on [*9] March 27, 2000, which was denied by Judge Fiala on April 6, 2000. Defendant appealed and raised several issues;

however, neither the March 2000 petition nor the appeal from its denial raised any DNA issues. On appeal, dismissal of the second *pro se* petition was affirmed. *People v. Luczak, 323 Ill. App. 3d 1148, 800 N.E.2d 886, 279 Ill. Dec. 598 (2001)* (unpublished order under *Supreme Court Rule 23*).

On January 10, 2005, defendant filed a *pro se section 116-3* motion to obtain DNA testing of the evidence used in the trial of case No. 95 CR 14118. Defendant also filed a *pro se* petition for writ of *habeas corpus* in connection with the DNA motion. In resolving the DNA motion, Judge Laws noted that Judge Fiala, on July 7, 1999, had previously denied a motion to allow DNA testing; accordingly, she denied the motion because it had already been decided by Judge Fiala. She mistakenly indicated that this previous ruling by Judge Fiala had been affirmed on November 7, 2001, by the appellate court, unaware that defendant had not in fact appealed Judge Fiala's denial of his 1999 post-conviction petition seeking DNA testing. She, however, further correctly noted that *section 116-3* required identity to be an issue at the time of trial in order [*10] to apply. In support of denying defendant's 2005 DNA motion, she noted that identity was not an issue during the trial of case No. 95 CR 14118 and indicated as follows:

> "It appears that the defendant filed the same motion on June 22nd of 1999, a motion to allow DNA testing. Judge Fiala dismissed that motion, it appears, on July 7th of 1999 finding that the petition was untimely, without merit, and denied it accordingly. Judge Fiala's finding was affirmed by the Appellate Court on November 7th of 2001.
>
> I will again deny the motion for DNA testing. It's an issue that has already been decided by Judge Fiala and affirmed by the

Appellate Court.

I must add that the defendant has filed this motion under *725 ILCS 5/116-3*. One of the requirements is that identity is an issue at the time of trial.

I have reviewed the findings by the Appellate Court in the defendant's case filed November 15th of 1999, and it does not appear that identity was an issue in this matter and that the defendant testified at his own trial that he was with the victim; although, he disagreed that, in fact, he had sexually assaulted the victim.

So I don't believe that he has even met the criteria for *725 ILCS 5/116-3*. I'll [*11] ask the clerk to notify the defendant of my decision. Motion is denied.

And the defendant's Petition for Writ of Habeas Corpus Relief in that he wants to appear in court for the hearing on the matter is also denied, and the matter is taken off call."

The record reflects that Judge Fiala, on July 7, 1999, denied a DNA motion made in connection with defendant's *pro se* petition filed by defendant in June 1999. Defendant did not appeal that ruling; accordingly, Judge Laws was mistaken when she indicated Judge Fiala's ruling was affirmed by the appellate court. However, that mistaken belief in no way changed the fact that defendant in 1999 sought DNA testing in connection with his post-conviction petition which was considered by Judge Fiala and denied by Judge Fiala in 1999. Judge Laws was not mistaken when she noted that defendant had previously brought the same issue before Judge Fiala in 1999. Thus, the record reflects that Judge Laws correctly

denied defendant's 2005 DNA motion because the same issue had already been decided by Judge Fiala in 1999 and accordingly was barred by the principles of *res judicata*.

B. Summary Dismissal of DNA Motion Was Not Reversible Error

Defendant further argues [*12] that his 2005 DNA motion was not properly dismissed by Judge Laws because the "subject motion of January 2005 was brought under section 5/116-3 (*725 ILCS 5/116-3* (West 2000)) Motion for DNA Testing, while the June, 1999 filing was made pursuant to the Post Conviction Hearing Act (Act) (*725 ILCS 5/122* (West 2000))." He argues that these "are two separate statutes enumerating separate classes[,] statutory rights." Essentially, defendant contends that the ruling by Judge Laws denying defendant's DNA motion was in error because she treated his DNA motion like a post-conviction petition and then summarily dismissed it. In support of his position, defendant argues "the Illinois Supreme Court in *People v. Shellstrom, 216 Ill. 2d 45, 52-57, 833 N.E.2d 863, 295 Ill. Dec. 657 (2005)*, and *People v. Pearson, 216 Ill. 2d 58, 66-67, 833 N.E.2d 827, 295 Ill. Dec. 621 (2005)*, held that the recharacterization of a pleading of a *pro se* litigant as a successive post-conviction petition prior to dismissal of such petition, without notice and warning to the defendant, and without affording the defendant an opportunity to withdraw or amend the pleading, is reversible error."

We disagree with defendant's characterization of the resolution of the motion by Judge Laws. Judge Laws [*13] noted that defendant filed the same motion in June of 1999, a motion to allow DNA testing. However, further during her discussion she specifically indicated her recognition of the fact that the 2005 DNA motion at issue in the instant case was filed under *section 116-3*. She stated: "I must further add that the defendant has filed this motion under *725 ILCS 5/116-3*." She then accurately discussed the specific

requirements imposed by the DNA statute including the fact that "identity is an issue at the time of trial." Mindful of the requirements of the DNA statute, she accurately referenced in substance the appellate court case from 1999 affirming defendant's conviction (*People v. Luczak, 306 Ill. App. 3d 319, 714 N.E.2d 995, 239 Ill. Dec. 698 (1999)*), and she concluded: "I have reviewed the findings by the Appellate Court in the defendant's case filed November 15th of 1999, and it does not appear that identity was an issue in this matter and that the defendant testified at his own trial that he was with the victim; although, he disagreed that, in fact, he had sexually assaulted the victim."

The record reflects that Judge Laws was well aware of the fact that the motion at issue in the instant case was not made in connection [*14] with a post-conviction petition but, rather, was a DNA motion under *section 116-3*. We reject defendant's argument that Judge Laws recharacterized his DNA motion as a post-conviction petition. The DNA statute specifically provides for the DNA motion to be brought by the defendant before the trial court that entered judgment of conviction, which is exactly what the defendant did in this case. *725 ILCS 5/116-3(a)* (West 2004). Judge Laws specifically referenced the DNA statute. Under that statute, before the trial court shall consider whether to allow DNA testing, the defendant must present a *prima facie* case that identity was the issue in the trial and that the evidence has been subject to a sufficient chain of custody. *Johnson, 205 Ill. 2d at 393; 725 ILCS 5/116-3(b)(1), (b)(2)* (West 2004). The record reflects that Judge Laws was well aware of the law and correctly applied it in resolving defendant's *section 116-3* DNA motion. Substantively, the dismissal of the defendant's DNA motion was proper because it was barred by the principles of *res judicata* and the record precluded defendant from presenting a *prima facie* case that identity was the issue in the trial.

However, defendant also procedurally [*15] challenges the summary dismissal of the

DNA motion as reversible error relying on *People v. O'Connell, 365 Ill. App. 3d 872, 850 N.E.2d 278, 302 Ill. Dec. 841 (2006), appeal allowed, 221 Ill. 2d 662, 857 N.E.2d 680, 306 Ill. Dec. 281 (2006)*. Defendant argues that *O'Connell* "held that summary dismissal of a motion for evidentiary DNA testing is illegal." The court in *O'Connell* noted that *section 116-3*, like *section 2-1401* of the Code of Civil Procedure (*735 ILCS 5/2-1401* (West 2004)), confers a limited right to challenge a conviction and lacks any express procedural provisions. Relying on *People v. Dyches, 355 Ill. App. 3d 225, 229, 824 N.E.2d 636, 291 Ill. Dec. 780 (2005)*, the court in *O'Connell* refused to read special summary dismissal procedures into *section 116-3* and concluded that "[t]he trial court must, at a minimum, provide notice to the defendant of its *sua sponte* motion to dismiss, and the court must give the defendant an opportunity to respond." *O'Connell, 365 Ill. App. 3d at 877*. However, the court further held that "harmless error analysis applies to the summary dismissal of a post-conviction petition for DNA testing of evidence." *O'Connell, 365 Ill. App. 3d at 877*.

We agree with *O'Connell's* recognition of the need for the trial court to provide notice to defendant and give [*16] the defendant an opportunity to be heard before summarily dismissing a DNA petition. We also agree with *O'Connell* that the harmless error analysis applies to summary dismissal of a DNA petition. We are well aware, for the reasons previously discussed, that in the instant case, defendant's DNA motion under *section 116-3* was not recharacterized by the trial court as a post-conviction petition. Moreover, the DNA motion was not brought in connection with *section 2-1401*. Cases previously recognizing the need for the court to provide defendant notice and an opportunity to be heard have done so in the context of resolving a *section 2-1401* petition (*Dyches, 355 Ill. App. 3d 225, 824 N.E.2d 636, 291 Ill. Dec. 780*) or post-conviction petition (*People v. Sargent, 357 Ill. App. 3d 946, 830 N.E.2d 684, 294 Ill. Dec. 272*

(2005)).

We conclude, however, that it is similarly unfair to a defendant, when faced with a proposed *sua sponte* summary dismissal of a *section 116-3* motion, to be deprived of notice and an opportunity to be heard. We recognize that summary dismissal procedures not provided by the DNA statute can deprive defendant of notice and an opportunity to be heard which are fundamental principles of justice. See *People v. Anderson, 352 Ill. App. 3d 934, 942, 817 N.E.2d 1000, 288 Ill. Dec. 350 (2004).* [*17] We hold that summary dismissal, which is a drastic procedure, should not be read into *section 116-3;* accordingly, a defendant is entitled to notice and an opportunity to be heard regarding a *section 116-3* DNA motion.

We recognize that our holding is consistent with the principals articulated in *Dyches, 355 Ill. App. 3d at 229,* but conflicts with the Fourth District's holding in *People v. Stevens, 315 Ill. App. 3d 781, 733 N.E.2d 1283, 248 Ill. Dec. 285 (2000).* In *Stevens,* the trial court summarily dismissed the defendant's motion for post-conviction DNA testing under *section 116-3.* In discussing *section 116-3,* the court in *Stevens* stated as follows:

> "*Section 116-3* does not state that a defendant is entitled to a hearing. Under defendant's interpretation of the statute, a trial court must hold a hearing on every motion regardless of the merits of the motion. Courts will not interpret a statute to guarantee a hearing as a matter of right without such language in the statute. [Citations.] We conclude that defendant was not entitled to a hearing as a matter of right and the trial court properly denied defendant's motion." *Stevens, 315 Ill. App. 3d at 784.*

The court in *Stevens* affirmed the denial of defendant's motion "because [*18] (1) *section 116-3* of the Code does not require that the trial court conduct a hearing on defendant's petition, (2) identity was not the issue in the trial that resulted in defendant's conviction, and (3) the blood he sought to have tested would not produce new, noncumulative evidence materially relevant to defendant's assertion of actual innocence." *Stevens, 315 Ill. App. 3d at 784.*

In *Dyches, 355 Ill. App. 3d at 229,* we recognized the need for the court to provide a defendant notice and an opportunity to be heard in the context of a *section 2-1401* petition. We held that "summary dismissal, which is a drastic procedure, should not be read into the procedures provided by *section 2-1401.*" *Dyches, 355 Ill. App. 3d at 229.* However, we further held that "harmless error analysis should still be applied where defects in a *section 2-1401* petition are patently incurable." *Dyches, 355 Ill. App. 3d at 229.*

Similar to *Dyches,* harmless error analysis should apply where defects in a *section 116-3* DNA motion are patently incurable. If dismissal of the DNA motion is inevitable and further proceedings would have little remedial effect and only delay dismissal, then summary dismissal should be affirmed [*19] based on harmless error. See *Anderson, 352 Ill. App. 3d at 948* (summary dismissal of a *section 2-1401* petition is subject to harmless error analysis); see *Sargent, 352 Ill. App. 3d 946* (reiterated *Anderson*'s holding that summary dismissal, even if regarded as procedurally erroneous, remains subject to harmless error analysis, although *Sargent* addressed summary dismissal of a post-conviction petition, not summary dismissal of a *section 2-1401* petition). We believe our application of the harmless error analysis in the context of a *section 116-3* DNA motion is consistent with the general duty of the reviewing court to consider the record as a whole and ignore harmless errors. See *Dyches, 355 Ill. App. 3d at 229* ("harmless error

analysis should still be applied where defects in a *section 2-1401* petition are patently incurable").

As previously noted, the court in *O'Connell* similarly recognized that harmless error analysis applies to the summary dismissal of a DNA post-conviction petition. *O'Connell, 365 Ill. App. 3d at 877* ("following *Dyches*, we further hold that harmless error analysis applies to the summary dismissal of a post-conviction petition for DNA testing of evidence"). In *O'Connell*, **[*20]** the trial court dismissed the DNA post-conviction petition because defendant pled guilty to the charges, and therefore, the court reasoned, he could not meet the statutory requirement of showing that "identity was the issue in the trial." *725 ILCS 5/116-3(b)(1)* (West 2004). However, in *O'Connell*, after considering the record as a whole, based on the underdeveloped nature of the record, the appellate court indicated that it could not conclude that any error in denying the DNA post-conviction petition was harmless:

> "This court and the trial court could both benefit from a fuller development of the arguments concerning interpretation of *section 116-3*. Because we cannot conclude that the procedural defects had no prejudicial effect, we reverse and remand for proper notice of the court's *sua sponte* motion to dismiss and to give defendant an opportunity to respond to the dispositive motion."
> *O'Connell, 365 Ill. App. 3d at 878.*

Thus, *O'Connell* recognized application of the harmless error analysis, but found the record in that particular case did not allow it to affirm the dismissal of the DNA post-conviction petition because the court could not conclude that any error in denying the DNA petition **[*21]** was in fact harmless error.

We are mindful that the *O'Connell* case is currently under consideration by the Illinois Supreme Court. *People v. O'Connell, 365 Ill. App. 3d 872, 850 N.E.2d 278, 302 Ill. Dec. 841 (2006), appeal allowed, 221 Ill. 2d 662, 857 N.E.2d 680, 306 Ill. Dec. 281 (2006).* We take no position on whether any error in denying the DNA petition in the context of the plea of guilty at issue in *O'Connell* was in fact harmless, as that is currently under consideration by the supreme court and not relevant to the issue in the instant appeal. *O'Connell, 365 Ill. App. 3d at 877.* Rather, we rely on *O'Connell* only for the specific principle that the harmless error analysis can apply to the summary dismissal of a DNA petition. *O'Connell, 365 Ill. App. 3d at 877.*

We note that defendant, in relying on *O'Connell*, argues that "the Illinois Appellate Court has held that summary dismissal of a motion for evidentiary DNA testing is illegal." That argument fails to take into consideration that while *O'Connell* recognizes summary dismissal should not be read into *section 116-3*, *O'Connell* also recognizes that summary dismissal depending on the record as a whole can be recognized as error, but affirmed if harmless error. *O'Connell, 365 Ill. App. 3d at 877.*

In the **[*22]** instant case, for the reasons previously discussed, we review the record as a whole and consider whether the summary dismissal of defendant's *section 116-3* DNA motion was harmless error. *Section 116-3* provides in pertinent part:

> "(b) The defendant must present a *prima facie* case that
>
> > (1) identity was the issue in the trial which resulted in his or her conviction." *725 ILCS 5/116-3* (West 2004).

Defendant alleged in his motion that identity was the issue at trial. However, the well-developed record in the instant case directly rebuts that allegation. Unlike the court in *O'Connell*, which reviewed a record reflecting a defendant's guilty plea, in the instant case, we review a far more extensive record. Defendant brings the *section 116-3* DNA motion as the result of his conviction of two counts of aggravated criminal sexual assault after a fully litigated jury trial in case No. 95 CR 14118.

On direct appeal of those two convictions, defendant argued that since he admitted to having been with the victim, other crime evidence was not relevant to establish defendant's identity or intent. *People v. Luczak, 306 Ill. App. 3d 319, 327, 714 N.E.2d 995, 239 Ill. Dec. 698 (1999)*. We affirmed his conviction and held that the prior crime [*23] evidence was relevant to defendant's intent and *modus operandi. Luczak, 306 Ill. App. 3d at 327.*

Moreover, the record reflects, defendant, in an interview with the police before trial, admitted to the police that he engaged in sex with the victim for money. *Luczak, 306 Ill. App. 3d at 322.* Defendant, during trial, admitted being with the victim during the time frame when the victim testified the sexual assault occurred; however, he denied having sexual contact with the victim. *Luczak, 306 Ill. App. 3d at 323.* According to defendant's testimony he was driving around with the victim because she wanted to buy some cocaine and he helped get the cocaine for her to purchase. *Luczak, 306 Ill. App. 3d at 323.* Defendant testified that an argument occurred as a result of a dispute over the cost of the cocaine and defendant eventually kicked the victim out of the car. *Luczak, 306 Ill. App. 3d at 323.*

In response to defendant's argument on appeal that since he admitted to being with the victim any evidence of other crimes was not relevant to identity or intent, we found other crime evidence was not admissible to prove identity but, rather, to prove defendant's intent and *modus operandi. Luczak, 306 Ill. App. 3d at 327.* [*24] We affirmed defendant's conviction. *People v. Luczak, 306 Ill. App. 3d 319, 714 N.E.2d 995, 239 Ill. Dec. 698, appeal denied, 185 Ill. 2d 650, 720 N.E.2d 1101, 242 Ill. Dec. 146 (1999), cert. denied, 528 U.S. 1164, 145 L. Ed. 2d 1088, 120 S. Ct. 1182 (2000).*

As previously noted, defendant, in June of 1999, filed a post-conviction petition seeking an order, pursuant to *section 116-3*, to allow DNA testing of evidence used in his trial. On July 7, 1999, the trial court denied this petition, explaining that defendant could have raised the issue of DNA testing on direct appeal but did not, and thus, the petition was untimely and without merit. That ruling was not appealed by defendant. On March 27, 2000, defendant filed a successive post-conviction petition alleging various issues, but none of those issues were in any way related to DNA testing. This petition was also denied, and on appeal, this court affirmed the dismissal of the petition by the trial court. *People v. Luczak, 323 Ill. App. 3d 1148, 800 N.E.2d 886, 279 Ill. Dec. 598 (2001)* (unpublished order under *Supreme Court Rule 23*).

In the instant case, defendant, in 2005, filed a motion pursuant to *section 116-3* to permit DNA testing on evidence related to his trial under No. 95 CR 14118. However, the record reflects the inherent defect in defendant's [*25] DNA motion is patently incurable. Judge Laws summarily dismissed defendant's motion noting as follows:

> "One of the requirements is that identity is an issue at the time of trial. I have reviewed the findings by the Appellate Court in the defendant's case filed November 15th of 1999, and it does not appear that identity was an issue in

this matter and that the defendant testified at his own trial that he was with the victim; although, he disagreed that, in fact, he had sexually assaulted the victim."

Both the trial and appellate record directly and repeatedly rebut the fact that identity was an issue in the trial which resulted in defendant's conviction. We find, in the instant case, that regardless of whether the circuit court erred in failing to provide defendant with notice and an opportunity to be heard before summarily dismissing his *section 116-3* DNA motion, defendant could not have cured the inherent defect in his DNA motion because he could not allege, or present a *prima facie* case that identity was the issue in the trial which resulted in his conviction as required by *section 116-3. 725 ILCS 5/116-3* (West 2004). The summary dismissal of the DNA motion was inevitable and further [*26] proceedings would only have delayed the result. Accordingly, any procedural error was harmless.

For the reasons previously discussed, dismissal of defendant's DNA motion was proper because it was barred by the principles of *res judicata* and the record precluded defendant from presenting a *prima facie* case that identity was the issue in the trial which resulted in his conviction. Moreover, any procedural error in summarily dismissing defendant's DNA motion was harmless error.

## II. HABEAS CORPUS

Defendant's third contention is that the trial court erred in dismissing his petition for writ of *habeas corpus*. Defendant argues that the trial court summarily dismissed his petition in violation of the Habeas Corpus Act (Act) (*735 ILCS 5/10-101 et seq.* (2002)). Whether the trial court complied with the applicable statutory procedure is a question of law, and the standard of review is *de novo*. See *Woods v. Cole, 181 Ill. 2d 512, 516, 693 N.E.2d 333, 230*

*Ill. Dec. 204 (1998).* Defendant cites to *People v. Winfrey, 347 Ill. App. 3d 987, 989, 808 N.E.2d 589, 283 Ill. Dec. 623 (2004),* for the proposition that the trial court is not authorized under the Act to summarily dismiss a *habeas corpus* petition.

We recognize a dispute among the districts of this court as to whether [*27] a trial court may summarily dismiss a defendant's *habeas corpus* petition. Compare *People v. Land, 366 Ill. App. 3d 1183, 1187, 853 N.E.2d 937, 304 Ill. Dec. 860 (4th Dist. 2006)* (trial court has inherent authority to *sua sponte* dismiss *habeas corpus* petition), *People v. Tiller, 361 Ill. App. 3d 803, 806, 838 N.E.2d 969, 298 Ill. Dec. 76 (5th Dist. 2005)* (affirming summary dismissal of *habeas corpus* petition), and *People v. Carroll, 351 Ill. App. 3d 972, 815 N.E.2d 907, 287 Ill. Dec. 263 (1st Dist. 2004)* (summary denial of *habeas corpus* petition is proper), with *Winfrey, 347 Ill. App. 3d at 989 (2d Dist. 2004)* (dismissing *habeas corpus* petition without giving defendant notice and an opportunity to respond to trial court's action is reversible error).

In *Carroll,* this court summarily denied a *habeas corpus* petition where defendant did not raise any legal argument or cite legal authority to support his claim under the Act and no prejudice resulted from summary dismissal. *Carroll, 351 Ill. App. 3d at 975.* In recognizing the dispute among the districts regarding summary dismissal, this court declined to follow the Second District's holding in *Winfrey. Carroll, 351 Ill. App. 3d at 975.*

We note under the Act, a prisoner is entitled to an immediate release from incarceration if the term during which [*28] the prisoner may be legally detained has expired. *735 ILCS 5/10-123(2)* (West 2000). Additionally, the Act provides that a prisoner may be discharged where, although the original imprisonment was lawful, some subsequent act, omission, or event has occurred entitling the prisoner to a discharge. *735 ILCS 5/10-124(2)* (West 2000).

Defendant *pro se* filed what he labeled a "Petition for a Writ of *Habeas Corpus Ad Testificandum.*" His petition noted that on "December 22, 2004, defendant caused to be filed Motion to allow DNA Testing and Discovery." Defendant further alleged in his petition that his case "depends in large part on his own testimony" and requested to be present to manage the presentation of his case. Specifically, defendant alleged that he "should have the legal right to cross-examine any of the plaintiff's witnesses, and to have the court hear his case and to present appropriate rebuttal evidence." Defendant's petition does not identify any specific reason why he is entitled to *habeas corpus* relief under the Act; however, he contends that the Act does not allow summary dismissal.

Similar to the defendant in this case, the defendant in *Carroll* argued on appeal that the Habeas Corpus [*29] Act did not allow summary dismissal of his petition. *Carroll, 351 Ill. App. 3d at 974.* A review of the record reflects that defendant's petition, like the petition in *Carroll,* did not raise any legal issue cognizable under the Act, or raise any legal argument or legal authority to support his claim; accordingly, no prejudice resulted from the dismissal.

As previously noted, the trial court did not recharacterize defendant's pleading as a post-conviction petition. See *People v. Shellstrom, 216 Ill. 2d 45, 56, 833 N.E.2d 863, 295 Ill. Dec. 657 (2005)* (in light of obstacles associated with successive post-conviction petition, trial court must give a *pro se* petitioner notice before recharacterizing a pleading as a first post-conviction petition). Defendant had already filed successive post-conviction petitions which had been resolved prior to the DNA motion and *habeas corpus* petition which were filed in the instant case. Rather than recharacterize his petition, the trial court addressed the precise petition presented and the precise relief requested by defendant and concluded that "the defendant's Petition for

Writ of *Habeas Corpus* Relief in that he wants to appear in court for the hearing on the matter is also denied, and the [*30] matter is taken off call." That ruling directly addressed the relief requested in defendant's "Petition For Writ of *Habeas Corpus Ad Testificandum,*" specifically to be present to manage his case, cross-examine witnesses and present rebuttal evidence. Defendant's petition failed to raise any legal argument or legal authority to support his *habeas corpus* claim and no prejudice resulted from the summary dismissal. For the reasons previously discussed, we conclude the trial court properly dismissed defendant's *habeas corpus ad testificandum* petition.

## III. FREE TRANSCRIPTS MOTION

Defendant's final contention on appeal is that the trial court erred in denying him free copies of transcripts of the proceedings from his pleas of guilty and sentences in case Nos. 89 CR 6782, 89 CR 6783, and 89 CR 6784. On February 2, 1990, defendant pled guilty to one count of aggravated criminal sexual assault and one count of criminal sexual assault charged under No. 89 CR 6782, two counts of criminal sexual assault under No. 89 CR 6783, and two counts of criminal sexual assault under No. 89 CR 6784. The trial court sentenced defendant to concurrent terms of incarceration of 10 years in No. 89 CR 6782; 6 years [*31] in No. 89 CR 6783; and 6 years in No. 89 CR 6784.

Defendant's argument that he is entitled to free transcripts under *Illinois Supreme Court Rule 605(b)(5)* is without merit. 210 Ill. 2d R. 605(b)(5). The State argues correctly that under *Rule 605(b)(2),* defendant must have filed a motion to vacate "within 30 days of the date on which sentence is imposed." 210 Ill. 2d R. 605(b)(2). Defendant pled guilty on February 2, 1990, and did not file a motion to vacate his guilty pleas until July 1, 2005. Since defendant waited over 15 years to file a motion to vacate his guilty pleas, the time has expired and he is not entitled to free transcripts. Accordingly, the judgment of the trial court denying defendant's

request for free transcripts is affirmed.

IV. CONCLUSION

For the reasons previously discussed, dismissal of defendant's *section 116-3* DNA motion was proper because it was barred by the principles of *res judicata* and the record precluded defendant from presenting a *prima facie* case that identity was the issue in the trial which resulted in his conviction under No. 95 CR 14118. Any procedural error in dismissing the *section 116-3* DNA motion was harmless error because the inherent defect regarding [*32] the issue of identity in defendant's DNA motion was patently incurable. Defendant's petition for *habeas corpus* was properly dismissed. The defendant was not entitled to free transcripts from his pleas of guilty to a series of sexual assault charges entered in February 1990 under Nos. 89 CR 6782, 89 CR 6783 and 89 CR 6784.

The judgment of the circuit court of Cook Country is affirmed

Affirmed.

TULLY and GALLAGHER, JJ., concur.

NO. 05-2377 & 05-3244 (consolidated)

RECEIVED

IN THE

7   JUN 26   P12 :23

APPELLATE COURT OF ILLINOIS

APPEALS DIVISION

FIRST JUDICIAL DISTRICT--FIFTH DIVISION

PUBLIC ORDER

---

PEOPLE OF THE STATE OF ILLINOIS,

Respondent-Appellee,

vs.

THEODORE LUCZAK,

Petitioner-Appellant.

---

Appeal from the Circuit Court of Cook County, Criminal Division.
Honorable **Thomas J. Mannion** and **Marjorie C. Laws**, Judges Presiding.

---

PETITION FOR REHEARING
FOR RESPONDENT-APPELLEE

———

RICHARD A. DEVINE,
State's Attorney,
County of Cook,
Room 309 - Richard J. Daley Center,
Chicago, Illinois 60602

Attorney for Respondent-Appellee

JAMES E. FITZGERALD,
MICHELE GRIMALDI STEIN,
Assistant State's Attorneys,
    Of Counsel.

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

PEOPLE OF THE STATE OF ILLINOIS,

                                        Respondent-Appellee,

                        vs.

THEODORE LUCZAK,

                                        Petitioner-Appellant.

## PETITION FOR REHEARING

Pursuant to Supreme Court Rule 367, the People respectfully ask this Court to reconsider its

opinion of June 8, 2007, in the above-titled cause and modify its determination that a trial court has

no authority to deny relief on a motion for DNA testing brought under 725 ILCS 5/116-3 based

solely on the pleadings.  People v. Luczak , 2007 Ill. App. Lexis 625, *15-16.  In reaching the

conclusion that a trial court may not dispose of a section 5/116-3 motion without first providing

defendant notice and opportunity to respond, this Court relied upon a line of authority that was

recently rejected by the Supreme Court in People v. Vincent, No. 101477, (June 7, 2007).  Given

that the underlying premise of the court's holding has been rejected, the continuing validity of this

aspect of the Court's opinion in the instant case is highly questionable.  Accordingly, the People

respectfully request that this Court reconsider this aspect of the opinion and revise it to be in line with the Vincent analysis.

## ARGUMENT

In the instant opinion, this Court held that a trial court has no authority to enter summary judgment on a motion brought under section 5/116-3, although it ultimately affirmed the trial court's ruling based on a harmless error analysis. People v. Luczak, 2007 Ill. App. Lexis 625, 16-26. In so holding, this Court analogized the procedures to be employed regarding a section 5/116-3 motion to those applicable to section 2-1401 motions. People v. Luczak, 2007 Ill. App. Lexis 625, 16. The Court then cited with approval those cases which held that a motion brought under section 2-1401 could not be dismissed without notice to the petitioner and opportunity to respond. People v. Luczak, 2007 Ill. App. Lexis 625, 15, *citing* People v. Dyches, 355 Ill. App. 3d 225, 229, 824 N.E.2d 636 (2005). This analysis, however, was recently rejected by the Supreme Court in its opinion in People v. Vincent, ___ Ill. 2d ___, 2007 Ill. Lexis 864 (No. 101477, June 7, 2007).

In Vincent, the Court held that a trial court *could* dismiss a §2-1401 petition without a responsive pleading from the State and without providing defendant with either notice of the impending dismissal or an opportunity to respond where the petition failed to state a cause of action and could not be amended to do so. Vincent, slip op. 5-6, 8-9. The court found, however, that the dismissal could not be characterized as a "summary dismissal" because that was a term of art specifically reserved for first stage dismissals under the Post-Conviction Hearing Act and because

2

the Code of Civil Procedure has no corollary provision for such dismissals. Vincent, slip op. 6-7. Nonetheless, the Court found that the trial court's dismissal of Vincent's meritless §2-1401 petition constituted a proper *sua sponte* judgment based upon the pleadings and their failure to state a valid cause of action. Vincent, slip op. 7-8. Under the Vincent analysis, the State's failure to respond to the defendant's *pro se* §2-1401 petition served to admit all well-pled allegations in the petition and allowed the court to consider whether those claims, in light of the record, presented a valid cause of action as a matter of law. Vincent, slip op. 6. Because the record demonstrated the propriety of the consecutive sentences which Vincent's petition alleged were improper, the Supreme Court ruled that the trial court's *sua sponte* dismissal with prejudice was proper. Vincent, slip op. 12-13.

As regards the instant petition, this Court recognized that it contained an "inherent defect" which was "patently incurable:" that being that identity was *not* an issue in defendant's trial. People v. Luczak, 2007 Ill. App. Lexis 625, 24-25. Because identity was not an issue, defendant could not qualify under the requirements of section 116-3 for the requested DNA testing. People v. Luczak, 2007 Ill. App. Lexis 625, 25. This finding demonstrates that defendant's motion for DNA testing failed to state a valid cause of action and was properly denied without prior notice to defendant and without an opportunity for defendant to respond. Accordingly, the harmless error analysis ultimately relied upon by this Court is improper. For these reasons, the People respectfully request this Court modify its opinion in the instant case.

## CONCLUSION

The People of the State of Illinois respectfully request that this Honorable Court affirm the trial court's summary dismissal of defendant's successive post-conviction petition.

Pursuant to People v. Nicholls, 71 Ill. 2d 166, 374 N.E.2d 194 (1978) and relevant statutory provisions 725 ILCS 5/110-7(h)(1992); 725 ILCS 130/13 (1992); 55 ILCS 5/4-2002.1 (1992), the People of the State of Illinois respectfully request that this Court grant the People costs and incorporate as part of its judgment and mandate a fee of $100.00 for defending this appeal. In addition, pursuant to People v. Agnew, 105 Ill. 2d 275, 473 N.E.2d 1319 (1985) and 55 ILCS 5/4-2002.1 (1992), the People respectfully request that this Court also grant the People an additional fee of $50.00 in the event oral argument is held in this case.

Respectfully Submitted,

RICHARD A. DEVINE,
    State's Attorney,
    County of Cook,
    Room 309 - Richard J. Daley Center,
    Chicago, Illinois 60602

Attorney for Respondent-Appellee

JAMES E. FITZGERALD,
MICHELE GRIMALDI STEIN,
Assistant State's Attorneys.
    Of Counsel.

4

Watt / Finkle

RECEIVED

7   JUN 32   P4:07

APPEAL DIVISION
CLERK OFFICE
ORDER

IN THE

APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
|---|---|---|
| Plaintiff-Appellee | ) | |
| v. | ) | 1-05-2377 & |
| | ) | 1-05-3244 cons. |
| THEODORE LUCZAK, | ) | |
| Defendant-Appellant | ) | |

ORDER

This cause coming to be heard on Plaintiff-Appellee's
Petition for Rehearing, the Court being fully advised in the
premises;

IT IS HEREBY ORDERED that the Petition for Rehearing is
denied.

**ORDER ENTERED**

JUN 2 9 2007

APPELLATE COURT, FIRST DISTRICT

_____
JUSTICE

_____
JUSTICE

_____
JUSTICE

No. _____

IN THE
SUPREME COURT OF ILLINOIS

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) Petition for leave to appeal |
| | ) from the Appellate Court of |
| Plaintiff-Respondent, | ) Illinois, First District. |
| | ) No. 1-05-2377 and 05-3244 |
| | ) |
| v. | ) |
| | ) There heard on appeal from the |
| THEODORE LUCZAK, | ) Circuit Court of Cook County, |
| | ) Criminal Division, |
| | ) No. 89 CR 6782, 89 CR 6783, |
| | ) 89 CR 6784, and 95 CR 14118 |
| | ) |
| Defendant-Petitioner. | ) Hon. John Mannion and |
| | ) Marjorie Laws, |
| | ) Judges presiding. |

## CERTIFICATION OF BRIEF

I certify that this brief conforms to the requirements of Rules 341(a) and (b).   The

length of this brief, excluding the appendix, is 15 pages.

EDWIN A. BURNETTE
Public Defender of Cook County

By: _____
Lester Finkle
Assistant Public Defender

Public Defender of Cook County
Attorney for Defendant-Appellant
69 West Washington Street - 15th Floor
Chicago, IL  60602
312.603.0600

ORDER
_____

IN THE APPELLATE COURT, STATE OF ILLINOIS
FIRST DISTRICT

PEOPLE OF THE STATE OF ILLINOIS,       )
    Plaintiff-Appellee,                )
                                       )
                                       )
              V.                       )          NO.  06-0662
                                       )
THEODORE LUCZAK,                       )
    Defendant-Appellant.               )
                              ORDER

    This cause coming to be heard on Defendant-Appellant's pro se Motion for Access to the Facilities Library and Legal Materials;

    **IT IS ORDERED** that Defendant-Appellant's pro se Motion for Access to the Facilities Library and Legal Materials is



DENIED

ORDER ENTERED

OCT 1 8 2006

APPELLATE COURT, FIRST DISTRICT

Name   Theodore Luczak
          B00780
**Attorney for**

Address  P.O. Box 112
           Joliet, IL 60434-0112

**Telephone**

Justice

Justice

Justice

Justice

STEVEN M. RAVID, CLERK OF THE APPELLATE COURT, FIRST DISTRICT

IN THE APPELLATE COURT, STATE OF ILLINOIS
FIRST DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,    )
                                        )
        Plaintiff-Appellee,             )
                                        )
v.                                      )    No. 06-0662
                                        )
THEODORE LUCZAK,                        )
                                        )
        Defendant-Appellant.            )
                                        )
                                        )
                                        )
                                        )
                                        )

## ORDER

    On the Court's own motion, the Court having received a letter from the pro se Defendant-Appellant in which he indicates that he will not be able to meet "any court deadlines" due to lack of access to the law library; the Court, at Defendant's request having sent him the two volume record on appeal in mid-September and having previously allowed Defendant an extension of several weeks in which to file his appellant's brief;

    **IT IS ORDERED** that Defendant-Appellant shall file his pro se appellant's brief and return the two volume record to the Clerk's office of the Appellate Court, First District, on or before 2/1/07. Failure to timely return the record and file the brief by 2/1/07 shall result in this appeal being dismissed for want of prosecution.

_____
JUSTICE

_____
JUSTICE

_____
JUSTICE

Name        Theodore Luczak
            B00780

Attorney for

Address     Stateville Correctional Center
            P.O. Box 112
            Joliet, IL 60434

Telephone

**ORDER ENTERED**

DEC 15 2006

APPELLATE COURT, FIRST DISTRICT

IN THE APPELLATE COURT, STATE OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | No. 06-0662 |
| | ) | |
| v. | ) | |
| | ) | |
| THEODORE LUCZAK, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

## ORDER

On the Court's own motion, the Defendant-Appellant having been given three extensions of time to file his brief and the Court having entered an order on April 11, 2007, stating that the Defendant-Appellant must file his brief on or before May 7, 2007, or the appeal would be dismissed; the brief having been originally due by July 19, 2006; no brief having been filed;

**IT IS HEREBY ORDERED** that this appeal is DISMISSED FOR WANT OF PROSECUTION.

JUSTICE

**ORDER ENTERED**

MAY 1 8 2007

APPELLATE COURT, FIRST DISTRICT

JUSTICE

JUSTICE

Appendix

C

ORDER

## IN THE APPELLATE COURT, STATE OF ILLINOIS
### FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,<br>    Plaintiff-Appellee, | )<br>)<br>) | |
| | )<br>) | |
| V. | )<br>) | NO. 06-0662 |
| | ) | |
| THEODORE LUCZAK,<br>    Defendant-Appellant. | )<br>) | |

ORDER

This cause coming to be heard on Defendant-Appellant's pro se "Motion for Extension," in which defendant seeks until September 25, 2006, in which to file his appellant's brief; the Court having previously granted defendant an extension of time to and including October 27, 2006 in which to file his brief;

**IT IS ORDERED** that Defendant-Appellant's pro se "Motion for Extension" is **MOOT**.

_____ Justice

**ORDER ENTERED**

OCT 0 3 2006

APPELLATE COURT, FIRST DISTRICT

**Name**   Theodore Luczak
        B00780
**Attorney for**

**Address**   Stateville Correctional Center
          P.O. Box 112
          Joliet, IL 60434

**Telephone**

_____ Justice

_____ Justice

STEVEN M. RAVID, CLERK OF THE APPELLATE COURT, FIRST DISTRICT

# Exhibit #4.

Letter from Assistant Public Defender
Marsha Watt, in relating to Common Law
Records.



Law Office of the
## COOK COUNTY PUBLIC DEFENDER
69 W. WASHINGTON • 15TH FLOOR • CHICAGO, IL 60602 • (312)603-0600 • (312)603-9860 fax

**Edwin A. Burnette • Public Defender**

February 8, 2008


CONFIDENTIAL AND PRIVILEGED LEGAL MAIL

Mr. Theodore Luczak
Reg. No. B-00780
Stateville Correctional Center
Route 53
P.O. Box 112
Joliet, Illinois 60434

        RE: PLA

Dear Mr. Luczak:

Per our conversation please find the enclosed copy of a LEXIS printout of your denial of the Petition for Rehearing and your appellate court case opinion. I regret that the Court did not grant your Petition.

I have also requested the delivery of your common law records under both the trial and appellate numbers. When they arrive, I will look for the documents we discussed.


Sincerely,

MARSHA WATT
Assistant Public Defender

# Exhibit #5.

Letter from appointed counsel in relation to Proposed Settlement

# Katten

KattenMuchinRosenman LLP

525 W. Monroe Street
Chicago, IL 60661-3693
312.902.5200 tel
312.902.1061 fax

**ANDREW D. HOEG**
andrew.hoeg@kattenlaw.com
312.902.5408 direct
312.577.4538 fax

February 8, 2008

## VIA U.S. Mail

Theodore Luczak
Reg. NO. B-00780
Stateville Correctional Center
Rt. 53 P.O. Box 112
Joliet, IL 60434

Dear Mr. Luczak:

Enclosed please find a copy of the letter that was sent to opposing counsel regarding your proposed settlement.

Sincerely,

Andrew D. Hoeg

ADG:jaz
Encl.

**Katten**

Katten Muchin Rosenman LLP

525 W. Monroe Street
Chicago, IL 60661-3693
312.902.5200 tel
312.902.1061 fax

ANDREW D. HOEG
andrew.hoeg@kattenlaw.com
312.902.5408 direct
312.577.4538 fax

February 7, 2008

<u>Via U.S. Mail and E-Mail</u>

Andrew W. Lambertson
Assistant Attorney General
General Law Bureau
100 West Randolph Street, 13th FL
Chicago, Illinois 60601

**Re:    Luczak v. Walker, et al. 07 C 3722**

Dear Mr. Lambertson,

Mr. Luczak has asked me to extend a proposal to your office to settle all of his claims related to *Luczak v. Walker*, et al. No. 07 C 3722. Mr. Luczak is willing to settle and dismiss <u>all</u> claims in exchange for (i) a payment of $2,000; (ii) a MRI scan for the purpose of detecting cancer of the nasal cavities or paranasal sinuses; and (iii) an agreed upon protocol for medical treatment, if necessary.

Our proposed language for a settlement on the medical issues is as follows:

"Within 30 days of the execution of the Settlement Agreement and dismissal of Case No. 07 C 3722, IDOC agrees that inmate Luczak will be examined for nasal cavity or paranasal sinus cancer using a magnetic resonance imaging ("MRI") scan. If the examination results in a determination that Luczak has a medical condition that requires treatment, he will receive treatment according to the examining doctor's best medical judgment."

Please advise if the foregoing terms are acceptable to defendants.

Sincerely,

Andrew D. Hoeg

cc:    Stuart J. Chanen

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

U.S. ex rel. Theodore Luczak (B-00780)

        Petitioner,

    .vs.

                                 Case No.

Terry McCann (Warden)

             Respondent.

                               Honorable

                               Ronald A. Guzman

                               Judge Presiding

## PROOF OF SERVICE

To: Chief, Criminal Appeals Division
    Office of Attorney General
    100 West. Randolph Street -- 12th Floor
    Chicago, Illinois 60601

       I, Theodore Luczak, herein certify that I have served a copy of the foregoing Motion For Appointment of Counsel upon the above counsel for respondent, by causing to be mailed a true copy thereof at the address referred to above, in an envelope duly addressed and placed in the bars at the Stateville Correctional Center, located at Route 53. P.O. Box

- A -

112. Joliet, Illinois 60434, on this 22nd day of February 2008.

Respectfully Submitted

*Theadore Luczak*

Theodore Luczak

I.D. # B-00780