IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. ) | | |
| THEODORE LUCZAK, ) | | |
| ) | | |
| Petitioner, ) | | |
| ) | | |
| v. ) | No. 07 C 6375 | |
| ) | | |
| ) | | |
| TERRY McCANN, Warden, ) | The Honorable | |
| ) | Ronald A. Guzman, | |
| Respondent. ) | Judge Presiding. | |

## MOTION TO DISMISS

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] 28 U.S.C. §2244(b)(3), and this Court's order of February 4, 2008, respondent TERRY MCCANN moves to dismiss the above-captioned Petition for Writ of Habeas Corpus as an unauthorized successive petition, and states as follows:

1.      Petitioner, Theodore Luczak, is currently incarcerated in the Stateville Correctional Center in Joliet, Illinois, and is identified as prisoner number B00780. He is in the custody of Terry McCann, warden of that facility.

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts contemplates that the respondent's response to the petition may be by "motion, or other response." *See* Advisory Committee Notes to Rule 4, 2004 Amendments ("[t]he amended rule [4] reflects that the response to the habeas petition may be a motion"); *see also* Advisory Committee Notes to Rule 5, 2004 Amendments (Rule 4 permits the filing of pre-answer motions to dismiss, and "reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion").

I. **State Court Proceedings**

A. **1989 Indictments**

2. On February 2, 1990, in the Circuit Court of Cook County, petitioner pled guilty to one count of aggravated criminal sexual assault and five counts of criminal sexual assault as charged in indictments 89 CR 6782, 89 CR 6783, and 89 CR 6784. (Resp. Exh. D at 3, *People v. Luczak*, 869 N.E.2d 1185, 1187 (Ill.App. 2007)). The trial court sentenced him to concurrent terms of 10 years' imprisonment for aggravated criminal sexual assault, 10 years for one count of criminal sexual assault, and six years each for the remaining counts of criminal sexual assault. (*Id.*).

B. **1995 Indictment**

3. After discharging these concurrent sentences, petitioner was charged in Cook County under indictment 95 CR 14118 with aggravated criminal sexual assault, criminal sexual assault, aggravated kidnapping, and unlawful restraint. (*Id.*). A jury found him guilty of two counts of aggravated criminal sexual assault, and petitioner was sentenced to consecutive terms of 60 and 40 years. (*Id.*). Petitioner appealed, and the appellate court affirmed his conviction. (Resp. Exh. A at 9, *People v. Luczak*, 714 N.E.2d 995, 1002 (Ill.App. 1999)). Petitioner's petition for leave to appeal (PLA) was denied by the Illinois Supreme Court on October 6, 1999. (Resp. Exh. B, Order denying PLA in *People v. Luczak*, No. 92097, 196 Ill.2d 556 (Table) (2001)). The Supreme Court of the United States denied petitioner's

petition for writ of certiorari on February 22, 2000. (Resp. Exh. C, *Luczak v. Illinois*, 528 U.S. 1164 (2000)).

    4.    In June 1999, petitioner filed a pro se postconviction petition seeking an order pursuant to 725 ILCS 5/116-3 to allow for DNA testing in connection with case no. 95 CR 14118. (Resp. Exh. D at 3). The trial court held the petition was both untimely and without merit. (*Id.*). On March 27, 2000, petitioner filed a successive postconviction petition challenging this conviction, which was also denied. (*Id.*). On June 25, 2001, the appellate court affirmed. (*Id.*). In May 2001, petitioner filed a pro se motion to vacate his consecutive sentences as void under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (Resp. Exh. D at 3). The trial court's determination that *Apprendi* did not apply to recidivism or consecutive sentences was affirmed by the appellate court. (*Id.*). In September 2002, petitioner filed a habeas corpus complaint under Illinois's habeas corpus statute, alleging that his indictment in 95 CR 14118 was faulty. (*Id.*). The trial court denied the complaint on October 22, 2002, and the appellate court granted counsel's motion to withdraw pursuant to *Pennsylvania v. Finley*, 482 U.S. 551 (1987). (*Id.* at 3-4). On January 10, 2005, petitioner filed a motion to permit DNA testing in connection with his conviction under indictment 95 CR 14118, and a pro se petition labeled: "Petition for a Writ of Habeas Corpus AdTestificandum [sic]." (*Id.* at 4). The trial court denied both the motion and petition. (*Id.*). On July 1, 2005, petitioner filed a motion to withdraw his guilty pleas from indictment Nos. 89 CR 6782, 89 CR 6783,

and 89 CR 6784, which was granted; his motion for free transcripts in that appeal was denied. (*Id.*).

    5.    The state appellate court conducted a consolidated review of petitioner's 2005 motion for DNA testing, petition for writ of habeas corpus, and motion for free transcripts. (*Id.*). It held that respondent's motion for DNA testing was properly dismissed as res judicata; that petitioner failed to raise any legal argument or legal authority to support his habeas corpus complaint; and that petitioner was not entitled to free transcripts in his appeal from his 1990 convictions because he did not file a motion to vacate his guilty plea within 30 days of the date on which his sentence was imposed. (*Id.* at 6, 12). His PLA was denied on January 30, 2008. (Resp. Exh. E, Order denying PLA in *People v. Luczak*, No. 105065 (Ill. 2008)).

## II.    Prior Federal Habeas Proceedings

    6.    Petitioner filed a pro se petition for writ of habeas corpus in this Court on January 14, 2002, in which he challenged his 1995 convictions on the grounds that: (1) evidence of his prior conviction for aggravated criminal sexual assault was improperly admitted; (2) appellate counsel was ineffective for failing to review the record; (3) the trial court improperly denied his motion to suppress statements to police; (4) the police lacked probable cause for his arrest; (5) the trial court improperly excluded the admission of a supplemental police report as substantive evidence; (6) he was never appointed stand-by counsel, or granted an order entitling him to extended time in the Cook County Jail Law Library; (7) the State's opening

statement included inaccurate information that was contrary to the evidence presented at trial; (8) the trial court improperly dismissed his postconviction petition without an evidentiary hearing; and (9) he was denied effective assistance of postconviction appellate counsel when the appellate court granted counsel's motion to withdraw. (Resp. Exh. F at 6-7, Order in *Luczak v. Schomig*, No. 01-C-9352 (N.D. Ill. Mar. 24, 2003)). This Court concluded that petitioner had procedurally defaulted claims one, three, four, five, six, and seven; that petitioner had failed to show prejudice stemming from his ineffective assistance of appellate counsel allegation; and that claims eight and nine were non-cognizable for habeas review. (*Id.* at 21-22). Both this Court and the Seventh Circuit denied petitioner's requests for a certificate of appealability (CA). (Resp. Exh. G, Order denying CA request in *Luczak v. Schomig*, No. 01-C-9352 (N.D. Ill. May 1, 2003); Resp. Exh. H, Order denying application for a CA in *Luczak v. Schomig*, No. 03-2230 (7th Cir. Oct 30, 2003)).

7.   On November 2, 2007, petitioner signed[2] the instant habeas corpus petition under 28 U.S.C. §2254, arguing that his sentence in Case No. 95 CR 14118

---

[2] Respondent assumes, *arguendo*, that the petition was filed on November 2, 2007, the date that petitioner signed it. *See* Pet. at 7. Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts sets forth the "mailbox rule" applicable to pro se habeas filings. Because petitioner did not indicate when, if at all, he deposited his habeas petition in Dixon Correctional Center's internal mailing system, and did not state whether postage was prepaid, respondent cannot discern whether petitioner complied with Rule 3(d). *Cf. United States v. Craig*, 368 F.3d 738, 740-41 (7th Cir. 2004) (observing that § 2255 petitioner is entitled to benefit of mailbox rule with respect to his notice of appeal only if petitioner complies with text of Fed. R. App. P. 4(c)(1)).

was improperly enhanced by his conviction in 89 CR 6782 and the trial court lacked jurisdiction over those charges because the crimes occurred in Indiana, rather than Illinois.

8. The following state court materials deemed relevant by respondent have been filed under separate cover as exhibits to this motion:

Exhibit A: *People v. Luczak*, 714 N.E.2d 995 (Ill.App. 1999);

Exhibit B: Order denying PLA in *People v. Luczak*, No. 87859, 720 N.E.2d 1101 (Table) (Ill. 1999);

Exhibit C: *Luczak v. Illinois*, 528 U.S. 1164 (2000);

Exhibit D: *People v. Luczak*, 869 N.E.2d 1185 (Ill.App. 2007);

Exhibit E: Order denying PLA in *People v. Luczak*, No. 105065 (Ill. 2008);

Exhibit F: Order in *Luczak v. Schomig*, 01-C-9352 (N.D. Ill. Mar. 24, 2003);

Exhibit G: Order denying CA request in *Luczak v. Schomig*, No. 01-C-9352 (N.D. Ill. May 1, 2003); and

Exhibit H: Order denying CA in *Luczak v. Schomig*, No. 03-2230 (7th Cir. Oct 30, 2003).

9. In order to obtain habeas relief, petitioner must show that he is "in custody" pursuant to the judgment of a state court. 28 U.S.C. § 2254(a). Petitioner lists his conviction in Case No. 89 CR 6720 as the conviction under attack in this petition. Pet. 1. Because he is no longer serving the sentences for that conviction, he cannot bring a federal habeas action directed solely at that conviction. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v.*

*Cook*, 490 U.S. 488, 492 (1989) (holding that petitioner no longer "in custody" on expired conviction merely because conviction used to enhance subsequent sentence).

      10.    As in *Lackawanna*, however, petitioner's habeas petition can be construed as challenging the 1995 sentence he is currently serving as enhanced by the allegedly invalid earlier conviction in 89 CR 6720. *See id.* at 401-02. Accordingly, petitioner satisfies § 2254's "in custody" requirement. *Id.* So construed, the petition should be dismissed for lack of jurisdiction because it is an unauthorized successive petition. On March 24, 2003, this Court denied petitioner's initial habeas petition challenging his 1995 convictions, (Resp. Exh. F), and both this Court and the Seventh Circuit denied petitioner's CA applications. (Resp. Exhs. G, H). 28 U.S.C. § 2244(b)(3)(A) states:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). Petitioner has not demonstrated that he has obtained an order authorizing this Court to consider the instant habeas petition, and an electronic search of the docket of the United States Court of Appeals for the Seventh Circuit has not revealed the filing of such a motion. Thus, this Court lacks jurisdiction to consider the instant petition and should dismiss the case. *Burton v. Stewart*, 1275 S.Ct. 793, 796 (2007)*; Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005).

11.     This Court did not dismiss petitioner's initial petition "because of a curable technical deficiency" — eg, a failure to exhaust state court remedies — such that the first petition would not "count as the first petition." *Pavlosky*, 431 F.3d at 1064 (holding that "where the petition is filed prematurely or in the wrong district or without payment of the filing fee" it is dismissed without prejudice and the dismissal is not final); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding that "[f]or the purposes of 2244(b), we do not count previous petitions that were dismissed for technical or procedural deficiencies that the petitioner can cure before refiling"). Here, this Court issued a "a final and appealable order" denying the petition on the merits. (Resp. Exh. F at 22). Therefore, because petitioner failed to obtain authorization to file a successive petition, this Court lacks jurisdiction to hear this case.

## **CONCLUSION**

This Court should dismiss the instant successive petition for writ of habeas corpus because it lacks jurisdiction. Should this Court deny this motion, respondent respectfully requests 30 days from the entry date of the Court's order to address the merits and/or procedural defaults of petitioner's claims.

March 26, 2008                                             Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

s/ Garson Fischer
GARSON FISCHER, Bar #: 6286165
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
TELEPHONE: (312) 814-2566
FAX: (312) 814-2253
E-MAIL: gfischer@atg.state.il.us

## NOTICE OF ELECTRONIC FILING

      I hereby certify that on March 26, 2008, I electronically filed respondent's **Motion to Dismiss** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and that on the same date I mailed by United States Postal Service the same to the following non-registered party:

Theodore Luczak, #B00780,
Stateville Correctional Center,
Route 53
P.O. Box 112
Joliet, Illinois, 60434.

March 26, 2008

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

s/ Garson Fischer
GARSON FISCHER, Bar #: 6286165
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
TELEPHONE: (312) 814-2566
FAX: (312) 814-2253
E-MAIL: gfischer@atg.state.il.us