Theodore Luczak
Reg No. B-00780
Stateville Correctional Center
Route 53. Post Office Box 112
Joliet, Illinois 60434

April 18, 2008.

Office of
Clerk of the U.S. District Court
Prisoner Correspondence
United States Court House
219 S. Dearborn Street
Chicago, Illinois 60604

APR 2 2 2008
FILED
APR 2 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Re: U.S. ex rel. Theodore Luczak v. Terry McCann,
     07 C 6375

Dear Clerk:
    I am writing you this letter; in which to request a status on my motion for extension of time, in which to file a responce to the Respondent's motion to dismiss my habeas petition. In furtherance; please advise the Court that the prison officials are refusing to provide me with legal materials nor adequate or meaningful access to the facilities law library as

Page 1 of 2.

requested by Honorable Ronald Guzman on March 7, 2008, See attached docket entry.

    I thank you for your time and consideration in this matter.

                                      Respectfully Yours
                                      *Theodore Luczak*
                                      Theodore Luczak
                                        I.D. #B-00780

c.c./filed.
T.L./t.l.
x.c./encl.

Page 2 of 2.

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6375 | DATE | 3/07/08 |
| CASE TITLE | U.S. ex rel. Theodore Luczak (B-00780) v. Terry McCann | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion for appointment of counsel or in the alternative a court order affording adequate and meaningful access to legal materials [17] is denied as premature. The Clerk is directed to send a copy of this order to the Warden Terry McCann of Stateville Correctional Center.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

    Petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if the interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider respondent's answer to the petition.
    In the alternative Petitioner asks for a court order affording him adequate and meaningful access to legal materials. Due to penological concerns of security and orderly administration, the Court will defer to the judgment of Stateville Correctional Center officials with respect to scheduling inmates' use of the law library and receiving of legal materials. Nevertheless, the Court certifies that the above-captioned case is pending in federal court. The Court accordingly requests that correctional officials grant the plaintiff reasonable access to the law library, in a manner to be determined by prison administrators. The Court emphasizes that this is a request to prison officials, not an order.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|