IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**FILED**

MAY 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

U.S. ex rel. Theodore Luczak    )
                                )
               Petitioner,      )
                                )
                                )
                                )
         .vs.                   )   Case No. 07-C-6375
                                )
                                )
                                )
Terry McCann. Warden,           )   Honorable
                                )   **RONALD A. GUZMAN**
               Respondent,      )   Judge Presiding

RESPONCE TO RESPONDENT'S
MOTION TO DISMISS

        Now comes petitioner, Theodore Luczak, **pro-se**; and resp-
ectfully moves this Honorable Court, with my **Responce** to the resp-
ondent's motion to dismiss.

        In support of this responce, petitioner states that:


**.I. STANDARD OF REVIEW**

        A claim under Title 28 U.S.C. 2254. requires the Federal

Court; to ensure that State criminal convictions are not achieved

at the expense of the petitioner's constitutional rights. A judgm-

ment by a State Appellate Court rejecting a challenge to evidentiary

sufficiency is of course; entitled to diference by the Federal Cour-

ts, as is any judgment affirming a criminal conviction. But congress

in 2254; has selected the Federal District Courts as percisely the

forums that are responsible for determining whether State convict-
ions have been secured in accord with Federal Constitutional law.
The Federal Habeas Corpus statute presumes the norm of fair trial
in the State Court, and adequate State post-conviction remedies to
redress possible errors. 28 U.S.C. 2254(b)(d). After the Anti-Ter--
rorism and Effective Death Penalty Act of 1996 (A.E.D.P.A.), the
laws of Habeas Corpus requires that the Federal Courts review State
Court holdings with diference to State-Court fact findings and is
limited to ensuring that the State Courts comply with "clearly est-
ablished Federal law". The duty of the Federal Habeas Corpus Court;
is to appraise claims that constitutional error did occur--reflecting
as it does the belief that the finalty of a deprivation of liberty
through the invocation of the criminal sanctions is simply not to be
achieved at the expense of a constitutional right--is not one that
can be so lightly objured.


.II. INADEQUATE STATE PROCEDINGS

        In the instant petition; the petitioner attacked his prior
conviction through a State Habeas Corpus petition. In said process,
the State Coutrs violated every Court Rule in relation to a State
Habeas Corpus petition in that: (1) Upon the intial filing of said
petition, the State Court never filed the petitioer's petition for
service or review, and (2) The Appellate Court dismissed the petit-
ioner's appeal because the Clerk of the Circuit Court of Cook County

refused to file the record on appeal, dispite the petitioner's
request.

In view of these strong facts, this Honorable Court has
jurisdiction in that:

1. If the defendant does not have access to fair procedure in State
Court affording him review; on merits, of constitutionality of a
prior conviction after it has been incorporated into new, enhanced
sentence, Federal Court may properly grant such review. 28 U.S.C.
2254(a)

2. Function of Federal Habeas is not to validate a outcome of State
proceedings, but rather to confirm adequacy of those State proceedings
for detecting and correcting constitutional error. 28 U.S.C. 2254(a)

3. Federal Court should independently inquire into merits of matters
such as constitutionalty of prior convictions used to enhance present
sentence only if State procedures for detecting and correcting the
constitutionally deficient. 28 U.S.C. 2254(a)

Such is the case at bar, where the State Courts denied the
petitioner adequate access to a fair procedure of review of the
merits of his State Habeas Corpus petition, thus; rendering such
proceeding wholly absent of his Federal Constitutional protections
that his convictions were not achieved at the expense of violating
such rights. The fact that the respondent refused to file any ans-
wer in any of the State Court proceedings that is inadequate, the
respondent waived his right to argue the lack of jurisdiction of
the instant petition. 28 U.S.C (d)(1)(B)., see <u>Coleman v. Thompson</u>,
111 S.Ct. 2546. If the petitioner is held to the laws of procedural

-3-

default, so should the respondent be held to the same standards, anything less is **TYRANNY**[1].

### .III. IN CUSTODY

It is well settled in the Seventh Circuit Court of Appeals; that a petitioner may challenge the constitutionality of a past conviction even though the custodial term of that conviction has totally expired only if the petitioner is currently in custody by the virtue of a sentence that was enhanced on the basis of that prior conviction. **Tredway v. Farley**, 35 F.3d 288, 292 (7th Cir. 1994); **Simth v. Farley**, 25 F.3d 1363, 1365-66 (7th Cir. 1994).

Not only is the petitioner in custody by virtue of a sentence that was enhanced on the basis of a prior conviction, but the petitioner is serving two(2) enhanced sentences of 60 and 40 years to run consecutively, and the testimony of said prior conviction was also used to achieve a conviction for another unconstitutional conviction.

### .IV. UNCONSTITUTIONAL CURRENT CONVICTION.

In petitioner's current conviction, the State Courts refused to allow the petitioner to obtain DNA evidence that has a strong potential to produce new evidence that is relevant to the petitioner's claim of actual innocence, and this Honorable Court has jurisdiction to review such potential. **Herrera v. Collins**, 506 U.S. 390, 417. In April of 1995, the petitioner was accused of and ultimately convicted of verious sex-related offenses, based solsy on the testimony of the

-4-

testimony of the complaintant, S.S., testified that the petitioner
had sexually assaulted her while she was in his car. As part of her
testimony, she stated that after the assault in the back seat, she
"crawled back over the seat, got my underwear and put them back on
and***sat down". Forensic evidence offered by the State; was never
identified the source of blood found on S.S.' underwear. This evidence
which included oral and rectal swabs of S.S., as well as her underwear,
also tested nagative for spermatozoa. It was never subjected to more
extensive forensic testing, such as **DNA** analysis.


.V. PETITION NOT SUCCESSIVE:

        Petitioner first argues that; the United States Supreme
Court did not explicitly hold that a petitioner may not attack a
prior conviction through a 2254 petition, but held that "[i]f...a
prior conviction used to enhance a federal sentence is no longer
open to a direct or collateral attack in its own right, because the
defendant failed to pursue those remedies while they were available
(or because the defendant did so unsuccessfully), then that defendant
...may not collaterally attack his prior conviction through a motion
under 2254 directed at enhanced State sentence. see **Daniels v. U.S.**,
at 374, 121 S.Ct. 1578.

        In the instant petition, the petitioner timely filed a State
Habeas Corpus petition; after the State Courts affirmed his sentence,
and secondly, lack of jurisdiction is an affirmative defence. In this

situation; where the State Courts never had jurisdiction from the
bigning, and the fact that the respondent never filed any answer in
the State Court proceedings, a habeas petition directed at the enha-
nced sentence may effectivelly be the first and only fourm available
for review of the prior conviction. 28 U.S.C 2244(d)(1)(B).

        Petitioner further argues that; the respondent is wrong in
his argument that this Honorable Court did not dismiss his first pet-
ition "because of a curable technical deficiency"-eg., a failure to
exhaust State Court remedies. This is untrue and very misleading; as
a full review of the prior dismissal of the petitioner's first Habeas
Corpus petition, this court held that because the petitioner failed to
complete one complete round of the State Appellate process, it was bared
from reviewing the merits of the allegations asserted in the petitioner's
first habeas petition. **(See Enclosed Order at page #14).** Secondly;
judge Guzman proceeded to rule on the merits of the petitioner's in-
effective assistance of appellate counsel. If judge Guzman was bared
from reviewing the claims of 1, 3, 4, 5, 6 & 7, surley he must have
been bared from reviewing any of the petitioner's claims.


        In the event that this Honorable Court should conclude that;
the instant petition is successive in nature, the petitioner should
be granted leave to file an application in the Seventh Circuit Court
of Appeals; requesting to file a successive Habeas Corpus Petition.

Signed this 25th day of April 2008.        /s/ _Theodore Luczk_
                                           Theodore Luczk Pro-Se;

-6-

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THEODORE LUCZAK,                    )
                                    )
              Petitioner,           )        No. 01 CV 09352
                                    )
      v                             )        Judge Ronald A Guzman
                                    )
JAMES M. SCHOMIG, Warden,           )
Pontiac Correctional Center,        )
                                    )
              Respondent.           )

Before this court is Theodore Luczak's ("Luczak") petition for writ of habeas corpus under 28 U.S.C. §2254. For the following reasons, this court denies the petition.

## FACTUAL BACKGROUND

When considering a habeas corpus petition we presume that the factual determinations of the state court as true. 28 U.S.C. § 2254(e)(1). Thus, we adopt the facts as set forth by the Illinois Appellate Court. *People v. Luczak*, 306 Ill. App. 3d 319, 714 N.E.2d 995, 239 Ill. Dec. 698 (1st Dist. 1999).

Following a jury trial defendant was convicted on two counts of aggravated criminal sexual assault. Prior to trial, the State moved to introduce evidence of defendant's (hereinafter referred to as "defendant" or "Luczak") prior crime, arguing that evidence of the other crime established defendant's criminal intent at the time of the charged crime and Luczak's *modus operandi*. Over objection, the trial court granted the motion, and stated that the evidence of the other crime demonstrated defendant's *modus operandi* and criminal intent.

Prior to trial, Luczak motioned to quash his arrest and suppress his oral confession. The motion to quash his arrest was denied based upon the determination that the police officers had probable cause to arrest Luczak in the doorway of his residence. Luczak had also been identified in a line up by the victim and her sister. The motion to suppress the oral confession was also denied. The trial judge concluded that Luczak had failed to present "clear and convincing" evidence that he did not knowingly, intelligently and voluntarily waived his Miranda rights, and that the state did establish a *prima facie* case that the defendant knowingly, intelligently and voluntarily waive his Miranda rights.

During trial, Luczak motioned for permission to represent himself without the help of a licensed attorney. After the trial judge inquired to Luczak's ability to represent himself, pursuant to *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562(1975), the trial judge ruled that Luczak was able and fit to represent himself during the remainder of the trial.

Also during trial, Luczak asked the trial judge to enter an order allowing him more time in the Law Library located in the Cook County Jail. Given that Luczak was being held in custody at that time, thus the trial judge denied Luczak's request stating that this request was for the prison officials to decide, and not the court.

After the jury instructions were given, the jury foreperson requested a copy of the supplemental police report for review in the jury deliberation room. The trial judge denied such a request based upon the Illinois Rules of Criminal Procedure §803 governing hearsay. After deliberation, the jury announced that the state had proven beyond a reasonable doubt that Luczak was guilty of two counts of aggravated criminal sexual assault.

## PROCEDURAL HISTORY

On July 7, 1997 Luczak, represented by an appointed public defender of Cook County, filed his Direct Appeal in the First District of the State of Illinois. Luczak raised one issue on direct appeal; that the trial court erred in admitting the evidence of his prior conviction of aggravated criminal sexual assault. The First District Appellate Court affirmed Luczak's conviction for aggravated criminal sexual assault on June 14, 1999 in a published opinion. *People v. Luczak*, 306 Ill.App.3d 319, 714 N.E.2d 995(1st Dist. 1999). The appellate court held that there were significant similarities between the two crimes and the evidence was entered to prove a *modus operendi*, intent, identity, or motive, which was in accordance with Illinois's law regarding admissibility of other crimes.

On July 13, 1999, Luczak filed a *pro se* petition for leave to appeal to the Illinois State Supreme Court. Luczak raised four issues: (1) that the trial court and the appellate court erred in granting the State's motion to enter evidence of a prior conviction for an aggravated criminal sexual assault; (2) that the trial court erred when the jury was instructed to consider the evidence of Luczak's prior conviction for aggravated criminal sexual assault for the limited purpose of establishing Luczak's identity and intent; (3) that the trial court erred in admitting evidence of an alleged oral confession; and (4) that the trial court abused it's discretion for allowing a conversation between the judge and a juror outside the presence of Luczak. On October 6, 1999, the Illinois State Supreme Court denied Luczak's petition pursuant to Illinois State Supreme Court Rule 23. *People v. Luczak*, unpublished order dated October 6, 1999.

Luczak then filed a *pro se* petition for Writ of Certiorari to the United States

3

Supreme Court on November 23, 1999. Luczak raised one issue; that his sixth and fourteenth amendments were violated because the trial court erred by admitting evidence of a prior conviction for aggravated sexual criminal assault. The United States Supreme Court denied his petition on February 22, 2000. *People v. Luczak*, 528 U.S. 1164, 120 S.Ct. 1182, 145 L.Ed.2d 1088(2000).

On March 27, 2000, Luczak filed a *pro se* post conviction petition. Luczak raised eight issues: (1) that his appellate counsel was ineffective because his counsel failed to review the total disclosure of the record and failed to raise all meritorious claims on direct appeal that appeared on record; (2) that his fifth and fourteenth amendments were violated because the trial court erred in admitting evidence of a prior conviction for aggravated criminal sexual assault; (3) that his fourth and fourteenth amendments were violated by the trial court's denial of his motion to quash arrest; (4) that his fifth and fourteenth amendments were violated by the trial court's denial of his motion to suppress his oral confession; (5) that his fifth and fourteenth amendments were violated when the trial Judge denied admitting a supplemental police report as substantive evidence; (6) that his sixth and fourteenth amendments were violated when the trial Judge abused his discretion in that the judge had a conversation with a juror outside the presence of Luczak; (7) that his sixth and fourteenth amendments were violated because the trial Judge denied Luczak adequate access to legal materials and a private investigator; (8) that his sixth and fourteenth amendments were violated because the trial Judge abused his discretion in denying Luczak's petition for a new trial when the State failed to prove Luczak's guilt beyond a reasonable doubt. Luczak's post conviction was denied on April 6, 2000.

4

On April 5, 2001, Luczak's appointed attorney for his post conviction appeal filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*. Luczak filed a response to the motion to withdraw on May 22, 2001. Luczak raised seven issues in his response: (1) that the trial court erred in summarily dismissing Luczak's post conviction petition without an evidentiary hearing; (2) that his appellate counsel was ineffective because the counselor failed to raise Miranda issues; (3) that the trial court erred in refusing to admit supplemental police reports as substantive evidence; (4) that the State failed to prove beyond a reasonable doubt that Luczak knowingly, intelligently, and voluntarily waived his Miranda warnings; (5) that the trial court erred in the denying his motion to quash arrest and in denying his motion to suppress statements; (6) that the trial court erred in holding Luczak, a *pro se* litigant, to the same standards as a licensed attorney; (7) the trial court erred in denying Luczak the right to effective access to the Cook County Jail Law Library while he was being held in custody. On June 25, 2001, in an unpublished order, the Appellate Court found no issues of arguable merits, granted the appointed attorney's motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, and affirmed the judgment of the circuit court.

Luczak filed his second *pro se* petition for leave to appeal to the Illinois State Supreme Court on August 6, 2001. Luczak raised eight issues: (1) that the trial court erred in summarily dismissing Luczak's post conviction petition without an evidentiary hearing; (2) that the Appellate court erred in dismissing Luczak's post conviction appeal based upon his appointed counsel's motion to withdraw pursuant to *Pennsylvania v. Finley*; (3) that his appellate counsel was ineffective because the counselor failed to raise all meritorious claims and failed to review the entire record before filing the appellate

5

brief; (4) that the trial court erred in refusing to admit a supplemental police report as substantive evidence; (5) that the trial court erred in denying Luczak's motion to suppress his oral confession; (6) that the trial court erred in denying Luczak's motion to quash arrest; (7) that the trial court erred in holding Luczak, a *pro se* litigant, to the same standards as a licensed attorney, denying him effective access to the law library at Cook County Jail, and failing to appoint Luczak standby counsel; (8) that the trial court erred in denying Luczak's motion for a new trial because the State failed to prove Luczak's guilt beyond a reasonable doubt. The Illinois State Supreme Court denied Luczak's petition for leave to appeal in an unpublished order on October 3, 2001. Luczak then filed this *pro se* writ of habeas corpus in the United States District Court for the Northern District of Illinois on January 14, 2002.

## DISCUSSION

Luczak raises nine claims: (1) He was denied a fair trial because his prior conviction of aggravated criminal sexual assault was wrongfully admitted into evidence during his trial; (2) he received ineffective assistance of appellate counsel because his counsel failed to review all meritorious claims and failed to review the entire record prior to filing his appellate brief; (3) he was denied due process because during the pre-trial motion to suppress statements, after the State established a *prima facie* case, the trial court erred in shifting the burden to the petitioner to prove that he did not waive his Miranda rights; (4) he was denied due process because at a pre-trial motion to quash arrest the State did not present enough evidence which would have established that the police officers had probable cause at the time of his arrest; (5) he was denied due process because the trial Judge did not allow a supplemental police report to be admitted to the

6

jury as substantive evidence; (6) he was denied due process because the statutes governing *pro se* litigants were violated because he was never appointed standby counsel nor did the Judge grant an order for petitioner to be allowed extended time in the Cook County Jail Law Library; (7) he was denied due process because during the State's opening arguments, the State included inaccurate information that was contrary to the evidence presented at trial; (8)he was denied due process because the trial court dismissed his post conviction petition without an evidentiary hearing; (9) he was denied effective assistance of counsel for post conviction appeal when the Appellate court granted his appointed counsel's motion to withdraw as counsel pursuant to *Pennsylvania v. Finley.*

## A. STANDARD OF REVIEW

After the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), the law of habeas corpus requires that the federal courts review state court holdings with deference to state-court fact findings and is limited to ensuring that the state courts comply with "clearly established federal law." The habeas corpus statute specifically states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of the a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254.

7

"The 'unreasonable application' clause of 28 U.S.C. §2254(d)(1) governs alleged errors in the state court's application of Supreme Court precedent to the facts of the case." *United States ex rel. Jones v. Chrans,* 187 F.Supp. 2d 993, 1000 (N.D.Ill. 2002). *See Boss v. Pierce,* 263 F.3d 734, 739 (7th Cir. 2001); *see also Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1520-21, 146 L.Ed.2d 389 (2000). Only when the application of constitutional law is unreasonably erroneous may this court grant habeas relief. *Williams v. Taylor* at 1520-21, 120 S.Ct. 1495(2000). *See Washington v. Smith,* 219 F.3d 620, 628 & n.5 (7th Cir. 2000) *See also United States ex rel. Jones v. Chrans,* 187 F.Supp.2d 993(N.D.Ill. 2002).

Under 28 U.S.C. §2254(d)(2), "state court factual findings that are reasonably based on the record are presumed correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence." *Todd v. Schomig,* 283 F.3d 842, 846(7th Cir. 2002) *See* 28 U.S.C. §2254(e)(1); *See also Cossel v. Miller,* 229 F.3d 649, 651 (7th Cir. 2000). This court will grant relief based upon the habeas petition only if the petitioner offers substantial evidence that the state court factual findings were incorrect. *Rodriguez v. Peters,* 63 F.3d 546, 554 (7th Cir. 1995).

## B. DOCTRINE OF EXHAUSTION

For this federal court to review the claims Luczak asserts in this habeas corpus petition, 28 U.S.C. §2254(b)(1)(A) requires that Luczak first exhaust all of his state court remedies. Exhaustion "'refers only to remedies still available at the time of the federal petition,' it requires federal courts to ask whether an applicant for federal relief could still get the relief he seeks in the state system." *O'Sullivan v. Boerckel,* 526 U.S. 838, 851, 119 S.Ct. 1728, 144 L.Ed.2d 1(1999) *Quoting to Engle v. Isaac,* 456 U.S. 107, 125-126,

8

n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783(1982). This requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640(1991); *rehearing denied* 501 U.S. 1277, 112 S.Ct. 2546, 115 L.Ed.2d 1109 (1991).

Luczak is no longer eligible for the relief he seeks from the Illinois state-court system because he has filed claims in the Illinois trial courts, Illinois appellate court, and the Illinois State Supreme court in a timely manner. Luczak has no other available state-court remedies. Therefore Luczak has exhausted his state-court remedies and this court may properly review his habeas corpus petition.

## C. PROCEDURAL DEFAULT

Even though Luczak has exhausted his state court remedies, Luczak is also required to raise his claims through "one complete round" of the appellate process or risk procedural default. *O'Sullivan v. Boerckel* at 845, 119 S.Ct. 1728(1999). In recognizing Illinois' established two-tiered discretionary appellate review process, the United States Supreme Court in *Boerckel,* held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" or the petitioner risks procedural default. *Id.*

Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992); *cert. denied* 508 U.S. 962, 113 S.Ct. 2935, 124 L.Ed.2d 685 (1993). Like the exhaustion

requirement, the rule of procedural default is also "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson* at 731, 111 S.Ct. 2546(1991). Luczak has procedurally defaulted on habeas claims one, three, four, five, six, and seven because he has failed to raise those claims in "one complete round" of Illinois' established appellate review process.

Claim one of Luczak's habeas corpus petition alleges that the trial court erred in admitting evidence of a prior criminal sexual assault conviction. Luczak raised this issue in his direct appeal, his initial *pro se* petition for leave to appeal, and his *pro se* post conviction appeal. Luczak failed to raise this issue in his *pro se* appeal of his post conviction and in his final *pro se* petition for leave to appeal to the Illinois State Supreme Court. Under the law established in *Boerckel,* an Illinois petitioner is required to raise the issue to the highest State Supreme Court, even if the appellate review is discretionary. *O'Sullivan v. Boerckel* 119 S.Ct. 1728(1999)

Luczak had the opportunity to raise this issue in all of his petitions but without reason Luczak failed to raise this issue to the Illinois State Supreme Court. By failing to raise this issue in his *pro se* post conviction appeal and his *pro se* petition for leave to appeal, Luczak has failed to complete "one full round" of the Illinois' appellate review process. Thus, Luczak has procedurally defaulted on this issue and this court is barred from further reviewing the merits of this habeas claim. Id. at 848, 119 S.Ct. 1728(1999)(Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims.) *See Coleman v. Thompson* at 731-732, 11 S.Ct. 2546(1991); *Engle v. Isaac* at 125-126,

10

n.28, 102 S.Ct. 1558(1982).

Claim three in Luczak's habeas corpus petition alleges he was denied due process because during the pre-trial motion to suppress statements, after the State established a *prima facie* case, the trial court erred in shifting the burden to the petitioner to prove that he did not waive his Miranda rights. Claim four in Luczak's habeas corpus petition alleges that the trial court erred in denying his motion to quash arrest. In Luczak's fifth habeas claim, he alleges that the state court erred in denying his motion to admit a supplemental police report as substantive evidence. Luczak objected to all three of these habeas claims at trial, but Luczak failed to raise these issues on direct appeal.

Due to the objections made at trial, Luczak "preserved" the right to raise these issues in his direct appeal. *People v. Enoch*, 122 Ill.2d 176, 186, 119 Ill.Dec. 265, 522 N.E.2d 1124(Ill. 1988)(Alleged errors of the trial court must be objected to at trial and specified in a post-trial motion in order to preserve them for appeal.); *People v. Armstead*, 322 Ill.App.3d 1, 748 N.E.2d 691, 254 Ill.Dec. 973 (1st Dist. 2001). Luczak's failure to raise those issues on direct appeal barred him from raising those issues in post conviction proceedings, preventing the issue from being raised to the Illinois State Supreme Court. *Post Conviction Hearing Act*, 725 ILCS 5/122-1 et. seq. (West 1994) (In post conviction proceeding, any issues which could have been raised on direct appeal, but were not, are procedurally defaulted...). This "explicit finding of [Luczak's] state law procedural default prevents habeas review because it constitutes an 'independent and adequate state ground' for the result reached." *Zamora v. Pierson,* 158 F.Supp.2d 830, 837(N.D.Ill. 2001) *Citing to Rivera v. Lane*, 506 U.S. 920, 113 S.Ct. 335, 121 L.Ed.2d 253(1992). Luczak's failure to raise habeas claims three, four, and five in his direct

11

appeal has procedurally defaulted those claims from review by this court.

Luczak's sixth habeas claim alleges that the trial judge abused his discretion when he failed to appoint Luczak standby counsel during his trial. Luczak's seventh habeas claim alleges that the Assistant State's Attorneys included information in their opening statement that was inconsistent with evidence presented at trial. Luczak failed to object to these alleged errors at trial, which bars him from raising these issues in his direct appeal. *People v. Ross*, 329 Ill.App.3d 872, 769 N.E.2d 953, 264 Ill.Dec.116 (1st Dist. 2002) *See People v. Enoch*, 522 N.E.2d 1124(1988). Luczak failed to follow the state rule requiring that it must be raised at trial or on direct appeal, prior to raising the issue to the Illinois State Supreme Court. He has procedurally defaulted habeas claims six and seven from habeas review. *Engle v. Isaac*, 102 S.Ct. 1558(1982).

## D. FULL AND FAIR OPPORTUNITY FOR LITIGATION IN THE STATE COURTS

Luczak has not only failed to raise claims one, three, four, five, six, and seven in "one complete round" of the Illinois' appellate review process, but he has also failed to allow the state courts to fully and fairly litigate those issues. For a federal court to review a claim raised in a habeas corpus petition, the petitioner must also allow the state courts to have an opportunity to "fully and fairly" review the claim raised or the petitioner risks procedural default. *Momient-El v. DeTella*, 118 F.3d 535, 538, *cert denied*, 522 U.S. 984, 118 S.Ct. 448, 139 L.Ed.2d 384 (7th Cir. 1997). *See Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). When it is decided that the state courts have not had a full and fair opportunity to consider the constitutional claim, then the claim is considered to be procedurally defaulted, thus barred from review by the federal courts. *O'Sullivan v. Boerckel*, 119 S.Ct. 1728(1999). *See Rodriguez v.*

12

*Scillia,* 193 F.3d 913, 916 (7th Cir. 1999).

For Luczak to be considered to have fully and fairly litigated his claims in the state courts he "must have placed both the operative facts and the controlling legal principals before the state courts." *Chambers v. McCaughtry,* 264 F.3d 732, 738 (7th Cir. 2001). *See Ellsworth v. Levenhagen,* 248 F.3d 634, 639 (7th Cir. 2001); Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). The court in *O'Leary* set forth four applicable factors clarifying the fully and fairly litigated requirement. The court stated:

> If the petitioner's argument to the state court did not:
> (1) rely on pertinent federal cases employing constitutional analysis; (2) rely on state cases applying constitutional analysis to a similar factual situation; (3) assert the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege a pattern of facts that is well within the mainstream of constitutional litigation, then this court will not consider the state courts to have had a fair opportunity to consider the claim.

*Verdin v. O'Leary,* 972 F.2d 1467, 1473-1474(7th Cir. 1992). *See Bocian v. Godinez,* 101 F.3d 465, 469 (7th Cir. 1996); *Griffin v. McCaughtry,* 986 F.Supp. 570, 573(E.D.Wis. 1997). The court in McCaughtry further clarified that "[a] mere 'passing reference' to a constitutional issue certainly does not suffice [for federal review.]" *Chambers v. McCaughtry* at 738, 264 F.3d 732(2001) *Citing to Fortini v. Murphy,* 257 F.3d 39, 44 (1st Cir. 2001). In *Wilks,* the court noted that mere "variations in the same claim rather than a different legal theory will not preclude exhaustion." *Wilks v. Israel,* 627 F.2d 32, 38 (7th Cir. 1980). *See Chambers v. McCaughtry,* 264 F.3d 732(2001).

Luczak failed to give the State courts the first opportunity to fully and fairly litigate habeas claims one, three, four, five, six, and seven. Luczak failed to articulate those claims in a specific fact pattern within the "mainstream of constitutional litigation."

*Verdin v. O'Leary,* 972 F.2d 1467(1992). Luczak also failed to support those allegations by relying "on pertinent federal cases employing constitutional analysis" or by relying "on state cases applying constitutional analysis to a similar factual situation." *Verdin v. O'Leary* at1473-1474, 972 F.2d 1467(1992). *See Bocian v. Godinez* at 469, 101 F.3d 465(1996); *Griffin v. McCaughtry* at 573, 986 F.Supp. 570(1997). Therefore, Luczak has failed to give the Illinois State courts the first opportunity to "fully and fairly" litigate habeas claims one, three, four, five, six, and seven. Luczak's failure constitutes procedural default, which, under 28 U.S.C. §2254, bars this court from reviewing the merits of the allegations asserted in habeas claims one, three, four, five, six, and seven.

## E. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In claim two of his habeas corpus petition, Luczak alleges that he received ineffective assistance of appellate counsel on direct review, which violated his right guaranteed by the sixth amendment of the Constitution of the United States. Luczak alleges that his counsel failed to raise all meritorious claims in his direct appeal and failed to review the entire record before filing his appellate brief. "The Sixth Amendment right to counsel is the right to effective assistance of counsel, and the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington* at 669, 104 S.Ct. 2052(1984).

In reviewing counsel's performance, the courts used an objective standard of reasonableness, "with a highly deferential presumption in favor of the reasonable exercise of professional judgment." *U.S. v. Hodges*, 259 F.3d 655, 658 (7th Cir. 2001)

14

*See Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The purpose of this standard is "not to improve the quality of legal representation,

although that is a goal of considerable importance to the legal system. The goal [of this

standard] is simply to ensure that criminal defendants receive a fair trial." *Kubat v.*

*Thieret*, 867 F.2d 351, 359(7th Cir. 1989) Quoting *Strickland v. Washington* at 689, 104

S.Ct. 2052(1984); *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83

(1955). The Supreme Court in *Strickland* established that the standard requires the

"defendant [to] bear the burden of showing: (1) that counsel's performance was deficient;

and (2) that the deficient performance prejudiced the defense." *Kubat v. Thieret* at 867,

F.2d 351(1989) See *Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 80

L.Ed.2d 674 (1984).

In alleging that his appellate counsel's performance was deficient, Luczak is

required to "identify the acts or omissions [committed by his] counsel that are

unreasonable." *U.S. v. Hodges* at 658, 259 F.3d 655(2001) *Citing to Strickland v.*

*Washington,* 104 S.Ct. 2052(1984). This court must then "determine whether, in light of

all the circumstances, the identified acts or omissions were outside the wide range of

professionally competent assistance." Id. Luczak has failed to specifically identify acts

or omission that are unreasonable.

Luczak has offered no substantial evidence in support of his allegations that his

counsel was ineffective. Luczak includes a letter written to him by his appellate counsel,

but the content of the letter does not prove that counsel did not fully review the entire

record before filing the brief nor does it prove that counsel failed to raise all meritorious

claims in the appellate brief.

The letter indicates that his counsel did file the appellate brief in a timely manner and that she returned the record so the State could withdraw it and use it for its response brief. Since the State had withdrawn the record, Luczak's counsel had to order a copy of the proceedings. This does not prove that his counsel failed to raise all meritorious claims nor does it prove that counsel failed to review the entire record prior to the filing of the direct appellate brief. Luczak has failed to identify any specific acts supported by substantial evidence that his appellate counsel was ineffective and this court is therefore barred from granting Luczak's habeas corpus petition on this issue.

In identifying the specific acts or omissions that constitute ineffective assistance of counsel, Luczak must also demonstrate that these acts prejudiced the outcome of the trial court. *Strickland v. Washington* at 687, 104 S.Ct. 2052(1984). "Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518(2000) *See Murray v. Carrier*, 477 U.S. 478, 490-492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). "To succeed on a Sixth Amendment of ineffective assistance of counsel, defendant must show that there is a *reasonable probability*, which is a probability sufficient to undermine confidence in the outcome, that but for counsel's unprofessional errors, result of the proceeding would have been different." U.S.C.A. Amend. 6. *See Strickland v. Washington*, 104 S.Ct. 2052(1984).

The aggravating circumstances proved at Luczak's trial (i.e. the identification made by the victim, the testimony of a prior victim that established intent, the oral confession, etc...) were so overwhelming that even if Luczak's appellate counsel did fail to review the entire record before filing the brief, it would not have prejudiced the

16

outcome of the trial. The Appellate court would not have overturned Luczak's conviction for criminal sexual assault. Luczak has clearly failed to identify any specific acts or omissions committed by his appellate counsel that would have prejudiced the outcome of his trial.

## F. EXCEPTIONS TO PROCEDURAL DEFAULT

Even though Luczak has procedurally defaulted on claims one, three, four, five, six, and seven, if he can show cause for the default and actual prejudice, or demonstrate that a failure to consider the claim will result in a fundamental miscarriage of justice, then habeas review may still be available. *Resnover v. Pearson* at1468, 965 F.2d 1453(1992). *See Coleman v. Thompson* at 750, 11 S.Ct. 2546(1991); *Anderson v. Cowen* 227 F.3d 899-900(7th Cir. 2000).

Luczak is required to establish a causal claim "as an independent [constitutional] claim before it may be used to establish cause for a procedural default." *Murray v. Carrier* at 489, 106 S.Ct. 2639(1986) *See Momient-El v. DeTella*, 118 F.3d 535, 538 (1997). To demonstrate prejudice, the petitioner must show "not merely that the errors of his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Lemons v. O'Sullivan* 54, F.3d 357, 362, *cert. denied*, 516 U.S. 993, 116 S.Ct. 528, 133 L.Ed.2d 434 (7th Cir. 1995) *Citing to*: *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816(1982).

Luczak failed to demonstrate that any independent constitutional violation occurred which caused him to default on his claim of due process violations. Luczak makes a speculative allegation that due to the errors of his appellate counsel, his claims

17

alleging due process violations should not be defaulted. This court has determined that Luczak's claim of ineffective assistance of appellate counsel cannot act as the "cause" for the defaults.

This court applied Luczak's alleged violation of his sixth amendment right to effective assistance of counsel to the standard established in *Strickland v. Washington*. After the application of the *Strickland* standard, this court concluded that Luczak's appellate counsel was not ineffective. There was no substantial evidence presented that supported the allegation that counsel did not review the entire record before filing the brief, nor would any of the alleged errors prejudice the outcome of the trial court. Thus, Luczak's claim of ineffective assistance of counsel is not an independent constitutional violation. Luczak failed at his attempt to have the ineffective assistance of appellate counsel claim act as the "causal claim" that would have allowed defaulted claims to be reviewed in this court.

Luczak also failed to demonstrate that without review of the alleged due process violations a fundamental miscarriage of justice would result. The fundamental miscarriage of justice exception applies "[i]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant a writ even in the absence of a showing of cause and [prejudice] for procedural default." *Murray v. Carrier* at 496, 106 S.Ct. 2639(1986). See *Lemons v. O'Sullivan* at 361, 54 F.3d 357(1995). Luczak's petition never proclaims that he is actually innocent of the crime, Luczak only alleges trial errors, which denied him the right to due process. Therefore, the fundamental miscarriage of justice exception does not apply to this habeas corpus petition.

## G. FOR PURPOSES OF HABEAS REVIEW A POST CONVICTION EVIDENTIARY HEARING IS NON-COGNIZABLE

In claim eight of Luczak's habeas corpus petition he alleges that he was denied due process because he was denied an evidentiary hearing on the issues he raised in his post conviction petition. A state court is not required nor obliged to either provide a post conviction hearing or provide counsel under the United States Constitution. *Pennsylvania v. Finley*, 481 U.S. 551, 556, 107 S.Ct. 1990, 95 L.Ed.2d 539(1987) *See U.S. v. MacCollom,* 426 U.S. 317, 323, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976).

Under the Illinois Post Conviction Hearing Act, prior to a hearing, a court may summarily dismiss the petition if the trial court determines that the petition is "frivolous or ... patently without merit." 725 Ill.Comp.Stat. 5/122-2 (2000). The United States Supreme Court, on several occasions has recognized that this "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail...[is] the hallmark of effective appellate advocacy." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) *See Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). The court in *Boerckel* also held that "discretionary review rules not only provide an effective tool for apportioning limited resources, but also foster more useful and effective advocacy." *O'Sullivan v. Boerckel* at 858, 119 S.Ct. 1728(1999).

The Illinois Appellate court was not constitutionally required to provide an evidentiary hearing for the claims Luczak raised in his post conviction petition. Luczak's habeas corpus claim does not raise a constitutional question because it alleges that Illinois' post conviction proceedings are inherently unconstitutional. Following the holding in *Pierson,* Luczak's claim of "error or defects in the state post-conviction

19

proceedings do not raise constitutional questions cognizable in habeas corpus

proceedings." *Zamora v. Pierson* at 837, 158 F.Supp.2d 830(2001). Luczak's claim that

he was denied due process because the Appellate court erred in denying him a post

conviction evidentiary hearing for the issues raised in his post conviction petition is

barred from review in this court.

## H. FOR PURPOSES OF HABEAS REVIEW A FINLEY MOTION IS NON-COGNIZABLE

In claim nine of Luczak's habeas corpus petition he alleges that he was denied

due process when the appellate court granted his appointed post conviction appellate

counsel's petition to withdraw pursuant to *Pennsylvania v. Finley*. The Supreme Court in

*Finley,* held that a state court is not constitutionally required to provide counsel during

the discretionary appellate review process. *Pennsylvania v. Finley*, 481 U.S. 551, 107

S.Ct. 1990, 95 L.Ed.2d 539(1987).

In *Wainwright v. Torna,* the court held that a criminal defendant does not have a

federal constitutional right to counsel to pursue discretionary state appeals. *Wainwright*

*v. Torna*, 455 U.S. 586, 587, 102 S.Ct. 1300, 71 L.Ed.2d 475(1982); *Anderson v. Cowen,*

227 F.3d 893, 899-900(7th Cir. 2000). As a criminal defendant in the Illinois criminal

justice system, Luczak does not have a constitutional right to post conviction appellate

counsel because the review of a post conviction appeal is discretionary. 725

Ill.Comp.Stat. 5/122-2(2000). Therefore, Luczak cannot claim that a constitutional

violation occurred when the Appellate court granted his appointed counsel's motion to

withdraw pursuant to *Pennsylvania v. Finley.* Under 28 U.S.C. §2254, Luczak's habeas

claims are limited to where "[a specific] error results in a denial of a specific

constitutional right." *United States ex. rel McDaniel v. Cooper*, unpublished order,

20

N.D.Ill. Sept. 23, 1998, No. 97 C 3221. Luczak was not denied a specific constitutional right because there is no constitutional right of appointed counsel for post conviction appellate proceedings. Therefore, a specific error did not result in the denial of a specific constitutional violation. Thus, this claim is non-cognizable and this court is barred from reviewing Luczak's habeas claim nine.

Luczak further alleges that the error occurs in the application of the established federal law, which does not give an Illinois State prisoner a constitutional right to counsel in discretionary review proceedings. If the alleged error occurs in a state collateral proceeding, federal habeas corpus cannot serve as a remedy because the error is unrelated to the defendant's original reason for confinement. *Jackson v. Duckworth*, 112 F.3d 878, 879(7th Cir. 1997). Luczak's habeas claims of errors in discretionary proceedings do not specifically violate due process nor do these claims have any bearing on his conviction for aggravated criminal sexual assault. Luczak's claims are non-cognizable and are therefore barred from review by this court.

### CONCLUSION

Petitioner Luczak has procedurally defaulted on habeas claims one, three, four, five and six. Luczak has failed to raise these claims in "one complete round" of Illinois' state court system prior to raising the claims in his habeas petition. Luczak failed to show cause for these procedure defaults and prejudice thereafter. Therefore, Luczak has failed to give the state courts a "full and fair opportunity" to litigate the constitutional issues raised in his habeas corpus petition.

Claim two of Luczak's habeas petition alleges that his appellate counsel was ineffective. With regard to the alleged attorney errors, Luczak failed to show prejudice

21

as a result of those errors.  Therefore, the claim of ineffective assistance of appellate counsel failed to meet the standard established in *Strickland v. Washington*, 104 S.Ct. 2052(1984).

Claims eight and nine are non-cognizable for habeas review because the allegations are not "contrary to clearly established federal law."  28 U.S.C.A. §2254.  For purposes under 28 U.S.C. §2254, Petitioner Luczak's habeas corpus petition is denied. This case is hereby terminated and all other pending motions stricken as moot (##16-1, 20-1, 21-1 and 22-1).  Luczak's Response to Respondent's answer was comprehensive and well written.  Obviously, he has had the support of counsel at the jail house. *Farmer v. Haas*, 990 F. 2d 319, 322 (7th Cir. 1993).   This is a final and appealable order.

SO ORDERED:                    ENTERED:  3/24/03

RONALD A. GUZMAN
United States Judge