*M HN*

**IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**F I L E D**
5-23-2008
MAY 2 3 2008 MD

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| U.S. ex rel. Theodore Luczak | ] |
| **Petitioner,** | ] |
| | ] |
| **.vs.** | ] Case No.: **1:07-cv-06375** |
| | ] |
| Terry McCann. Warden, | ] Honorable |
| | ] **RONALD A. GUZMAN** |
| **Respondent,** | ] Judge Presiding |

### NOTICE OF RESPONCE

TO: Garson Fisher, Bar, **#628615**
    Assistant Attorney General
    100 West. Randolph Street, 12th Floor
    Chicago, Illinois 60601

Please take notice that on May 19, 2008. I shall cause to be filed with the clerk of the above court, my **Responce To The Respondent's Motion To Dismiss,** by placing the same in the bars at the Stateville Correctional Center. Joliet, Illinois 60434, together with a request to the prison officials to affix thereto the proper postage, a copy of which is attached hereto and herewith served upon you.

Pursuant to Title **28 U.S.C §1746** or **735 ILCS §5/1-109.** I declare under penalty of perjury, that I am a named party in the above cause of action, and that I have read the statement herein and attached documents, and that the information contained therein is true and correct to the best of my knowledge and belief.

/s/ *Theodore Luczak*
Theodore Luczak #B-00780

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


U.S. ex rel. Theodore Luczak

Petitioner,


.vs.


Terry McCann. Warden,

Respondent,


COVER PAGE


Theodore Luczak Pro-Se;
Reg No.#B-00780
Stateville Correctional Center
Route 53. Post Office Box 112
Joliet, Illinois 60434

**IN THE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

U.S. ex rel. Theodore Luczak

**Petitioner,**


**.vs.**


Terry McCann. Warden,

**Respondent,**


## TABLE OF AUTHORITY

                                                              **Page.**

28 U.S.C. §2254..............................................-1-

28 U.S.C. §2254(b)(d).......................................-1-

Anti-Terrorism And Effective Death Penalty Act..............-2-

28 U.S.C. §2254(a)..........................................-3-

28 U.S.C. §2244(d)(1)(B)....................................-4-

Coleman v. Thompson,
111 S.Ct. 2546..............................................-4-

Tredway v. Farley,
35 F.3d 288, 292 (7th Cir. 1994)............................-5-

Smith v. Farley,
25 F.3d 1363, 1365-66 (7th Cir. 1994).......................-5-

Herrera v. Collins,
506 U.S. 390, 417...........................................-5-

Daniels v. United States,
at 374, 121 S.Ct. 1578......................................-6-

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D
5-23-2008
MAY 2 3 2008  mB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| U.S. ex rel. Theodore Luczak | ) |
| | ) |
| **Ptitioner,** | ) |
| | ) |
| | ) |
| | ) |
| **.vs.** | ) Case No.: **1:07-cv-06375** |
| | ) |
| | ) |
| | ) |
| Terry McCann. Warden, | ) Honorable |
| | ) **RONALD A. GUZMAN** |
| **Respondent,** | ) Judge Presiding |

## RESPONCE TO THE
## RESPONDENT'S MOTION TO DISMISS

Now comes petitioner, Theodore Luczak, **pro-se**; and respectfully moves this Honorable Court, with his **Responce** to the Respondent's motion to dismiss.

In support of this petition, the petitioner states as follows:

### .I. STANDARD OF REVIEW

A claim under Title 28 U.S.C §2254, requires the Federal Court's; to ensure that State criminal convictions are not achieved at the expense of the petitioner's constitutional rights. A judgement by a State Appellate Court; rejucting a challenge to evidentiary sufficiency is of course, entitled to difference by the Federal Courts, as is any judgment affirming a criminal conviction. But Congress in **28 U.S.C. §2254(b)(d)**, has selected the Federal District Coutrs as

-1-

percisely the forms that are responsible for determining whether
State convictions have been secured in accord with Federal Cons-
titutional law. The Federal Habeas Corpus statute presumes the
norm of a fair trial in the State court's, and adequate State Po-
stconviction remedies to redress possible errors, 28 U.S.C §2254
(b)(d). After the Anti-Terrorism and Effective Death Penalty Act
of 1996 (A.E.D.P.A.), the laws of Habeas Corpus requires that the
Federal Court's review State court holdings with difference to
State-Court fact findings and is limited to ensuring that the St-
ate Court's comply with 'clerely established Federal Law'. The
duty of the Federal Habeas Court; is to appraise a claim that the
petitioner's constitutional rights were violated and/or in error,
reflecting as it does the belief that the finality of a deprivat-
ion of liberty through the invocation of the criminal sanctions is
simply not to be achieved at the expense of a constitutional right
--is not one that can be so lightly objured.


### .II. INADEQUATE STATE PROCEEDINGS:

In the instant petition; the petitioner attempted to attack
his prior conviction through a State Hapeas Corpus petition. In
said proceeding, the State Courts violated every rule in relation
to a State Hapeas Corpus proceeding in that: (1) Upon the initial
filing of said petition, the State Court never filed the petition
for service and review (See Exhibit #1) and (2) the Appellate Co-
urt dismissed the petitioner's appeal because the clerk of the

-2-

Court of Cook County failed to file the record on appeal; dispite the petitioner's continous request in said proceeding, **(See Exhibit #2)** as in the past proceedings where the Illinois Supreme Court denied petitioner's request for a writ of mandamus requesting that the clerk of the Circuit Court of Cook County comply with Supreme Court rules in relation to filing the record on appeal. **(See Exhibit #3)** In view of these strong facts; this Honorable Court has jurisdiction over the petitioner's Writ of Habeas Corpus in that:

> [1] If the defendant does not have access to a
> fair procedure in State Court affording him a
> review on the merits, of constitutionality of
> a prior conviction after it has been incorporated
> into new, enhanced sentence, Federal Court may
> properly grant review. 28 U.S.C §2254(a)

> [2] Function of Federal Habeas is not to validate
> a outcome of State proceedings, but rather to
> confirm adequacy of those State proceedings for
> detecting and correcting constitutional error.
> 28 U.S.C. §2254 (a)

> [3] Federal Court should independently inquire
> into merits of matters such as constitutionality
> of prior convictions used to enhance present
> sentence only if State procedures for detecting
> and correcting the constitutional error are
> wholly absent, or are found to be constitutionally
> deficient. 28 U.S.C. §2254(a)

Petitioner first argues that; upon the initial filing of his State Habeas Corpus petition, the State Court never issued a service of summons to adequately serve the respondent's as required by

the Circuit Court rules, and secondly either State Court; Circuit or Appellate never reviewed the merits of the petitioner's claims nor applied any supporting Suprmem Court authority to deny the petitioner's petition, thus rendering such process wholly absent of the petitioner's Federal Constitutional protections; that his conviction was not acheved at the expense of violating such rights.

The fact that the respondent refused to file any responce during any of the State Court proceedings which was inadequate; the respondent has waived his right to argue before this Court in relation to the lack of jurisdiction of the instant petition. 28 U.S.C. §22-44(d)(1)(B), see **Coleman v. Thompson**, 111 S.Ct. 2546. If the petitioner is held to the laws of procedural default, undoubtedly the respondent should be held to the same laws; anything less is **Tyranny.**[1]

### .III. IN CUSTODY

It is well setteld in the Seventh Circuit Court of Appeals; that a petitioner may challenge the constitutionality of a past convictiion even though the costodial term of that conviction has totally expired only if the petitioner is currently in custody by the vertue of a sentence that was enhanced on the basis of that pri-

---

1. Tyranny.
   Arbitrary or unrestrained exercise of power; despotic abuse of authority (2) Oppressive or unjust Government.

or conviction. **Tredway v. Farley**, 35 F.3d 288, 292 (7th Cir. 1994)
**Smith v. Farley**, 25 F.3d 1363, 1365-66 (7th Cir. 1994) Not only is
the petitioner in custody by virtue of a sentence that was enhanced
on the basis of a prior conviction, but the petitioner is also ser-
ving two(2) enhanced sentences of 60 and 40 years to run consectiv-
ely, and the testimony of said prior conviction was used to achieve
a conviction for another unconstitutional conviction.


### .IV. UNCONSTITUTIONAL CURRENT CONVICTION

Petitioner first argues that; the current conviction is uncon-
stitutional where the State Court's are refusing to allow the pet-
itioner to obtain DNA evidence that has a strong potential to pro-
duce new evidence that is relevant to the petitioner's claim of
actual innocence, and this Honorable Court has jurisdiction to rev-
iew such potential. **Herrera v. Collins** 506 U.S. 390, 417. In Aprial
of 1995, the petitioner was accused of and ultimately convicted of
verious sex-related offenses, based soley on the testimony of the
complaintant S.S., during trial. Also during trial; the petitioner
maintained his innocence. S.S., testified that the petitioner had
sexually assaulted her while she was in his car. As part of her
testimony; she stated that after the assault in the back seat, she
"crawled back over the seat, got my underwere and put them back on
***and sat down". Forensic evidence offered by the State never ide-
ntified the source of blood found on S.S.'s underwere. This evidence
which included oral and rectal swabs  of S.S., as well as her under-

were, also tested negative for any spermatozoa. It was never subj-
ected to a more extensive forensic testing, such as **DNA** analysis,
and upon the jury deliberation, the jury requested to review the
lab reports, which was denied by the trial judge. **(See Exhibit #4
at page #4)**

## .V. PETITION NOT SUCCESSIVE

Petitioner first argues that; the United States Supreme Court
did not explicitly hold that a petitioner may not attack a prior
conviction through a 2254 petition, but did hold that "[i]f... a
prior conviction used to enhance a federal sentence is no longer
open to a direct or collateral attack in its own right because the
defendant failed to pursue those remedies while they were available
(or because the defendant did so unsuccessfully), then that defendant
...may not collaterally attack his prior conviction through a motion
under **2255** petitions directed at enhanced Fderal Sentences, this hol-
ding is the same for **2254** petitions". see **Daniels v. United States**,
at 374, 121 S.Ct. 1578.

In the instant petition, the petitioner filed a timely State
Habeas Corpus Petition; after the State Court's affirmed his sent-
ence, and in further argument; lack of original juristiction is an
affirmitive defence, as the prior conviction was committed in the
State of Indiana, so this is an attack in it's own right as the pet-
itioner never filed any Federal Habeas Corpus petition in this matter,
and in this situation; where the State Court's denied the petitioner's
State Habeas Coupus petition in absent of any due process rights and

the respondent never filed any responce in the State Court proceedings of the petitioner's claims under current review, a habeas petition directed at the enhanced sentence may effectivelly be the first and only fourm available for review of the prior conviction. **28 U.S.C. § 2244(d)(1)(B).**

Petitioner further argues that; the respondent is wrong in his argument that this Honorable Court did not dismiss the petitioner's first habeas petition "becuse of a curable technical deficiency" -eg., a failure to exhaust State Court remedies. This is untrue and very misleading; as a full review of the prior dismissal of the petitioner's first habeas corpus petition, the Honorable Ronald A. Guzman ordered that the petitioner failed to provide the State Court one complete round of the Appellate process, thus petitioner was bared from seeking habeas review, and the federal court was bared from reviewing the merits of the allegations asserted in the petitioner's petition on claims 1,3,4,5,6, and 7. **(See Attached Order at page #14).** Secondly; Honorable Guzman proceeded to rule on the merits that was contained in the same petition in relation to petitioner's claim of Ineffective Assistance of Appellate Cousel. If Honorable Guzman was bared from reviewing the claims of 1,3,4,5,6, and 7, surly he must have been bared from reviewing the claim of Ineffective Assistance of Appellate Counsel, thus the petition should have been dismissed without pre-judice so the petitioner could have corrected the procedural default as the prison officials at the Stateville Correctional Center frus-trated the process of the petitioner' State proceeding during his State Post-Conviction petition. **(See Exhibit #5).** How could the pet-

itioner be subjected to the denial of adequate and meaningful access to the courts caused by the oficials at the Stateville Correctional Center for the purposes of frustrating the process of his Post-Con--viction hearing, and also be denied his right to seek redress for said violation and now be denied any review of the constitutional violations he is now suffering by being confined without any due process.

In the event that this Honorable Court should conclude that the instant petition is in fact successive in nature, the petitioner should be granted leave to apply to the Seventh Circuit Court of Appeals in which to request an application to file a successive habeas corpus pet-ition in this court.

May 16, 2008                              Respectfully Yours

                                          Theodore Luczak Pro-Se;
                                          Reg No.#B-00780

-8-

## IN THE
## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| U.S. ex rel. Theodore Luczak | ] | |
| **Petitioner,** | ] | |
| | ] | |
| | ] | |
| **.vs.** | ] Case No.: 01:07-cv-06375 | |
| | ] | |
| Terry McCann, Warden, | ] Honorable | |
| | ] **RONALD A. GUZMAN** | |
| **Respondent,** | ] Judge Presiding | |

### TABLE OF EXHIBITS

Pages

Exhibit #1.........................................................Eight

Exhibit #2.........................................................One

Exhibit #3.........................................................Seven

Original Habeas Corpus Order.......................................Twenty-Two

Exhibit #4.........................................................Fifteen

Exhibit #5.........................................................Two

respectfully submitted,

Theodore Luczak **Pro-Se;**
Petitioner Reg No.#B-00780
Stateville Correctional Center
Route 53, Post Office Box 112
Joliet, Illinois 60434

EXHIBIT #1.

**DOROTHY BROWN**
CLERK OF THE CIRCUIT COURT



**CRIMINAL BUREAU**
**2650 S. California**
**Room 526**
**Chicago, Illinois 60608**
**(773) 869-3141**
**FAX (773) 869-4444**
www.cookcountyclerkofcourt.org

## OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY

18 December 2006

Mr. Theodore Luczak
Reg. No B00780
Stateville Correction Center
P.O. Box 112
Joliet, Illinois 60434

Re: Criminal Cases - 89 CR 06782 - 89 CR 06783 – 89CR 06784

Dear Mr. Luczak:

The letter that you sent to the Appellate Court, dated 4 December 2006, was forwarded to the Criminal Division of the Clerk of the Circuit Court's Office for further review. As previously stated in my letter dated 8 December 2006, the court file jacket will be reviewed to determine if a copy of the Notice of Appeal, dated 18 August 2006 is in the court file. Or alternatively, you may submit a copy of the previously filed Notice of Appeal for processing.

In your letter, you allege that the habeas corpus petition was ".......never placed on the court's call line and/or docket."  The petition was scheduled for a hearing before Judge John J. Mannion, in Court Room 107, located in the Bridgeview court facility.  That hearing took place on 19 July 2006 and is reflected in the copy of the document that was enclosed with your letter.  I have enclosed a copy of the Electronic Docket which confirms that court denied your petition.

Questions and further inquires related to this matter should direct to Leo Lastre, Chief Deputy Clerk of the Criminal Division.  Mr. Lastre office is located a 2600 S. California Avenue, Chicago, Illinois 60608

Respectfully,

Dennis R. Mc Namara
Associate Clerk – Criminal Bureau

cc:    Cindy Wile
       Bernadette Freeman
       Leo Lastre
       Appeal Team
       Correspondence File

```
CASE: 89CR0678301 S  (START OF FELONY CASE)      PAGE: 013 OF  014       PROD
  DEFENDANT NAME: THEODORE      LUCZAK
122805-
COMMON LAW RECORD PREPARED         000000
     1VOL
CLERK'S OFFICE


011206-
CLR RECD BY APP COUNSEL            000000
      PUBLIC DEFENDER - ONE VOLUME
CLERK'S OFFICE


071906-
HABEAS CORPUS PETITION DENIED      000000
MANNION, JOHN J.
ROOM 107


120606-
SUPPLEMENTAL CLR PREPARED          000000
     ONE VOLUME
CLERK'S OFFICE


ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 014 DESTINATION _____
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 001

PEOPLE OF THE STATE OF ILLINOIS

VS                           NUMBER 89CR0678201

THEODROE    LUCZAK

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION with the Clerk of the Circuit Court.

Charging the above named defendant with:

| | | |
|---|---|---|
| 38-12-14-A(3) | F | AGG CRIM SEX ASSAULT |
| 38-12-14-A(3) | F | AGG CRIM SEX ASSAULT |
| 38-12-13-A(1) | F | CRIM SEXUAL ASSAULT |
| 38-12-13-A(1) | F | CRIM SEXUAL ASSAULT |
| 38-10-2-A(3) | F | AGGRAVATED KIDNAPPING |
| 38-12-16-D | F | AGG CRIM SEX ABUSE |
| 38-12-16-D | F | AGG CRIM SEX ABUSE |
| 38-10-3-A | F | UNLAWFUL RESTRAINT |

The following disposition(s) was/were rendered before the Honorable Judge(s):

| | | |
|---|---|---|
| 03/23/89 IND/INFO-CLK OFFICE-PRES JUDGE | 04/07/89 1701 | |
| FITZGERALD, THOMAS R. | | |
| 04/07/89 DEFENDANT ARRAIGNED | | |
| BASTONE, ROBERT P. | | |
| 04/07/89 PLEA OF NOT GUILTY | | |
| BASTONE, ROBERT P. | | |
| 04/07/89 CASE ASSIGNED | 04/14/89 6713 | |
| BASTONE, ROBERT P. | | |
| 04/14/89 CONTINUANCE BY AGREEMENT | 04/20/89 | |
| MANNION, JOHN J. | | |
| 04/20/89 CONTINUANCE BY AGREEMENT | 05/25/89 | |
| MANNION, JOHN J. | | |
| 05/25/89 CONTINUANCE BY AGREEMENT | 06/21/89 | |
| MANNION, JOHN J. | | |
| 06/21/89 MOTION DEFT - CONTINUANCE - MD | 07/06/89 | |
| MANNION, JOHN J. | | |
| 07/06/89 CONTINUANCE BY ORDER OF COURT | 07/07/89 | |
| MANNION, JOHN J. | | |
| 07/07/89 CONTINUANCE BY AGREEMENT | 07/21/89 | |
| MANNION, JOHN J. | | |
| 07/21/89 CONTINUANCE BY AGREEMENT | 08/17/89 | |
| MANNION, JOHN J. | | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS         Page 002

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 89CR0678201

THEODROE    LUCZAK

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
```
08/17/89 MOTION DEFT - CONTINUANCE - MD          08/31/89
     MEEKINS, FRANK W.
08/31/89 CONTINUANCE BY AGREEMENT                09/28/89
     MANNION, JOHN J.
09/28/89 CONTINUANCE BY AGREEMENT                10/17/89
     MANNION, JOHN J.
10/17/89 CONTINUANCE BY AGREEMENT                11/13/89
     MANNION, JOHN J.
11/13/89 CONTINUANCE BY AGREEMENT                12/08/89
     MANNION, JOHN J.
12/08/89 CONTINUANCE BY AGREEMENT                01/17/90
     MANNION, JOHN J.
01/17/90 CONTINUANCE BY AGREEMENT                02/02/90
     MANNION, JOHN J.
02/02/90 PG JW FINDING GUILTY            C001
     MANNION, JOHN J.
02/02/90 PG JW FINDING GUILTY            C002
     MANNION, JOHN J.
02/02/90 NOLLE PROSEQUI                  C003
     MANNION, JOHN J.
02/02/90 NOLLE PROSEQUI                  C004
     MANNION, JOHN J.
02/02/90 NOLLE PROSEQUI                  C005
     MANNION, JOHN J.
02/02/90 NOLLE PROSEQUI                  C006
     MANNION, JOHN J.
02/02/90 NOLLE PROSEQUI                  C007
     MANNION, JOHN J.
02/02/90 NOLLE PROSEQUI                  C008
     MANNION, JOHN J.
02/02/90 DEF DEMAND FOR TRIAL
     MANNION, JOHN J.
02/02/90 DEF SENTENCED ILLINOIS DOC      C001
     EACH COUNT CONCURRENT
          10 YRS
     MANNION, JOHN J.
02/02/90 DEF SENTENCED ILLINOIS DOC      C002
          10 YRS
     MANNION, JOHN J.
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS     Page 003

PEOPLE OF THE STATE OF ILLINOIS

VS                           NUMBER 89CR0678201

THEODROE     LUCZAK

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
02/02/90 CREDIT DEFENDANT FOR TIME SERV
     CREDIT FOR 339 DAYS SERVED
     MANNION, JOHN J.
03/04/05 SPECIAL ORDER                            00/00/00
     JAIL MAIL MOTION - DENIED
     MANNION, JOHN J.
06/24/05 NOTICE OF APPEAL FILED, TRNSFR           00/00/00
06/27/05 HEARING DATE ASSIGNED                    07/01/05 1713
07/01/05 SPECIAL ORDER                            00/00/00
     LATE NOTICE OF APPEAL DENIED
     BIEBEL, PAUL JR.
08/04/05 NOTICE OF APPEAL FILED, TRNSFR           00/00/00
08/09/05 NOTICE OF NOTICE OF APP MAILED           00/00/00
08/09/05 HEARING DATE ASSIGNED                    08/12/05 1713
08/12/05 PUBLIC DEF APPTD FOR APPEAL              00/00/00
     BIEBEL, PAUL JR.
08/12/05 O/C FREE REPT OF PROCD ORD N/C           00/00/00
     BIEBEL, PAUL JR.
08/12/05 MEMO OF ORDS & NOA PICKED-UP             00/00/00
     BIEBEL, PAUL JR.
08/25/05 APPELLATE COURT NUMBER ASGND             00/00/00 05-2377
12/07/05 REPT OF PRCDS ORD FR CRT RPT             00/00/00
12/28/05 COMMON LAW RECORD PREPARED               00/00/00
     1VOL
01/12/06 CLR RECD BY APP COUNSEL                  00/00/00
     PUBLIC DEFENDER - ONE VOLUME
02/27/06 CONTINUANCE BY AGREEMENT                 03/10/06 6715
     MANNION, JOHN J.
03/10/06 DEFENDANT IN CUSTODY                     00/00/00
     IDOC      890
     MANNION, JOHN J.
03/10/06 CONT FOR STATUS OR PROG REPT             06/09/06 6715
     MANNION, JOHN J.
06/09/06 DEFENDANT IN CUSTODY                     00/00/00
     MANNION, JOHN J.
06/09/06 PRISONER DATA SHEET TO ISSUE             00/00/00
     MANNION, JOHN J.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS　　　Page 004

PEOPLE OF THE STATE OF ILLINOIS

VS　　　　　　　　　　　NUMBER 89CR0678201

THEODROE　　LUCZAK

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
06/09/06 CONT FOR STATUS OR PROG REPT　　　　09/08/06 6715
　　　MANNION, JOHN J.
07/19/06 HABEAS CORPUS PETITION DENIED　　　　00/00/00
　　　MANNION, JOHN J.
09/08/06 SPECIAL ORDER　　　　　　　　　　　00/00/00
　　　ON CALL IN ERROR
　　　MANNION, JOHN J.

I hereby certify that the foregoing has been entered of record on the above captioned case.
Date 11/01/06

_____
　　　　　　DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

EXHIBIT #2

Reg No. B-00780
Stateville Correctional Center
Route 53. Post Office Box 112
Joliet, Illinois 60434

May 10, 2007.

Dorothy Brown
Clerk of the Circuit Court of Cook County
County Department - Criminal Division
2650 S. California Ave, 5th Floor
Chicago, Illinois 60608

RE: Appeal 06-3645

Dear Miss/Mrs. Brown:

I am writing you this letter, in which to request to know if your office has sent the record on the above appeal, to the clerk's office at the Appellate Court 1st District. Illinois Supreme Court Rule 324 mandates that you do so.

/s/ Theodore Lucyk
Theodore Luczak

c.c./filed.

DOROTHY BROWN, CLERK.
CLERK OF CIRCUIT COURT
CRIMINAL DIVISION

2007 MAY 14  PM 2: 34

RECEIVED

EXHIBIT #3



## SUPREME COURT OF ILLINOIS
### SUPREME COURT BUILDING
SPRINGFIELD 62701

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

January 11, 2006

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-6185

Mr. Theodore Luczak
Reg. No. B-00780
P. O. Box 99
Pontiac, Illinois 61764

      Re:   M11478 -  Theodore Luczak, petitioner, v. Dorothy Brown, etc., respondent. Mandamus.

Dear Mr. Luczak:

     This will acknowledge receipt of your letter on December 23, 2005, regarding the status of the above-entitled cause.

     Your "motion by petitioner for reconsideration of this Court's order entered September 16, 2005, denying the motion for leave to file a petition for an original writ of mandamus," filed September 27, 2005, is currently pending decision by the Court. You will be notified by mail the same day the Court announces a decision on your case.

               Very truly yours,

               *Juleann Hornyak*

               Clerk of the Supreme Court

JH/jak

Please Stamp
:' Filed and Return

**1147 8**

No.

IN THE
ILLINOIS SUPREME COURT

THEODORE LUCZAK
Petitioner,

~V~

DOROTHY
~DORTHY~ BROWN, CLERK OF THE
CIRCUIT COURT OF COOK COUNTY
Respondent,

MOTION BY PETITIONER FOR LEAVE
TO FILE A PETITION FOR AN
ORIGINAL WRIT OF MANDAMUS

Theodore Luczak Pro-Se;
Reg No:#B-00780
Pontiac Correctional Center
700 W. Lincoln St/P.O. Box 99
Pontiac, Illinois 61764

# FILED

**MAY 1 6 2005**

**SUPREME COURT CLERK**

COVER PAGE

No.

## IN THE
## ILLINOIS SUPREME COURT

THEODORE LUCZAK                    ]
         Petitioner,        ]
                              ]
                              ]
                              ]
        -v-                ] Case No. 95-CR-1411801
                              ]
                              ]
                              ] Honorable
DORTHY BROWN                 ] **MARJORIE C. LAWS**
         Respondent,       ] Judge Presiding

### MOTION BY PETITIONER FOR LEAVE
### TO FILE A PETITION FOR AN
### ORIGINAL WRIT OF MANDAMUS

      Now comes, Theodore Luczak, petitioner pro-se; in order to give notice to the court for Leave To File A Petition For An Original Writ Of Mandamus, pursuant to Supreme Court Rule 381, directed to the above named respondent.

      In support thereof, petitioner states as follows:

**(1)**     That this leave to file a Petition of Mandamus; is an original action before this Honorable Court.

**(2)**     That the petition presents for review, issues of law pretaining to his Motion To Allow DNA Testing in case number 95-CR-1411801, and his Motion For Trial Transcripts in case numbers 89-CR-06783; 06782, and 06784.

**(3)**     That the petitioner contends that the issues to be presen-

ted are concerning his Sixth(6th) and Fourteenth(14th) Amendments to the United States Constitution, where he is being denied a copy of a transcript to the proceeding in case numbers 89-CR-06782, 06783, and 06784, and a timely notification of any ruling on his motion to allow DNA testing.

(4)     That the petitioner contends in the petition, that the respondent Dorthy Brown, has and continues to deny this petitioner a copy of his transcripts of the above cause of actions, and refuses to provide this petitioner with a status on his motion to allow DNA testing.

(5)     That the petition seeks to comple respondent Dorthy Brown; to comply with 705 ILCS 105, so that this petitioner may file a timely notice of appeal, and to provide this petitioner with a copy of the transcripts of the above proceedings, so that he may file a motion to withdraw his guilty pleas.

(6)     That this petitioner shall incooporate by refereance, all grounds and allegations in his Writ of Mandamus.

          WHEREFORE, petitioner prays that this Honorable Court will grant him leave to file a Petition for an Original Writ of Mandamus.

                                   /s/ _____
                                   Petitioner Pro-Se;

-2-

No.

## IN THE
## ILLINOIS SUPREME COURT

THEODORE LUCZAK          )
       **Petitioner,**     )
                   )
                   )
                   )
      –v–           ) Case No. **95-CR-1411801**
                   )
                   )
                   ) Honorable
DORTHY BROWN        ) **MARJORIE C. LAWS**
       **Respondent,**     ) Judge Presiding

### ORDER

      This cause coming before this court on petitioner's Motion for Leave to file an Original Writ of Mandamus, all parties having been fully notified, and the court being advised in its premises.

      **IT IS HEREBY ORDERED,** that the petitioner is granted leave to file his Petition for an Original Writ of Mandamus.

                   _____
                         **JUSTICE**

                   _____
                         **JUSTICE**

                   _____
                         **JUSTICE**

THEODORE LUCZAK
Reg No.#B-00780
Pontiac Correctional Center
700W. Lincoln St/P.O. Box 99
Pontiac, Illinois 61764

–3–

STATE OF ILLINOIS )
)SS.
COUNTY OF LIVINGSTON )

### AFFIDAVIT OF THEODORE LUCZAK

I, Theodore Luczak, <u>pro</u>-<u>se</u>; being first duly sworn on oath, deposes and says, that I am the petitioner in this cause of action, and that I have read the foregoing documents by me subscribed and signed, and that I know the contents contained therein, and that upon information available to me, the same is true and correct.

Pursuant to 735 ILCS § 5/109. I declare under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken in bad faith nor frivolously or maliciously; and that I believe the foregoing matter is taken in good faith.

/s/ _Theodore Luczak_
Theodore Luczak/Pro-Se;
Reg No.#B-00780

-4-

```
STATE OF ILLINOIS           )
                            )SS.
COUNTY OF LIVINGSTON        )
```

## CERTIFICATE OF SERVICE

I, Theodore Luczak, pro-se; the undersigned states on oath, that he has served the Petition for Leave to File An Original Writ of Mandamus in the attached cause of action, on the Cook County States Attorney, by personaly depositing the same in the United States Mail; at the Pontiac Correctional Center. Pontiac, Illinois 61764, on April 30, 2005.


Service Made on: RICHARD A. DEVINE
                 COOK COUNTY STATES ATTORNEY
                 309 Daley Center
                 Chicago, Illinois 60602


Pursuant to 735 ILCS § 5/109. I declare under penalty of perjury, that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken in bad faith not frivolously or maliciously; and that I believe the foregoing matter is taken in good faith.

/s/ _Theodore Luczak_
Theodore Luczak Pro-Se;
Reg No.#B-00780

**EXHIBIT #4**

```
 1    STATE OF ILLINOIS   )
                          )  SS.
 2    COUNTY OF C O O K   )

 3              IN THE CIRCUIT COURT OF COOK COUNTY
 4              COUNTY DEPARTMENT-CRIMINAL DIVISION

 5    THE PEOPLE OF THE   )
      STATE OF ILLINOIS   )
 6                        )
      VS.                 )   Indictment No.  95 CR 14118
 7                        )
      THEODORE LUCZAK     )   Charge:  Aggravated Criminal
 8                            Sexual Assault, etc.

 9                            Before Judge Edward M. Fiala,
                              jr. and a jury
10
                              May 19, 1997
11

12         Change of Reporter

13

14         APPEARANCES:

15
                    HON. RICHARD DEVINE
16                  State's Attorney of Cook County
              by    Mr. Linas Kelecius and
17                  Mr. Ray Brogan
                    Assistant State's Attorneys
18                  appeared on behalf of the People;

19
                    Mr. Theodore Luczak
20                  appeared pro se

21

22

23    Janet O. Davis
      Official Court Reporter, CSR
24    2650 South California, 773-869-6065
```

```
1
2                            INDEX
3
4     Date of Hearing:    May 19, 1997
5
6     Page Numbers:       J-1 to J-15
7
8                         PROCEEDINGS
9
10    Jury Verdict:       ------------------------ 11
11    Poll of Jury:       ------------------------ 11
12
13
14
15
16
17
18
19
20
21
22
23
24
```

1      THE COURT:  These instructions will be delivered
2    to the jury.
3                    Now, as to what goes back to the jury
4    room, do you have any objection that the State -- what
5    is it that you want?
6      MR. BROGAN:  Would be A and B.  2 A and B, 3 A and
7    B, 4 A and B, 5 A and B, 6 A and B.
8      THE COURT:  Very well.
9      MR. BROGAN:  That's it.
10     THE COURT:  Any objection?
11                   Here are some more photographs here,
12    gentlemen.
13                   Any objection that those --
14    DEFENDANT LUCZAK:  No, sir.
15     THE COURT:  -- going back to the jury room.
16                   Now, Mr. Luczak, do you wish anything
17    sent to the jury room?
18    DEFENDANT LUCZAK:  I was asking you, if the
19    laboratory report and the telephone bill was going
20    back there?
21     THE COURT:  What I'm going to do, defer sending
22    those back.  If the jury should request any of that
23    information, I'll certainly reconsider.
24    DEFENDANT LUCZAK:  Sure.

1　　　　THE COURT:　Fine.

2　　　　　　　　Jury went out at 2:20, Miss reporter.

3　I'm going to ask -- I'm sorry, 2:35.

4　　　　　　　　And may I ask, Miss reporter, that you

5　be available in case, we should have a question or

6　answer.　And the State's will remain, as well.

7　　　　　　　　Mr. Luczak, kindly join the officer.

8　　　　　　　　(A recess was taken while the jury

9　　　　　　　deliberated, afterwhich the following

10　　　　　　　proceedings were had outside the presence and

11　　　　　　　hearing of the jury:)

12　　　　THE COURT:　Could we have the defendant, please?

13　　　　　　　　Record is going to reflect this cause is

14　resumed.　State is present, Mr. Luczak is present.

15　　　　　　　　I received the quote:　Can we get copies

16　and final notes from report and other written evidence

17　that became exhibits, question mark, unquote.　Signed

18　by the foreperson.

19　　　　　　　　Now, the only other written evidence is

20　the report's, police reports, and they can't go back.

21　　　　DEFENDANT LUCZAK:　Can the supplementary report go

22　back, as far as the victim had stipulated to Detective

23　Winistorfor and also statements that allegedly, I had

24　made, maybe they're trying to look at.

1      MR. BROGAN:  Judge, obviously, they should not go

2  back.

3      THE COURT:  Police reports are not admissible.

4  Even if this supplemental report goes to the jury

5  room, they may be used, as you used this and the State

6  used them, for impeachment purposes.

7           Now, so that's denied.

8           The only other written evidence that

9  became exhibits are the phone calls and the lab

10  analysis, that was testified to by the serologist, am

11  I correct in that?

12      MR. BROGAN:  I believe that is correct.

13      THE COURT:  Is that correct, Mr. Luczak?

14      DEFENDANT LUCZAK:  Yes, sir, that is correct.

15      MR. BROGAN:  We're asking, obviously that the lab

16  report doesn't go back as well.  There is -- just

17  evidence has been testified to already.

18           As far as the phone records go, we don't

19  believe they should go in there, as well.  All of the

20  calls that are relevant have been testified to by both

21  sides.  There is no dispute that calls were made.  And

22  to put in hundreds of telephone calls, Judge, is just

23  going to be abusing.  They have no idea what they

24  mean.

1    THE COURT:  Mr. Luczak?

2    DEFENDANT LUCZAK:  They really want to see the

3    calls, maybe they want to make sure that what I was

4    testifying is true.  Maybe they want to see that the

5    calls were actually made.

6    THE COURT:  May I see those telephone calls?

7    DEFENDANT LUCZAK:  And maybe they want to know if

8    that was the reason, I was out there for.  Maybe

9    they're searching.

10    THE COURT:  The serologist testified.  I want to

11    keep the lab out.  If they should specifically ask for

12    the lab --

13    DEFENDANT LUCZAK:  If they ask.

14    THE COURT:  These are the -- these are the phone

15    records.

16    Do you have any objection to the phone

17    records to go back?

18    MR. BROGAN:  Can I look at them and talk it over

19    with my partner, Judge?

20    THE COURT:  Do that.

21    DEFENDANT LUCZAK:  I would object that they would

22    send in the alleged statements then made by me, too.

23    THE COURT:  Stop there.

24    DEFENDANT LUCZAK:  Thank you.

1    THE COURT:  Not at all, the police reports.

2    DEFENDANT LUCZAK:  It is inadmissible.

3    THE COURT:  So, it is not going to go back there.

4    DEFENDANT LUCZAK:  Okay.

5    THE COURT:  But what may be marked as an exhibit

6    for the record and is accepted in evidence, what goes

7    to the jury room is another matter.

8    DEFENDANT LUCZAK:  Yes, sir.

9    THE COURT:  So they have to go on their notes that

10   they took.

11              We're off the record.

12              (Whereupon said discussion had off the

13              record, afterwhich the following proceedings

14              had on the record:)

15   MR. BROGAN:  Fine, Judge, we won't have any

16   objection.

17   THE COURT:  All right.

18   MR. BROGAN:  We won't have any objection, if they

19   want them.

20   THE COURT:  Phone records.

21              My response is, the records are

22   submitted, herewith.

23   DEFENDANT LUCZAK:  Nothing we can give them to

24   help them?

1          THE COURT:  With respect to your other requests,

2     please rely upon your collective recollections.

3          MR. BROGAN:  Judge --

4          THE COURT:  Yes?

5          MR. BROGAN:  -- the phone records going back, we

6     going to ask that -- that People's Exhibit No. 8, goes

7     back.  That's -- that's the phone number that John

8     Loncar.

9          THE COURT:  That's in evidence.

10         DEFENDANT LUCZAK:  That's on a supplementary

11    report and that is not allowed to go back.

12         THE COURT:  No, this is a blank piece of paper.

13              Let's see what you are referring to,

14    show it to Mr. Luczak.

15         MR. BROGAN:  Judge, I don't think the defense has

16    any objection to People's Exhibit No. 8, going back.

17    It is identifying two of these phone numbers.

18         THE COURT:  Any objection to it going back?

19         DEFENDANT LUCZAK:  No, sir.

20         THE COURT:  Very well.

21              Two telephone numbers and the report are

22    submitted, herewith.  Please rely -- with respect to

23    your other requests, please rely upon your collective

24    recollections.

1            Any objection to that being given?

2        DEFENDANT LUCZAK:  No, sir.

3        MR. BROGAN:  No.

4        THE COURT:  May we have the officer's report.

5   Police reports are not allowed in evidence.

6            May we have the officer's report.

7            Any objection that they rely upon their

8   collective recollections, as well?

9        MR. BROGAN:  No, objection.

10       DEFENDANT LUCZAK:  No objection.

11       THE COURT:  May I make a suggestion that we might

12  remain and may get another note in a few minutes as

13  well.

14       DEFENDANT LUCZAK:  Yes, sir.

15       THE COURT:  Without comment, please deliver this

16  to the jury.

17            (Whereupon said case is passed,

18            afterwhich the following proceedings were

19            had:)

20       THE COURT:  The Court received the verdict at

21  4:22.

22            May we have the benefit of Mr. Luczak,

23  please?

24            Cause is resumed.  Mr. Luczak is

1    present, all counsel being present.

2                      Mr. Luczak, as you know, the jury went

3    out at 2:35.  They announced they had a verdict at

4    4:22.

5                      Are you prepared to receive the verdict?

6        DEFENDANT LUCZAK:  Yes, sir.

7        THE COURT:  State, are you prepared to receive the

8    verdict?

9        MR. KELECIUS:  Yes.

10       THE COURT:  We're off the record.

11                     (Whereupon said discussion had off the

12              record, afterwhich the following proceedings

13              had on the record:)

14                     Back on the record.

15                     May we have the benefit of the ladies

16   and gentlemen of the jury?

17       THE SHERIFF:  Coming out.

18                     (Whereupon the following proceedings had

19              in the presence and hearing of the jurors:)

20       THE COURT:  Kindly be seated.

21                     The record is going to reflect, the

22   ladies and gentlemen of the jury are present in open

23   Court.  Defendant and all counsel being present.

24                     Madame foreperson, has the jury arrived

1    at a verdict?

2    FOREPERSON:  Yes, we have, your Honor.

3    THE COURT:  Would you kindly give the verdict

4    forms to the deputy sheriff, thank you.  Thank you.

5    Miss Clerk, kindly publish the verdict.

6    THE CLERK:  We, the jury, find the defendant,

7    Theodore Luczak, guilty of aggravated criminal sexual

8    assault of Sherry Sagan, with contact between penis

9    and mouth.

10    We, the jury, find the defendant,

11    Theodore Luczak, guilty of aggravated criminal sexual

12    assault of Sherry Sagan, by contact between penis and

13    anus.

14    THE COURT:  Thank you.

15    Would you like the jury polled?

16    DEFENDANT LUCZAK:  Yes, sir.

17    THE COURT:  Miss Clerk, please poll the ladies and

18    gentlemen of the jury.

19    THE CLERK:  Phillis Step, was this then and is

20    this now your verdicts?

21    THE COURT:  Was this then and is this now your

22    verdicts?

23    JUROR:  Yes, it is.

24    THE CLERK:  Robert T-A-S-I, is this then and

1    is -- was this then and is this now your verdicts?

2        JUROR:  Yes, sir.

3        THE CLERK:  Joanne P-O-R-C-Z-N-I-K, was this then

4    and is this now your verdicts?

5        JUROR:  Yes.

6        THE CLERK:  Pamela Lid, was this then and is this

7    now your verdicts?

8        JUROR:  Yes.

9        THE CLERK:  Dada Young, was this then and is this

10    now your verdicts?

11        JUROR:  Yes.

12        THE CLERK:  Stacey Traver, was this then and is

13    this now your verdicts?

14        JUROR:  Yes.

15        THE CLERK:  Deborah Cisco, was this then and is

16    this now your verdict?

17        JUROR:  Yes.

18        THE CLERK:  Wiser, was this then and is this now

19    your verdicts?

20        JUROR:  Yes.

21        THE CLERK:  Will Trainer, was this then and is

22    this now your verdicts?

23        JUROR:  Yes.

24        THE CLERK:  Mary K. Borton, was this then and is

1   this now your verdicts?

2       JUROR:  Yes.

3       THE CLERK:  Fred Thomas, was this then and is this

4   now your verdicts?

5       JUROR:  Yes.

6       THE CLERK:  Frank P-A-L-A-N-G-O, was this then and

7   is this now your verdicts?

8       JUROR:  Yes.

9       THE COURT:  Jury has been polled.

10              Judgment is entered upon the verdicts.

11              Ladies and gentlemen, I wish to thank

12  you for your service.  You may be discharged from any

13  further responsibility as jurors.

14              We genuinely thank you for your

15  dedication.

16              If you kindly join the officer, you'll

17  be released in a very short time.

18              (The jury was excused from further

19              consideration in the above entitled cause and

20              the following proceedings were had:)

21      THE COURT:  I'll order a presentence

22  investigation.

23              All evidence shall be impounded.

24              And I'm going to ask that bond be

1    revoked.

2            Set for 6/20, for post trial motions and

3    sentencing.

4        MR. BROGAN:  That's fine.

5        THE COURT:  May be by agreement to that date?

6        DEFENDANT LUCZAK:  Yes.

7        THE COURT:  Judgment is so entered.

8            Thank you, Mr. Luczak, kindly join the

9    officers.

10            (Whereupon said case is continued to

11        June 20, 1997.)

12

13

14

15

16

17

18

19

20

21

22

23

24

1    STATE OF ILLINOIS  )
                         )  SS.
2    COUNTY OF C O O K  )

3

4

5

6          I, Janet O. Davis, Official Court

7    Reporter of the Circuit Court of Cook County, County

8    Department-Criminal Division, do hereby certify that I

9    reported in shorthand the proceedings had on the trial

10   in the above entitled cause; that I thereafter caused

11   to be transcribed into computation the above Report of

12   Proceedings, which I hereby certify is a true and

13   correct transcript of the proceedings had upon the

14   trial of the defendant before the Honorable

15   , Judge of this Court.

16

17

18

19

20

21          _____
            Official Court Reporter of the
22          Circuit Court of Cook County,
            Criminal Division.

23

24

J-15

**ORIGINAL HABEAS CORPUS ORDER**

Exhibit
#E

# IN THE
## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

THEODORE LUCZAK,   )
          )
    Petitioner,  )  **No. 01 CV 09352**
          )
   v      )  **Judge Ronald A Guzman**
          )
JAMES M. SCHOMIG, Warden, )
Pontiac Correctional Center,  )
          )
    Respondent.  )

Before this court is Theodore Luczak's ("Luczak") petition for writ of habeas corpus under 28 U.S.C. §2254. For the following reasons, this court denies the petition.

## FACTUAL BACKGROUND

When considering a habeas corpus petition we presume that the factual determinations of the state court as true. 28 U.S.C. § 2254(e)(1). Thus, we adopt the facts as set forth by the Illinois Appellate Court. *People v. Luczak,* 306 Ill. App. 3d 319, 714 N.E.2d 995, 239 Ill. Dec. 698 (1st Dist. 1999).

Following a jury trial defendant was convicted on two counts of aggravated criminal sexual assault. Prior to trial, the State moved to introduce evidence of defendant's (hereinafter referred to as "defendant" or "Luczak") prior crime, arguing that evidence of the other crime established defendant's criminal intent at the time of the charged crime and Luczak's *modus operandi.* Over objection, the trial court granted the motion, and stated that the evidence of the other crime demonstrated defendant's *modus operandi* and criminal intent.

Prior to trial, Luczak motioned to quash his arrest and suppress his oral confession. The motion to quash his arrest was denied based upon the determination that the police officers had probable cause to arrest Luczak in the doorway of his residence. Luczak had also been identified in a line up by the victim and her sister. The motion to suppress the oral confession was also denied. The trial judge concluded that Luczak had failed to present "clear and convincing" evidence that he did not knowingly, intelligently and voluntarily waived his Miranda rights, and that the state did establish a *prima facie* case that the defendant knowingly, intelligently and voluntarily waive his Miranda rights.

During trial, Luczak motioned for permission to represent himself without the help of a licensed attorney. After the trial judge inquired to Luczak's ability to represent himself, pursuant to *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562(1975), the trial judge ruled that Luczak was able and fit to represent himself during the remainder of the trial.

Also during trial, Luczak asked the trial judge to enter an order allowing him more time in the Law Library located in the Cook County Jail. Given that Luczak was being held in custody at that time, thus the trial judge denied Luczak's request stating that this request was for the prison officials to decide, and not the court.

After the jury instructions were given, the jury foreperson requested a copy of the supplemental police report for review in the jury deliberation room. The trial judge denied such a request based upon the Illinois Rules of Criminal Procedure §803 governing hearsay. After deliberation, the jury announced that the state had proven beyond a reasonable doubt that Luczak was guilty of two counts of aggravated criminal sexual assault.

2

## PROCEDURAL HISTORY

On July 7, 1997 Luczak, represented by an appointed public defender of Cook County, filed his Direct Appeal in the First District of the State of Illinois. Luczak raised one issue on direct appeal; that the trial court erred in admitting the evidence of his prior conviction of aggravated criminal sexual assault. The First District Appellate Court affirmed Luczak's conviction for aggravated criminal sexual assault on June 14, 1999 in a published opinion. *People v. Luczak,* 306 Ill.App.3d 319, 714 N.E.2d 995(1st Dist. 1999). The appellate court held that there were significant similarities between the two crimes and the evidence was entered to prove a *modus operendi*, intent, identity, or motive, which was in accordance with Illinois's law regarding admissibility of other crimes.

On July 13, 1999, Luczak filed a *pro se* petition for leave to appeal to the Illinois State Supreme Court. Luczak raised four issues: (1) that the trial court and the appellate court erred in granting the State's motion to enter evidence of a prior conviction for an aggravated criminal sexual assault; (2) that the trial court erred when the jury was instructed to consider the evidence of Luczak's prior conviction for aggravated criminal sexual assault for the limited purpose of establishing Luczak's identity and intent; (3) that the trial court erred in admitting evidence of an alleged oral confession; and (4) that the trial court abused it's discretion for allowing a conversation between the judge and a juror outside the presence of Luczak. On October 6, 1999, the Illinois State Supreme Court denied Luczak's petition pursuant to Illinois State Supreme Court Rule 23. *People v. Luczak,* unpublished order dated October 6, 1999.

Luczak then filed a *pro se* petition for Writ of Certiorari to the United States

Supreme Court on November 23, 1999. Luczak raised one issue; that his sixth and fourteenth amendments were violated because the trial court erred by admitting evidence of a prior conviction for aggravated-sexual criminal assault. The United States Supreme Court denied his petition on February 22, 2000. *People v. Luczak*, 528 U.S. 1164, 120 S.Ct. 1182, 145 L.Ed.2d 1088(2000).

On March 27, 2000, Luczak filed a *pro se* post conviction petition. Luczak raised eight issues: (1) that his appellate counsel was ineffective because his counsel failed to review the total disclosure of the record and failed to raise all meritorious claims on direct appeal that appeared on record; (2) that his fifth and fourteenth amendments were violated because the trial court erred in admitting evidence of a prior conviction for aggravated criminal sexual assault; (3) that his fourth and fourteenth amendments were violated by the trial court's denial of his motion to quash arrest; (4) that his fifth and fourteenth amendments were violated by the trial court's denial of his motion to suppress his oral confession; (5) that his fifth and fourteenth amendments were violated when the trial Judge denied admitting a supplemental police report as substantive evidence; (6) that his sixth and fourteenth amendments were violated when the trial Judge abused his discretion in that the judge had a conversation with a juror outside the presence of Luczak; (7) that his sixth and fourteenth amendments were violated because the trial Judge denied Luczak adequate access to legal materials and a private investigator; (8) that his sixth and fourteenth amendments were violated because the trial Judge abused his discretion in denying Luczak's petition for a new trial when the State failed to prove Luczak's guilt beyond a reasonable doubt. Luczak's post conviction was denied on April 6, 2000.

4

On April 5, 2001, Luczak's appointed attorney for his post conviction appeal filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*. Luczak filed a response to the motion to withdraw on May 22, 2001. Luczak raised seven issues in his response: (1) that the trial court erred in summarily dismissing Luczak's post conviction petition without an evidentiary hearing; (2) that his appellate counsel was ineffective because the counselor failed to raise Miranda issues; (3) that the trial court erred in refusing to admit supplemental police reports as substantive evidence; (4) that the State failed to prove beyond a reasonable doubt that Luczak knowingly, intelligently, and voluntarily waived his Miranda warnings; (5) that the trial court erred in the denying his motion to quash arrest and in denying his motion to suppress statements; (6) that the trial court erred in holding Luczak, a *pro se* litigant, to the same standards as a licensed attorney; (7) the trial court erred in denying Luczak the right to effective access to the Cook County Jail Law Library while he was being held in custody. On June 25, 2001, in an unpublished order, the Appellate Court found no issues of arguable merits, granted the appointed attorney's motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, and affirmed the judgment of the circuit court.

Luczak filed his second *pro se* petition for leave to appeal to the Illinois State Supreme Court on August 6, 2001. Luczak raised eight issues: (1) that the trial court erred in summarily dismissing Luczak's post conviction petition without an evidentiary hearing; (2) that the Appellate court erred in dismissing Luczak's post conviction appeal based upon his appointed counsel's motion to withdraw pursuant to *Pennsylvania v. Finley*; (3) that his appellate counsel was ineffective because the counselor failed to raise all meritorious claims and failed to review the entire record before filing the appellate

5

brief; (4) that the trial court erred in refusing to admit a supplemental police report as substantive evidence; (5) that the trial court erred in denying Luczak's motion to suppress his oral confession; (6) that the trial court erred in denying Luczak's motion to quash arrest; (7) that the trial court erred in holding Luczak, a *pro se* litigant, to the same standards as a licensed attorney, denying him effective access to the law library at Cook County Jail, and failing to appoint Luczak standby counsel; (8) that the trial court erred in denying Luczak's motion for a new trial because the State failed to prove Luczak's guilt beyond a reasonable doubt.  The Illinois State Supreme Court denied Luczak's petition for leave to appeal in an unpublished order on October 3, 2001.  Luczak then filed this *pro se* writ of habeas corpus in the United States District Court for the Northern District of Illinois on January 14, 2002.

## DISCUSSION

Luczak raises nine claims: (1) He was denied a fair trial because his prior conviction of aggravated criminal sexual assault was wrongfully admitted into evidence during his trial; (2) he received ineffective assistance of appellate counsel because his counsel failed to review all meritorious claims and failed to review the entire record prior to filing his appellate brief; (3) he was denied due process because during the pre-trial motion to suppress statements, after the State established a *prima facie* case, the trial court erred in shifting the burden to the petitioner to prove that he did not waive his Miranda rights; (4) he was denied due process because at a pre-trial motion to quash arrest the State did not present enough evidence which would have established that the police officers had probable cause at the time of his arrest; (5) he was denied due process because the trial Judge did not allow a supplemental police report to be admitted to the

6

jury as substantive evidence; (6) he was denied due process because the statutes

governing *pro se* litigants were violated because he was never appointed standby counsel

nor did the Judge grant an order for petitioner to be allowed extended time in the Cook

County Jail Law Library; (7) he was denied due process because during the State's

opening arguments, the State included inaccurate information that was contrary to the

evidence presented at trial; (8)he was denied due process because the trial court

dismissed his post conviction petition without an evidentiary hearing; (9) he was denied

effective assistance of counsel for post conviction appeal when the Appellate court

granted his appointed counsel's motion to withdraw as counsel pursuant to *Pennsylvania*

*v. Finley.*

## A. STANDARD OF REVIEW

After the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), the

law of habeas corpus requires that the federal courts review state court holdings with

deference to state-court fact findings and is limited to ensuring that the state courts

comply with "clearly established federal law." The habeas corpus statute specifically

states:

> (d) An application for a writ of habeas corpus on behalf
> of a person in custody pursuant to the judgment of
> the a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in
> State court proceedings unless the adjudication of
> the claim-- (1) resulted in a decision that was
> contrary to, or involved an unreasonable application
> of, clearly established Federal law, as determined by
> the Supreme Court of the United States; or (2) resulted
> in a decision that was based on an unreasonable
> determination of the facts in light of the evidence
> presented in the State court proceeding.

28 U.S.C. §2254.

"The 'unreasonable application' clause of 28 U.S.C. §2254(d)(1) governs alleged errors in the state court's application of Supreme Court precedent to the facts of the case." *United States ex rel. Jones v. Chrans*, 187 F.Supp. 2d 993, 1000 (N.D.Ill. 2002). *See Boss v. Pierce*, 263 F.3d 734, 739 (7th Cir. 2001); *see also Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1520-21, 146 L.Ed.2d 389 (2000). Only when the application of constitutional law is unreasonably erroneous may this court grant habeas relief. *Williams v. Taylor* at 1520-21, 120 S.Ct. 1495(2000). *See Washington v. Smith*, 219 F.3d 620, 628 & n.5 (7th Cir. 2000) *See also United States ex rel. Jones v. Chrans*, 187 F.Supp.2d 993(N.D.Ill. 2002).

Under 28 U.S.C. §2254(d)(2), "state court factual findings that are reasonably based on the record are presumed correct, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence." *Todd v. Schomig*, 283 F.3d 842, 846(7th Cir. 2002) *See* 28 U.S.C. §2254(e)(1); *See also Cossel v. Miller*, 229 F.3d 649, 651 (7th Cir. 2000). This court will grant relief based upon the habeas petition only if the petitioner offers substantial evidence that the state court factual findings were incorrect. *Rodriguez v. Peters*, 63 F.3d 546, 554 (7th Cir. 1995).

## B. DOCTRINE OF EXHAUSTION

For this federal court to review the claims Luczak asserts in this habeas corpus petition, 28 U.S.C. §2254(b)(1)(A) requires that Luczak first exhaust all of his state court remedies. Exhaustion "'refers only to remedies still available at the time of the federal petition,' it requires federal courts to ask whether an applicant for federal relief could still get the relief he seeks in the state system." *O'Sullivan v. Boerckel*, 526 U.S. 838, 851, 119 S.Ct. 1728, 144 L.Ed.2d 1(1999) *Quoting to Engle v. Isaac*, 456 U.S. 107, 125-126,

n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783(1982). This requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640(1991); *rehearing denied* 501 U.S. 1277, 112 S.Ct. 2546, 115 L.Ed.2d 1109 (1991).

Luczak is no longer eligible for the relief he seeks from the Illinois state-court system because he has filed claims in the Illinois trial courts, Illinois appellate court, and the Illinois State Supreme court in a timely manner. Luczak has no other available state-court remedies. Therefore Luczak has exhausted his state-court remedies and this court may properly review his habeas corpus petition.

## C. PROCEDURAL DEFAULT

Even though Luczak has exhausted his state court remedies, Luczak is also required to raise his claims through "one complete round" of the appellate process or risk procedural default. *O'Sullivan v. Boerckel* at 845, 119 S.Ct. 1728(1999). In recognizing Illinois' established two-tiered discretionary appellate review process, the United States Supreme Court in *Boerckel,* held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" or the petitioner risks procedural default. *Id.*

Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992); *cert. denied* 508 U.S. 962, 113 S.Ct. 2935, 124 L.Ed.2d 685 (1993). Like the exhaustion

requirement, the rule of procedural default is also "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." *Coleman v. Thompson* at 731, 111 S.Ct. 2546(1991). Luczak has procedurally defaulted on habeas claims one, three, four, five, six, and seven because he has failed to raise those claims in "one complete round" of Illinois' established appellate review process.

Claim one of Luczak's habeas corpus petition alleges that the trial court erred in admitting evidence of a prior criminal sexual assault conviction. Luczak raised this issue in his direct appeal, his initial *pro se* petition for leave to appeal, and his *pro se* post conviction appeal. Luczak failed to raise this issue in his *pro se* appeal of his post conviction and in his final *pro se* petition for leave to appeal to the Illinois State Supreme Court. Under the law established in *Boerckel*, an Illinois petitioner is required to raise the issue to the highest State Supreme Court, even if the appellate review is discretionary. *O'Sullivan v. Boerckel* 119 S.Ct. 1728(1999)

Luczak had the opportunity to raise this issue in all of his petitions but without reason Luczak failed to raise this issue to the Illinois State Supreme Court. By failing to raise this issue in his *pro se* post conviction appeal and his *pro se* petition for leave to appeal, Luczak has failed to complete "one full round" of the Illinois' appellate review process. Thus, Luczak has procedurally defaulted on this issue and this court is barred from further reviewing the merits of this habeas claim. Id. at 848, 119 S.Ct. 1728(1999)(Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims.) See *Coleman v. Thompson* at 731-732, 11 S.Ct. 2546(1991); *Engle v. Isaac* at 125-126,

10

n.28, 102 S.Ct. 1558(1982).

Claim three in Luczak's habeas corpus petition alleges he was denied due process because during the pre-trial motion to suppress statements, after the State established a *prima facie* case, the trial court erred in shifting the burden to the petitioner to prove that he did not waive his Miranda rights. Claim four in Luczak's habeas corpus petition alleges that the trial court erred in denying his motion to quash arrest. In Luczak's fifth habeas claim, he alleges that the state court erred in denying his motion to admit a supplemental police report as substantive evidence. Luczak objected to all three of these habeas claims at trial, but Luczak failed to raise these issues on direct appeal.

Due to the objections made at trial, Luczak "preserved" the right to raise these issues in his direct appeal. *People v. Enoch*, 122 Ill.2d 176, 186, 119 Ill.Dec. 265, 522 N.E.2d 1124(Ill. 1988)(Alleged errors of the trial court must be objected to at trial and specified in a post-trial motion in order to preserve them for appeal.); *People v. Armstead,* 322 Ill.App.3d 1, 748 N.E.2d 691, 254 Ill.Dec. 973 (1st Dist. 2001). Luczak's failure to raise those issues on direct appeal barred him from raising those issues in post conviction proceedings, preventing the issue from being raised to the Illinois State Supreme Court. *Post Conviction Hearing Act*, 725 ILCS 5/122-1 et. seq. (West 1994) (In post conviction proceeding, any issues which could have been raised on direct appeal, but were not, are procedurally defaulted...). This "explicit finding of [Luczak's] state law procedural default prevents habeas review because it constitutes an 'independent and adequate state ground' for the result reached." *Zamora v. Pierson,* 158 F.Supp.2d 830, 837(N.D.Ill. 2001) *Citing to Rivera v. Lane*, 506 U.S. 920, 113 S.Ct. 335, 121 L.Ed.2d 253(1992). Luczak's failure to raise habeas claims three, four, and five in his direct

11

appeal has procedurally defaulted those claims from review by this court.

Luczak's sixth habeas claim alleges that the trial judge abused his discretion when he failed to appoint Luczak standby counsel during his trial. Luczak's seventh habeas claim alleges that the Assistant State's Attorneys included information in their opening statement that was inconsistent with evidence presented at trial. Luczak failed to object to these alleged errors at trial, which bars him from raising these issues in his direct appeal. *People v. Ross*, 329 Ill.App.3d 872, 769 N.E.2d 953, 264 Ill.Dec.116 (1st Dist. 2002) *See People v. Enoch*, 522 N.E.2d 1124(1988). Luczak failed to follow the state rule requiring that it must be raised at trial or on direct appeal, prior to raising the issue to the Illinois State Supreme Court. He has procedurally defaulted habeas claims six and seven from habeas review. *Engle v. Isaac*, 102 S.Ct. 1558(1982).

## D. FULL AND FAIR OPPORTUNITY FOR LITIGATION IN THE STATE COURTS

Luczak has not only failed to raise claims one, three, four, five, six, and seven in "one complete round" of the Illinois' appellate review process, but he has also failed to allow the state courts to fully and fairly litigate those issues. For a federal court to review a claim raised in a habeas corpus petition, the petitioner must also allow the state courts to have an opportunity to "fully and fairly" review the claim raised or the petitioner risks procedural default. *Momient-El v. DeTella*, 118 F.3d 535, 538, *cert denied*, 522 U.S. 984, 118 S.Ct. 448, 139 L.Ed.2d 384 (7th Cir. 1997). *See Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). When it is decided that the state courts have not had a full and fair opportunity to consider the constitutional claim, then the claim is considered to be procedurally defaulted, thus barred from review by the federal courts. *O'Sullivan v. Boerckel*, 119 S.Ct. 1728(1999). *See Rodriguez v.*

12

*Scillia,* 193 F.3d 913, 916 (7th Cir. 1999).

For Luczak to be considered to have fully and fairly litigated his claims in the state courts he "must have placed both the operative facts and the controlling legal principals before the state courts." *Chambers v. McCaughtry,* 264 F.3d 732, 738 (7th Cir. 2001). *See Ellsworth v. Levenhagen,* 248 F.3d 634, 639 (7th Cir. 2001); Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). The court in *O'Leary* set forth four applicable factors clarifying the fully and fairly litigated requirement. The court stated:

> If the petitioner's argument to the state court did not: (1) rely on pertinent federal cases employing constitutional analysis; (2) rely on state cases applying constitutional analysis to a similar factual situation; (3) assert the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege a pattern of facts that is well within the mainstream of constitutional litigation, then this court will not consider the state courts to have had a fair opportunity to consider the claim.

*Verdin v. O'Leary,* 972 F.2d 1467, 1473-1474(7th Cir. 1992). *See Bocian v. Godinez,* 101 F.3d 465, 469 (7th Cir. 1996); *Griffin v. McCaughtry,* 986 F.Supp. 570, 573(E.D.Wis. 1997). The court in McCaughtry further clarified that "[a] mere 'passing reference' to a constitutional issue certainly does not suffice [for federal review.]" *Chambers v. McCaughtry* at 738, 264 F.3d 732(2001) *Citing to Fortini v. Murphy,* 257 F.3d 39, 44 (1st Cir. 2001). In *Wilks,* the court noted that mere "variations in the same claim rather than a different legal theory will not preclude exhaustion." *Wilks v. Israel,* 627 F.2d 32, 38 (7th Cir. 1980). *See Chambers v. McCaughtry,* 264 F.3d 732(2001).

Luczak failed to give the State courts the first opportunity to fully and fairly litigate habeas claims one, three, four, five, six, and seven. Luczak failed to articulate those claims in a specific fact pattern within the "mainstream of constitutional litigation."

13

*Verdin v. O'Leary,* 972 F.2d 1467(1992). Luczak also failed to support those allegations by relying "on pertinent federal cases employing constitutional analysis" or by relying "on state cases applying constitutional analysis to a similar factual situation." *Verdin v. O'Leary* at1473-1474, 972 F.2d 1467(1992). *See Bocian v. Godinez* at 469, 101 F.3d 465(1996); *Griffin v. McCaughtry* at 573, 986 F.Supp. 570(1997). Therefore, Luczak has failed to give the Illinois State courts the first opportunity to "fully and fairly" litigate habeas claims one, three, four, five, six, and seven. Luczak's failure constitutes procedural default, which, under 28 U.S.C. §2254, bars this court from reviewing the merits of the allegations asserted in habeas claims one, three, four, five, six, and seven.

## E. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In claim two of his habeas corpus petition, Luczak alleges that he received ineffective assistance of appellate counsel on direct review, which violated his right guaranteed by the sixth amendment of the Constitution of the United States. Luczak alleges that his counsel failed to raise all meritorious claims in his direct appeal and failed to review the entire record before filing his appellate brief. "The Sixth Amendment right to counsel is the right to effective assistance of counsel, and the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington* at 669, 104 S.Ct. 2052(1984).

In reviewing counsel's performance, the courts used an objective standard of reasonableness, "with a highly deferential presumption in favor of the reasonable exercise of professional judgment." *U.S. v. Hodges*, 259 F.3d 655, 658 (7th Cir. 2001)

14

*See Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The purpose of this standard is "not to improve the quality of legal representation,

although that is a goal of considerable importance to the legal system. The goal [of this

standard] is simply to ensure that criminal defendants receive a fair trial." *Kubat v.*

*Thieret,* 867 F.2d 351, 359(7th Cir. 1989) Quoting *Strickland v. Washington* at 689, 104

S.Ct. 2052(1984); *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83

(1955). The Supreme Court in *Strickland* established that the standard requires the

"defendant [to] bear the burden of showing: (1) that counsel's performance was deficient;

and (2) that the deficient performance prejudiced the defense." *Kubat v. Thieret* at 867,

F.2d 351(1989) See *Strickland v. Washington*, 466 U.S. 668, 669, 104 S.Ct. 2052, 80

L.Ed.2d 674 (1984).

In alleging that his appellate counsel's performance was deficient, Luczak is

required to "identify the acts or omissions [committed by his] counsel that are

unreasonable." *U.S. v. Hodges* at 658, 259 F.3d 655(2001) *Citing to Strickland v.*

*Washington,* 104 S.Ct. 2052(1984). This court must then "determine whether, in light of

all the circumstances, the identified acts or omissions were outside the wide range of

professionally competent assistance." Id. Luczak has failed to specifically identify acts

or omission that are unreasonable.

Luczak has offered no substantial evidence in support of his allegations that his

counsel was ineffective. Luczak includes a letter written to him by his appellate counsel,

but the content of the letter does not prove that counsel did not fully review the entire

record before filing the brief nor does it prove that counsel failed to raise all meritorious

claims in the appellate brief.

15

The letter indicates that his counsel did file the appellate brief in a timely manner and that she returned the record so the State could withdraw it and use it for its response brief. Since the State had withdrawn the record, Luczak's counsel had to order a copy of the proceedings. This does not prove that his counsel failed to raise all meritorious claims nor does it prove that counsel failed to review the entire record prior to the filing of the direct appellate brief. Luczak has failed to identify any specific acts supported by substantial evidence that his appellate counsel was ineffective and this court is therefore barred from granting Luczak's habeas corpus petition on this issue.

In identifying the specific acts or omissions that constitute ineffective assistance of counsel, Luczak must also demonstrate that these acts prejudiced the outcome of the trial court. *Strickland v. Washington* at 687, 104 S.Ct. 2052(1984). "Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518(2000) *See Murray v. Carrier,* 477 U.S. 478, 490-492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). "To succeed on a Sixth Amendment of ineffective assistance of counsel, defendant must show that there is a *reasonable probability,* which is a probability sufficient to undermine confidence in the outcome, that but for counsel's unprofessional errors, result of the proceeding would have been different." U.S.C.A. Amend. 6. *See Strickland v. Washington,* 104 S.Ct. 2052(1984).

The aggravating circumstances proved at Luczak's trial (i.e. the identification made by the victim, the testimony of a prior victim that established intent, the oral confession, etc...) were so overwhelming that even if Luczak's appellate counsel did fail to review the entire record before filing the brief, it would not have prejudiced the

outcome of the trial.  The Appellate court would not have overturned Luczak's

conviction for criminal sexual assault.  Luczak has clearly failed to identify any specific

acts or omissions committed by his appellate counsel that would have prejudiced the

outcome of his trial.

## F. EXCEPTIONS TO PROCEDURAL DEFAULT

Even though Luczak has procedurally defaulted on claims one, three, four, five,

six, and seven, if he can show cause for the default and actual prejudice, or demonstrate

that a failure to consider the claim will result in a fundamental miscarriage of justice,

then habeas review may still be available. *Resnover v. Pearson* at1468, 965 F.2d

1453(1992). *See Coleman v. Thompson* at 750, 11 S.Ct. 2546(1991); *Anderson v. Cowen*

227 F.3d 899-900(7th Cir. 2000).

Luczak is required to establish a causal claim "as an independent [constitutional]

claim before it may be used to establish cause for a procedural default." *Murray v.

Carrier* at 489, 106 S.Ct. 2639(1986) *See Momient-El v. DeTella*, 118 F.3d 535, 538

(1997). To demonstrate prejudice, the petitioner must show "not merely that the errors of

his trial created a possibility of prejudice, but that they worked to his actual and

substantial disadvantage, infecting his entire trial with error of constitutional

dimensions." *Lemons v. O'Sullivan* 54, F.3d 357, 362, *cert. denied*, 516 U.S. 993, 116

S.Ct. 528, 133 L.Ed.2d 434 (7th Cir. 1995) *Citing to: United States v. Frady*, 456 U.S.

152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816(1982).

Luczak failed to demonstrate that any independent constitutional violation

occurred which caused him to default on his claim of due process violations.  Luczak

makes a speculative allegation that due to the errors of his appellate counsel, his claims

17

alleging due process violations should not be defaulted. This court has determined that Luczak's claim of ineffective assistance of appellate counsel cannot act as the "cause" for the defaults.

This court applied Luczak's alleged violation of his sixth amendment right to effective assistance of counsel to the standard established in *Strickland v. Washington*. After the application of the *Strickland* standard, this court concluded that Luczak's appellate counsel was not ineffective. There was no substantial evidence presented that supported the allegation that counsel did not review the entire record before filing the brief, nor would any of the alleged errors prejudice the outcome of the trial court. Thus, Luczak's claim of ineffective assistance of counsel is not an independent constitutional violation. Luczak failed at his attempt to have the ineffective assistance of appellate counsel claim act as the "causal claim" that would have allowed defaulted claims to be reviewed in this court.

Luczak also failed to demonstrate that without review of the alleged due process violations a fundamental miscarriage of justice would result. The fundamental miscarriage of justice exception applies "[i]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant a writ even in the absence of a showing of cause and [prejudice] for procedural default." *Murray v. Carrier* at 496, 106 S.Ct. 2639(1986). See *Lemons v. O'Sullivan* at 361, 54 F.3d 357(1995). Luczak's petition never proclaims that he is actually innocent of the crime, Luczak only alleges trial errors, which denied him the right to due process. Therefore, the fundamental miscarriage of justice exception does not apply to this habeas corpus petition.

## G. FOR PURPOSES OF HABEAS REVIEW A POST CONVICTION EVIDENTIARY HEARING IS NON-COGNIZABLE

In claim eight of Luczak's habeas corpus petition he alleges that he was denied due process because he was denied an evidentiary hearing on the issues he raised in his post conviction petition. A state court is not required nor obliged to either provide a post conviction hearing or provide counsel under the United States Constitution. *Pennsylvania v. Finley*, 481 U.S. 551, 556, 107 S.Ct. 1990, 95 L.Ed.2d 539(1987) *See U.S. v. MacCollom*, 426 U.S. 317, 323, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976).

Under the Illinois Post Conviction Hearing Act, prior to a hearing, a court may summarily dismiss the petition if the trial court determines that the petition is "frivolous or ... patently without merit." 725 Ill.Comp.Stat. 5/122-2 (2000). The United States Supreme Court, on several occasions has recognized that this "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail...[is] the hallmark of effective appellate advocacy." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) *See Smith v. Murray*, 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). The court in *Boerckel* also held that "discretionary review rules not only provide an effective tool for apportioning limited resources, but also foster more useful and effective advocacy." *O'Sullivan v. Boerckel* at 858, 119 S.Ct. 1728(1999).

The Illinois Appellate court was not constitutionally required to provide an evidentiary hearing for the claims Luczak raised in his post conviction petition. Luczak's habeas corpus claim does not raise a constitutional question because it alleges that Illinois' post conviction proceedings are inherently unconstitutional. Following the holding in *Pierson*, Luczak's claim of "error or defects in the state post-conviction

19

proceedings do not raise constitutional questions cognizable in habeas corpus proceedings." *Zamora v. Pierson* at 837, 158 F.Supp.2d 830(2001). Luczak's claim that he was denied due process because the Appellate court erred in denying him a post conviction evidentiary hearing for the issues raised in his post conviction petition is barred from review in this court.

## H. FOR PURPOSES OF HABEAS REVIEW A FINLEY MOTION IS NON-COGNIZABLE

In claim nine of Luczak's habeas corpus petition he alleges that he was denied due process when the appellate court granted his appointed post conviction appellate counsel's petition to withdraw pursuant to *Pennsylvania v. Finley*. The Supreme Court in *Finley*, held that a state court is not constitutionally required to provide counsel during the discretionary appellate review process. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539(1987).

In *Wainwright v. Torna*, the court held that a criminal defendant does not have a federal constitutional right to counsel to pursue discretionary state appeals. *Wainwright v. Torna*, 455 U.S. 586, 587, 102 S.Ct. 1300, 71 L.Ed.2d 475(1982); *Anderson v. Cowen*, 227 F.3d 893, 899-900(7th Cir. 2000). As a criminal defendant in the Illinois criminal justice system, Luczak does not have a constitutional right to post conviction appellate counsel because the review of a post conviction appeal is discretionary. 725 Ill.Comp.Stat. 5/122-2(2000). Therefore, Luczak cannot claim that a constitutional violation occurred when the Appellate court granted his appointed counsel's motion to withdraw pursuant to *Pennsylvania v. Finley*. Under 28 U.S.C. §2254, Luczak's habeas claims are limited to where "[a specific] error results in a denial of a specific constitutional right." *United States ex. rel McDaniel v. Cooper*, unpublished order,

20

N.D.Ill. Sept. 23, 1998, No. 97 C 3221. Luczak was not denied a specific constitutional right because there is no constitutional right of appointed counsel for post conviction appellate proceedings. Therefore, a specific error did not result in the denial of a specific constitutional violation. Thus, this claim is non-cognizable and this court is barred from reviewing Luczak's habeas claim nine.

Luczak further alleges that the error occurs in the application of the established federal law, which does not give an Illinois State prisoner a constitutional right to counsel in discretionary review proceedings. If the alleged error occurs in a state collateral proceeding, federal habeas corpus cannot serve as a remedy because the error is unrelated to the defendant's original reason for confinement. *Jackson v. Duckworth*, 112 F.3d 878, 879(7th Cir. 1997). Luczak's habeas claims of errors in discretionary proceedings do not specifically violate due process nor do these claims have any bearing on his conviction for aggravated criminal sexual assault. Luczak's claims are non-cognizable and are therefore barred from review by this court.

## CONCLUSION

Petitioner Luczak has procedurally defaulted on habeas claims one, three, four, five and six. Luczak has failed to raise these claims in "one complete round" of Illinois' state court system prior to raising the claims in his habeas petition. Luczak failed to show cause for these procedure defaults and prejudice thereafter. Therefore, Luczak has failed to give the state courts a "full and fair opportunity" to litigate the constitutional issues raised in his habeas corpus petition.

Claim two of Luczak's habeas petition alleges that his appellate counsel was ineffective. With regard to the alleged attorney errors, Luczak failed to show prejudice

21

as a result of those errors. Therefore, the claim of ineffective assistance of appellate counsel failed to meet the standard established in *Strickland v. Washington*, 104 S.Ct. 2052(1984).

Claims eight and nine are non-cognizable for habeas review because the allegations are not "contrary to clearly established federal law." 28 U.S.C.A. §2254. For purposes under 28 U.S.C. §2254, Petitioner Luczak's habeas corpus petition is denied. This case is hereby terminated and all other pending motions stricken as moot (##16-1, 20-1, 21-1 and 22-1). Luczak's Response to Respondent's answer was comprehensive and well written. Obviously, he has had the support of counsel at the jail house. *Farmer v. Haas*, 990 F. 2d 319, 322 (7th Cir. 1993). This is a final and appealable order.

SO ORDERED:

ENTERED: 3/24/03

RONALD A. GUZMAN
United States Judge

**EXHIBIT #5**

EXHIBIT #①

# United States District Court, Northern District of Illinois

| of Assigned Judge or Magistrate Judge | PAUL E. PLUNKETT | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2000 C 6277 | **DATE** | 12-6-00 |
| **CASE TITLE** | Theodore Luczak IDOC# B00780) v. Wintersteen, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's first motion for leave to file in forma pauperis [3-1] is denied, his second motion for leave to file in forma pauperis [6-1] is granted, and his motion to compel [5-1] is denied as moot. This action is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. The court orders the trust fund officer at plaintiff's current place of incarceration to deduct $9.58 from plaintiff's account for payment to the clerk of court as an initial partial filing fee and make further deductions and payments as set forth herein. The clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

RECEIVED DEC 12 2000

# ORDER

Plaintiff Theodore Luczak, a prisoner incarcerated at Stateville Correctional Center, filed this *pro se* civil rights action and seeks leave to proceed in forma pauperis. Leave to file in forma pauperis. Pursuant to 28 U.S.C. § 1915(b)(1), Luczak is assessed an initial partial filing fee of $9.58. The trust fund officer at Luczak's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Luczak's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where Luczak is confined is directed to collect monthly payments from Luczak's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Luczak's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $150 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Fiscal Dept., and shall clearly identify Luczak's name and the case number assigned to this action. The clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center.

Under 28 U.S.C. § 1915A, part of the Prison Litigation Reform Act of 1996 (PLRA), the court is required to review complaints filed by prisoners against officers or employees of governmental entities and dismiss any portion of the complaint it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Luczak sues three employees of the Illinois Department of Corrections for allegedly interfering with his right of access to the courts. Luczak alleges in his amended complaint that on June 14, 1999, the Illinois Appellate Court affirmed his conviction. Luczak had only fifteen days to file a motion for reconsideration. Between June 15 and June 20, 1999, Luczak submitted several requests to defendant Gery [sic] Wintersteen, the law library supervisor, asking to use the law library to prepare his motion. Wintersteen did not put him on the list to visit the law library. On June 23, Luczak asked defendant Griffin, the cellhouse sergeant for help, asking that she call the law library or take his papers there to be notarized and copied, or have a paralegal sent to the cellhouse, but whether intentionally or negligently, Griffin did nothing. Luczak then made the same request of defendant Hughes, the cellhouse captain, who also did not help Luczak. Luczak missed the deadline for filing his motion for reconsideration.

The right of access to the courts is a purely instrumental right; a person cannot sue for interference with that right unless it caused him some other injury, normally the loss of a legal claim the plaintiff was unable to present to a court. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The claim he was unable to pursue must have had at least arguable merit. *Id.* 353 n.3. The claim need not be a winner, since merely arguable civil claims can have some settlement value. *Id.*; *Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998).

But interference with a challenge to a criminal conviction, such as Luczak alleges, is a different matter. There can be no "settlement" of a criminal appeal or post-conviction challenge; the state will not "buy" a questionable claim of error by reducing a prisoner's sentence. Either Luczak's motion for reconsideration would have overturned his conviction or sentence, or it was worthless. If it was worthless, defendants' alleged interference caused him no injury. To be able to show any injury, Luczak would have to show that his conviction would have been overturned, and this collides with the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), that a damages remedy that necessarily implies the invalidity of a criminal conviction is impermissible as long as that conviction stands.

Because Luczak can show no injury without showing the invalidity of his conviction, he cannot sue for damages for interference with his access to the court. *Hoard v. Reddy*, 175 F.3d 531 (7th Cir. 1999), *cert. denied*, __ U.S. __, 120 S.Ct. 411, 145 L.Ed.2d 320 (1999). As the deadline has long passed, Luczak has no claim for injunctive relief, and a declaratory judgment would be inappropriate in the absence of an existing, present controversy regarding access to the law library. The suit must accordingly be dismissed. This dismissal counts as one of Luczak's three allotted dismissals under 28 U.S.C. § 1915(g).

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

U.S. ex rel. Theodore Luczak

**Petitioner,**


**.vs.**


Terry McCann. Warden,

**Respondent,**


## PROOF OF SERVICE


I, Theodore Luczak, petitioner pro-se; state that I have served a copy of the attached **Responce**, upon the attorney for the respondent as disclosed by the pleadings of the record herein, by depositing the same of such; in an envelope and placed it in the bars designed for U.S. mail at the Stateville Correctional Center. Joliet, Illinois 60434, together with a request to the prison officials to affix thereto the appropreate postage.

**SERVICE MADE ON:** Garson Fisher, Bar. #628615
                     Assistant Attorney General
                     100 West. Randolph Street, 12th Floor
                     Chicago, Illinois 60601


I, Theodore Luczak, **pro-se;** the undersigned certify's and states that:

-A-